1  ROSS B. JONES, SBN 120593
2  Merrill, Arnone & Jones, LLP
   3554 Round Barn Boulevard, Suite 303
   Santa Rosa, California 95403
3  Telephone: (707) 528-2882
   Facsimile:  (707) 528-6015
4

5  Attorneys for Defendants
   HEDMARK VIII, LLC and
6  WESTLAND FINANCIAL III, LLC

7

8

9

10

11

12 | | |

## UNTIED STATE DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOUGLAS KEANE. | CASE NO. |
| Plaintiff. | |
| vs. | NOTICE OF REMOVAL OF ACTION; |
| ATLAS HOSPITALITY GROUP, HEDMARK VIII, LLC and WESTLAND FINANCIAL III, LLC and JUSTIN B. MEYERS. | UNDER 28 U.S.C. § 1441(b) (FEDERAL QUESTION) |
| Defendants. | |

TO THE CLERK OF THE ABOVED-ENTITLED COURT:

PLEASE TAKE NOTICE that defendants HEDMARK VIII, LLC and WESTLAND FINANCIAL III, LLC hereby removes to this Court the state court action described below.

1.      On October 22, 2007 an action was commenced in the Superior Court of the State of California in and for the City of Santa Rosa, County of Sonoma, entitled DOUGLAS KEANE, Plaintiff v. ATLAS HOSPITALITY GROUP, HEDMARK VIII, LLC, WESTLAND FINANCIAL GROUP III, LLC and JUSTIN B. MEYERS Defendants, as case number SCV-241706 hereto as Exhibit "A."

1    2.    The first date upon which defendants received a copy of the said Complaint
2    was November 1, 2007, when defendants were served with a copy of the said Complaint
3    and a Summons from the said state court.  A copy of the Summons is attached hereto as
4    Exhibit "B."

5    3.    This action is a civil action of which this Court has original jurisdiction
6    under 28 U.S.C. §1331, and is one which may be removed to this Court by defendants
7    pursuant to the provision of 28 U.S.C. §1441(b) in that it arises under the Copyright Act
8    (17 U.S.C. §101 et. seq.) which grants exclusive jurisdiction to federal district courts over
9    civil actions arising under the Copyright Act. 17 U.S.C. §301. Plaintiff's claims under
10   Calif. Civil Code §3344 and common law right-to-privacy claims arise from the alleged
11   publication of purportedly copyrighted materials (attached as Exhibit 1 to the Complaint),
12   which copyrights are owned either by the listed publications or by Cyrus Restaurant.

13   4.    All other defendants who have been served with Summons and Complaint
14   have joined in this Notice of Removal, as evidenced by the Joinders of defendants
15   ATLAS HOSPITALITY GROUP, INC, and JUSTIN B. MEYERS, filed concurrently
16   herewith.

17   DATED: 11/30/07

18

19

20                              MERRILL, ARNONE & JONES, LLP

21

22

23                              ROSS B. JONES,
24                              Attorney for Defendants

25

26

27

28

11/01/2007 11:30 FAX 4153985080          BRIAN                    ☒002/026

10/19/2007 14:20 FAX 4153985080          BRIAN

                                                                 ☒002/026

1
2   Christopher J. Keane (SB# 194848)
    530 Jackson Street, Second Floor
3   San Francisco, CA 94133
    Telephone: (415) 398-2777
4   Fax: (415) 520-2282
    E-mail: ckeane@keanelaw.com
5   Attorney for Plaintiff
6
    Brian L. Larsen (SB# 158252)
7   530 Jackson Street, Second Floor
    San Francisco, CA 94133
8   Telephone: (415) 398-5000
    Fax: (415) 398-5080
9   E-mail: blarsen5000@yahoo.com
10  Attorney for Plaintiff
11
12
13              IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA
14                    IN AND FOR THE COUNTY OF SONOMA
15                        (UNLIMITED JURISDICTION)
16
17  DOUGLAS KEANE,
                                        )   Case No.:  SCV 241706
18          Plaintiff,                   )
19                                       )   VERIFIED COMPLAINT FOR
                                         )   DAMAGES AND DEMAND FOR
20      v.                               )   JURY TRIAL
                                         )
21  ATLAS HOSPITALITY GROUP,             )
    HEDMARK VIII, L.L.C.,                )
22  WESTLAND FINANCIAL III, L.L.C.,      )   Violations of California Civil Code § 3344
23  JUSTIN B. MYERS and                  )
    DOES 1 to 100,                       )   Appropriation of Right of Publicity
24                                       )   for Commercial Purposes
25          Defendant(s).                )
26  _____
27
28          COMPLAINT & JURY DEMAND
                                                        BY FAX

Complaint and Jury Demand                    1

11216923 bf - 10/19/2007 3 24 07 PM
11619518.tif - 11/1/2007 12:34:50 PM

EXHIBIT A

11/01/2007 11:30 FAX  4153985080    BRIAN    ☑003/026

NOW COMES Plaintiff, DOUGLAS KEANE, by and through his lawyers, and complains against Defendants, ATLAS HOSPITALITY GROUP, HEDMARK VIII, L.L.C., WESTLAND FINANCIAL III, L.L.C., JUSTIN B. MYERS and DOES 1-100, inclusive, as follows:

## FIRST CAUSE OF ACTION
### (VIOLATION OF CALIFORNIA CIVIL CODE § 3344)

1. Defendant, Atlas Hospitality Group, is and was at all times pertinent to this action a California corporation, with its principal place of business located at 2500 Michelson, Suite 110, Irvine, California 92612.

2. Defendant, Hedmark VIII, L.L.C., is and was at all times pertinent to this action a Nevada limited liability company, with its principal place of business located in Sonoma County at the Les Mars Hotel which it owned and/or operated at 27 North Street, Healdsburg, California.

3. Defendant, Westland Financial III, L.L.C., is and was at all times pertinent to this action a Nevada limited liability company, with its principal place of business located in Sonoma County at the Les Mars Hotel which it owned and/or operated at 27 North Street, Healdsburg, California.

4. Defendant, Justin B. Myers, is and was at all times pertinent to this action a California resident, who at all times pertinent to this action worked within the course and scope of his employment for Defendant, Atlas Hospitality Group.

11619518.tif - 11/1/2007 12:34:50 PM

5.  The true names and capacities of the Defendants, DOES 1 through 100, inclusive, whether individual, corporate, associate or otherwise, are unknown to Plaintiff, Douglas Keane, at the time of filing this Complaint and he, therefore, sues said Defendants by such fictitious names and will ask leave of court to amend this Complaint to show their true names or capacities when the same have been ascertained. Plaintiff, Douglas Keane, is informed and believes, and thereon alleges, that each of the DOE Defendants is, in some manner, responsible for the events and happenings herein set forth and proximately caused injury and damages to him, as herein alleged.

6.  Plaintiff, Douglas Keane, is and was at all times pertinent to this action a resident of Healdsburg, California.

7.  On May 15, 2007, and perhaps on other dates unknown to Plaintiff at this time, Defendants, Atlas Hospitality Group, Hedmark VIII, L.L.C. and Westland Financial III, L.L.C., Justin B. Myers and Does 1-100, authorized, created, published and/or distributed within California, and perhaps other places unknown to Plaintiff at this time, a thirty-two (32) page advertisement and/or solicitation to purchase the Les Mars Hotel for $13,500,000.00, entitled "Confidential Offering Memorandum for the Les Mars Hotel" (hereinafter referred to in this Complaint as "Advertisement to Purchase and/or Solicitation to Purchase the Les Mars Hotel for $13,500,000.00")

8.  On page seventeen (17), line four (4), the Defendants, Atlas Hospitality Group, Hedmark VIII, L.L.C. and Westland Financial III, L.L.C., Justin B. Myers and Does 1-100, knowingly used the name of Plaintiff, Douglas Keane, in the "Advertisement to Purchase and/or Solicitation to purchase the Les Mars Hotel for $13,500,000.00" as follows: "Chef Douglas Keane (Rising Star Chef SF Chronicle 2002 and Maitre d' Nick Peyton (the godfather of white tablecloth dining" SF Chronicle 5/2/2003) offer their contemporary luxury cuisine in a completely flexible prix fixe format of three to five dishes." (See attached Exhibit 1, which

1    is pp. 1, 3, 4, 17 and 18 of the Advertisement to Purchase and/or Solicitation to purchase the

2    Les Mars Hotel for $13,500,000.00)

3

4    9. Plaintiff, Douglas Keane, never consented to the use of his name on page seventeen (17),

5    line four (4) of the "Advertisement to Purchase and/or Solicitation to purchase the Les Mars

6    Hotel for $13,500,000.00", by anyone, including by the Defendants, Atlas Hospitality

7    Group, Hedmark VIII, L.L.C. and Westland Financial III, L.L.C., Justin B. Myers and Does

8    1-100.

9

10   10. The knowing use of Douglas Keane's name on page seventeen (17), line four (4), of the

11   "Advertisement to Purchase and/or Solicitation to purchase the Les Mars Hotel for

12   $13,500,000.00", by the Defendants, Atlas Hospitality Group, Hedmark VIII, L.L.C. and

13   Westland Financial III, L.L.C., Justin B. Myers and Does 1-100, violates California Civil

14   Code § 3344.

15

16   11. The knowing use of Douglas Keane's name on page seventeen (17), line four (4), of the

17·  "Advertisement to Purchase and/or Solicitation to purchase the Les Mars Hotel for

18   $13,500,000.00", by the Defendants, Atlas Hospitality Group, Hedmark VIII, L.L.C. and

19   Westland Financial III, L.L.C., Justin B. Myers and Does 1-100, proximately and directly

20   caused Plaintiff, Douglas Keane, to sustain general and special damages in an amount

21   within the unlimited jurisdiction of the superior court as a result thereof, including but not

22   limited to injury to reputation, humiliation, inconvenience, mental suffering, emotional

23   distress, loss of income, attorney fees and other costs.

24

25   12. Defendants, Atlas Hospitality Group, Hedmark VIII, L.L.C. and Westland Financial III,

26   L.L.C., Justin B. Myers and Does 1-100, acted with malice, oppression and/or fraud with

27   respect to their knowing use of Douglas Keane's name without his consent and without

28   compensating him for the use of his name on page seventeen (17), line four (4), of the

4

1     "Advertisement to Purchase and/or Solicitation to purchase the Les Mars Hotel for

2     $13,500,000.00".

3

4   13. There was no public interest in any of the Defendants using Douglas Keane's name and/or

5     photograph in the aforementioned advertisement; rather, it was solely for the Defendants'

6     own financial gain.

7

8   14. Pursuant to California Civil Code § 3344(a), Plaintiff, requests that exemplary and/or

9     punitive damages be assessed against Defendants, Atlas Hospitality Group, Hedmark VIII,

10     L.L.C. and Westland Financial III, L.L.C., Justin B. Myers and Does 1-100.

11

12   15. Pursuant to California Civil Code § 3294, Plaintiff, requests that exemplary and/or punitive

13     damages be assessed against Defendants, Atlas Hospitality Group, Hedmark VIII, L.L.C.,

14     Justin B. Myers and Westland Financial III, L.L.C. and Does 1-100.

15

16   16. Pursuant to California Civil Code § 3344(a), Plaintiff further requests that the Defendants,

17     Atlas Hospitality Group, Hedmark VIII, L.L.C. and Westland Financial III, L.L.C., Justin B.

18     Myers and Does 1-100, be found liable to him for the greater of $750.00 or the actual

19     damages suffered by him as a result of the aforementioned unauthorized use of his name on

20     page seventeen (17), line four (4), of the "Advertisement to Purchase and/or Solicitation to

21     purchase the Les Mars Hotel for $13,500,000.00".

22

23   17. Pursuant to California Civil Code § 3344(a), Plaintiff further requests that the Defendants,

24     Atlas Hospitality Group, Hedmark VIII, L.L.C. and Westland Financial III, L.L.C., Justin B.

25     Myers and Does 1-100, be found liable to him for any profits from the unauthorized use of

26     his name on page seventeen (17), line four (4), of the "Advertisement to Purchase and/or

27     Solicitation to purchase the Les Mars Hotel for $13,500,000.00" and which are attributable

28     to the use.

Complaint and Jury Demand

1

2    18. Pursuant to California Civil Code § 3344(a), Plaintiff further requests that the Defendants,

3    Atlas Hospitality Group, Hedmark VIII, L.L.C. and Westland Financial III, L.L.C., Justin B.

4    Myers and Does 1-100, be found liable to him for attorney fees and costs.

5

6    19. Plaintiff, Douglas Keane, requests relief as set forth hereafter.

7

8                          **SECOND CAUSE OF ACTION**

9                **(VIOLATION OF CALIFORNIA CIVIL CODE § 3344)**

10   20. Plaintiff incorporates by reference paragraphs (1) through (19) as though set forth herein in

11   full.

12

13

14   21. Defendant,  Atlas Hospitality Group, is and was at all times pertinent to this action a

15   California corporation, with its principal place of business located at 2500 Michelson, Suite

16   110, Irvine, California 92612.

17

18   22. Defendant, Hedmark VIII, L.L.C., is and was at all times pertinent to this action a Nevada ·

19   limited liability company, with its principal place of business located in Sonoma County at

20   the Les Mars Hotel which it owned and/or operated at 27 North Street, Healdsburg,

21   California.

22

23   23. Defendant, Westland Financial III, L.L.C. is and was at all times pertinent to this action a

24   Nevada limited liability company, with its principal place of business located in Sonoma

25   County at the Les Mars Hotel which it owned and/or operated at 27 North Street,

26   Healdsburg, California.

27

28

6

Complaint and Jury Demand

11619518.fff - 11/1/2007 12:34:50 PM

1    24. Defendant, Justin B. Myers, is and was at all times pertinent to this action a California resident,

2        who at all times pertinent to this action worked within the course and scope of his employment for

3        Defendant, Atlas Hospitality Group.

4

5

6    25. The true names and capacities of the Defendants, DOES 1 through 100, inclusive, whether

7        individual, corporate, associate or otherwise, are unknown to Plaintiff, Douglas Keane, at the time

8        of filing this Complaint and he, therefore, sues said Defendants by such fictitious names and will

9        ask leave of court to amend this Complaint to show their true names or capacities when the same

10       have been ascertained. Plaintiff, Douglas Keane, is informed and believes, and thereon alleges, that

11       each of the DOE Defendants is, in some manner, responsible for the events and happenings herein

12       set forth and proximately caused injury and damages to him, as herein alleged.

13

14

15   26. Plaintiff, Douglas Keane, is and was at all times pertinent to this action a resident of

16       Healdsburg, California.

17

18

19   27. On May 15, 2007, and perhaps on other dates unknown to Plaintiff at this time, Defendants,

20       Atlas Hospitality Group, Hedmark VIII, L.L.C. and Westland Financial III, L.L.C., Justin B.

21       Myers and Does 1-100, authorized, created, published and/or distributed within California,

22       and perhaps other places unknown to Plaintiff at this time, a thirty-two (32) page

23       advertisement and/or solicitation to purchase the Les Mars Hotel for $13,500,000.00,

24       entitled "Confidential Offering Memorandum for the Les Mars Hotel" (hereinafter referred

25       to in this Complaint as "Advertisement to Purchase and/or Solicitation to Purchase the Les

26       Mars Hotel for $13,500,000.00")

27

28   28. On page eighteen (18), line five (5), the Defendants, Atlas Hospitality Group, Hedmark

         VIII, L.L.C. and Westland Financial III, L.L.C., Justin B. Myers and Does 1-100, knowingly

7

1   used the name of Plaintiff, Douglas Keane, in the "Advertisement to Purchase and/or

2   Solicitation to purchase the Les Mars Hotel for $13,500,000.00" as follows: "If you want to

3   find the next superstar chef, look no farther than Douglas Keane, who is proving his mettle

4   each night at Cyrus in Healdsburg." (See attached Exhibit 1, which is pp. 1, 3, 4, 17 and 18

5   of the Advertisement to Purchase and/or Solicitation to purchase the Les Mars Hotel for

6   $13,500,000.00)

7

8   29. Plaintiff, Douglas Keane, never consented to the use of his name on page eighteen (18), line

9       five (5) of the "Advertisement to Purchase and/or Solicitation to purchase the Les Mars

10      Hotel for $13,500,000.00", by anyone, including by the Defendants, Atlas Hospitality

11      Group, Hedmark VIII, L.L.C. and Westland Financial III, L.L.C., Justin B. Myers and Does

12      1-100.

13

14  30. The knowing use of Douglas Keane's name on page eighteen (18), line five (5), of the

15      "Advertisement to Purchase and/or Solicitation to purchase the Les Mars Hotel for

16      $13,500,000.00", by the Defendants, Atlas Hospitality Group, Hedmark VIII, L.L.C. and

17      Westland Financial III, L.L.C. and Does 1-100, violates California Civil Code § 3344.

18

19  31. The knowing use of Douglas Keane's name on page eighteen (18), line five (5), of the

20      "Advertisement to Purchase and/or Solicitation to purchase the Les Mars Hotel for

21      $13,500,000.00", by the Defendants, Atlas Hospitality Group, Hedmark VIII, L.L.C. and

22      Westland Financial III, L.L.C., Justin B. Myers and Does 1-100, proximately and directly

23      caused Plaintiff, Douglas Keane, to sustain general and special damages in an amount

24      within the unlimited jurisdiction of the superior court as a result thereof, including but not

25      limited to injury to reputation, humiliation, inconvenience, mental suffering, emotional

26      distress, loss of income, attorney fees and other costs.

27

28

8

32. Defendants, Atlas Hospitality Group, Hedmark VIII, L.L.C. and Westland Financial III, L.L.C., Justin B. Myers and Does 1-100, acted with malice, oppression and/or fraud with respect to their knowing use of Douglas Keane's name without his consent and without compensating him for the use of his name on page eighteen (18), line five (5), of the "Advertisement to Purchase and/or Solicitation to purchase the Les Mars Hotel for $13,500,000.00".

33. There was no public interest in any of the Defendants using Douglas Keane's name and/or photograph in the aforementioned advertisement; rather, it was solely for their own financial gain.

34. Pursuant to California Civil Code § 3344(a), Plaintiff, requests that exemplary and/or punitive damages be assessed against Defendants, Atlas Hospitality Group, Hedmark VIII, L.L.C. and Westland Financial III, L.L.C., Justin B. Myers and Does 1-100.

35. Pursuant to California Civil Code § 3294, Plaintiff, requests that exemplary and/or punitive damages be assessed against Defendants, Atlas Hospitality Group, Hedmark VIII, L.L.C. and Westland Financial III, L.L.C., Justin B. Myers and Does 1-100.

36. Pursuant to California Civil Code § 3344(a), Plaintiff further requests that the Defendants, Atlas Hospitality Group, Hedmark VIII, L.L.C. and Westland Financial III, L.L.C., Justin B. Myers and Does 1-100, be found liable to him for the greater of $750.00 or the actual damages suffered by him as a result of the aforementioned unauthorized use of his name on page eighteen (18), line five (5), of the "Advertisement to Purchase and/or Solicitation to purchase the Les Mars Hotel for $13,500,000.00".

37. Pursuant to California Civil Code § 3344(a), Plaintiff further requests that the Defendants, Atlas Hospitality Group, Hedmark VIII, L.L.C. and Westland Financial III, L.L.C., Justin B.

9

1    Myers and Does 1-100, be found liable to him for any profits from the unauthorized use of

2    his name on page eighteen (18), line five (5), of the "Advertisement to Purchase and/or

3    Solicitation to purchase the Les Mars Hotel for $13,500,000.00" and which are attributable

4    to the use.

5

6    38. Pursuant to California Civil Code § 3344(a), Plaintiff further requests that the Defendants,

7    Atlas Hospitality Group, Hedmark VIII, L.L.C. and Westland Financial III, L.L.C., Justin B.

8    Myers and Does 1-100, be found liable to him for attorney fees and costs.

9

10   39. Plaintiff, Douglas Keane, requests relief as set forth hereafter.

11
                            **THIRD CAUSE OF ACTION**
12             **(VIOLATION OF CALIFORNIA CIVIL CODE § 3344)**

13

14   40. Plaintiff incorporates by reference paragraphs (1) through (39) as though set forth herein in

15   full.

16

17   41. Defendant, Atlas Hospitality Group, is and was at all times pertinent to this action a

18   California corporation, with its principal place of business located at 2500 Michelson, Suite

19   110, Irvine, California 92612.

20

21   42. Defendant, Hedmark VIII, L.L.C., is and was at all times pertinent to this action a Nevada

22   limited liability company, with its principal place of business located in Sonoma County at

23   the Les Mars Hotel which it owned and/or operated at 27 North Street, Healdsburg,

24   California.

25

26   43. Defendant, Westland Financial III, L.L.C. is and was at all times pertinent to this action a

27   Nevada limited liability company, with its principal place of business located in Sonoma

28

10

Complaint and Jury Demand

11619518.fif - 11/1/2007 12:34:50 PM

County at the Les Mars Hotel which it owned and/or operated at 27 North Street, Healdsburg, California.

44. Defendant, Justin B. Myers, is and was at all times pertinent to this action a California resident, who at all times pertinent to this action worked within the course and scope of his employment for Defendant, Atlas Hospitality Group.

45. The true names and capacities of the Defendants, DOES 1 through 100, inclusive, whether individual, corporate, associate or otherwise, are unknown to Plaintiff, Douglas Keane, at the time of filing this Complaint and he, therefore, sues said Defendants by such fictitious names and will ask leave of court to amend this Complaint to show their true names or capacities when the same have been ascertained. Plaintiff, Douglas Keane, is informed and believes, and thereon alleges, that each of the DOE Defendants is, in some manner, responsible for the events and happenings herein set forth and proximately caused injury and damages to him, as herein alleged.

46. Plaintiff, Douglas Keane, is and was at all times pertinent to this action a resident of Healdsburg, California.

47. On May 15, 2007, and perhaps on other dates unknown to Plaintiff at this time, Defendants, Atlas Hospitality Group, Hedmark VIII, L.L.C. and Westland Financial III, L.L.C., Justin B. Myers and Does 1-100, authorized, created, published and/or distributed within California, and perhaps other places unknown to Plaintiff at this time, a thirty-two (32) page advertisement and/or solicitation to purchase the Les Mars Hotel for $13,500,000.00, entitled "Confidential Offering Memorandum for the Les Mars Hotel" (hereinafter referred to in this Complaint as "Advertisement to Purchase and/or Solicitation to Purchase the Les Mars Hotel for $13,500,000.00")

1

2    48. On page eighteen (18), line ten (10), the Defendants, Atlas Hospitality Group, Hedmark

3        VIII, L.L.C. and Westland Financial III, L.L.C., Justin B. Myers and Does 1-100, knowingly

4        used the name of Plaintiff, Douglas Keane, in the "Advertisement to Purchase and/or

5        Solicitation to purchase the Les Mars Hotel for $13,500,000.00" as follows: "When I

6        reviewed the restaurant a few months after it opened, it was evident that Keane was cooking

7        at a level that put him in an elite pantheon of chefs." (See attached Exhibit 1, which is pp. 1,

8        3, 4, 17 and 18 of the Advertisement to Purchase and/or Solicitation to purchase the Les

9        Mars Hotel for $13,500,000.00)

10

11   49. Plaintiff, Douglas Keane, never consented to the use of his name on page eighteen (18), line

12       ten (10) of the "Advertisement to Purchase and/or Solicitation to purchase the Les Mars

13       Hotel for $13,500,000.00", by anyone, including by the Defendants, Atlas Hospitality

14       Group, Hedmark VIII, L.L.C. and Westland Financial III, L.L.C., Justin B. Myers and Does

15       1-100.

16

17   50. The knowing use of Douglas Keane's name on page eighteen (18), line ten (10), of the

18       "Advertisement to Purchase and/or Solicitation to purchase the Les Mars Hotel for

19       $13,500,000.00", by the Defendants, Atlas Hospitality Group, Hedmark VIII, L.L.C. and

20       Westland Financial III, L.L.C., Justin B. Myers and Does 1-100, violates California Civil

21       Code § 3344.

22

23   51. The knowing use of Douglas Keane's name on page eighteen (18), line ten (10), of the

24       "Advertisement to Purchase and/or Solicitation to purchase the Les Mars Hotel for

25       $13,500,000.00", by the Defendants, Atlas Hospitality Group, Hedmark VIII, L.L.C. and

26       Westland Financial III, L.L.C., Justin B. Myers and Does 1-100, proximately and directly

27       caused Plaintiff, Douglas Keane, to sustain general and special damages in an amount

28       within the unlimited jurisdiction of the superior court as a result thereof, including but not

Complaint and Jury Demand

1    limited to injury to reputation, humiliation, inconvenience, mental suffering, emotional

2    distress, loss of income, attorney fees and other costs.

3

4  52. Defendants, Atlas Hospitality Group, Hedmark VIII, L.L.C. and Westland Financial III,

5    L.L.C., Justin B. Myers and Does 1-100, acted with malice. oppression and/or fraud with

6    respect to their knowing use of Douglas Keane's name without his consent and without

7    compensating him for the use of his name on page eighteen (18), line ten (10), of the

8    "Advertisement to Purchase and/or Solicitation to purchase the Les Mars Hotel for

9    $13,500,000.00".

10

11  53. There was no public interest in any of the Defendants using Douglas Keane's name and/or

12    photograph in the aforementioned advertisement; rather, it was solely for their own financial

13    gain.

14

15  54. Pursuant to California Civil Code § 3344(a), Plaintiff, requests that exemplary and/or

16    punitive damages be assessed against Defendants, Atlas Hospitality Group, Hedmark VIII,

17    L.L.C. and Westland Financial III, L.L.C., Justin B. Myers and Does 1-100.

18

19  55. Pursuant to California Civil Code § 3294, Plaintiff, requests that exemplary and/or punitive

20    damages be assessed against Defendants, Atlas Hospitality Group, Hedmark VIII, L.L.C.

21    and Westland Financial III, L.L.C., Justin B. Myers and Does 1-100.

22

23  56. Pursuant to California Civil Code § 3344(a), Plaintiff further requests that the Defendants,

24    Atlas Hospitality Group, Hedmark VIII, L.L.C. and Westland Financial III, L.L.C., Justin B.

25    Myers and Does 1-100, be found liable to him for the greater of $750.00 or the actual

26    damages suffered by him as a result of the aforementioned unauthorized use of his name on

27    page eighteen (18), line ten (10), of the "Advertisement to Purchase and/or Solicitation to

28    purchase the Les Mars Hotel for $13,500,000.00".

57. Pursuant to California Civil Code § 3344(a), Plaintiff further requests that the Defendants,
Atlas Hospitality Group, Hedmark VIII, L.L.C. and Westland Financial III, L.L.C., Justin B.
Myers and Does 1-100, be found liable to him for any profits from the unauthorized use of
his name on page eighteen (18), line ten (10), of the "Advertisement to Purchase and/or
Solicitation to purchase the Les Mars Hotel for $13,500,000.00" and which are attributable
to the use.

58. Pursuant to California Civil Code § 3344(a), Plaintiff further requests that the Defendants,
Atlas Hospitality Group, Hedmark VIII, L.L.C. and Westland Financial III, L.L.C., Justin B.
Myers and Does 1-100, be found liable to him for attorney fees and costs.

59. Plaintiff, Douglas Keane, requests relief as set forth hereafter.

## FOURTH CAUSE OF ACTION
### (VIOLATION OF CALIFORNIA CIVIL CODE § 3344)

60. Plaintiff incorporates by reference paragraphs (1) through (59) as though set forth herein in
full.

61. Defendant, Atlas Hospitality Group, is and was at all times pertinent to this action a
California corporation, with its principal place of business located at 2500 Michelson, Suite
110, Irvine, California 92612.

62. Defendant, Hedmark VIII, L.L.C., is and was at all times pertinent to this action a Nevada
limited liability company, with its principal place of business located in Sonoma County at
the Les Mars Hotel which it owned and/or operated at 27 North Street, Healdsburg,
California.

14

63. Defendant, Westland Financial III, L.L.C. is and was at all times pertinent to this action a Nevada limited liability company, with its principal place of business located in Sonoma County at the Les Mars Hotel which it owned and/or operated at 27 North Street, Healdsburg, California.

64. Defendant, Justin B. Myers, is and was at all times pertinent to this action a California resident, who at all times pertinent to this action worked within the course and scope of his employment for Defendant, Atlas Hospitality Group.

65. The true names and capacities of the Defendants, DOES 1 through 100, inclusive, whether individual, corporate, associate or otherwise, are unknown to Plaintiff, Douglas Keane, at the time of filing this Complaint and he, therefore, sues said Defendants by such fictitious names and will ask leave of court to amend this Complaint to show their true names or capacities when the same have been ascertained. Plaintiff, Douglas Keane, is informed and believes, and thereon alleges, that each of the DOE Defendants is, in some manner, responsible for the events and happenings herein set forth and proximately caused injury and damages to him, as herein alleged.

66. Plaintiff, Douglas Keane, is and was at all times pertinent to this action a resident of Healdsburg, California.

67. On May 15, 2007, and perhaps on other dates unknown to Plaintiff at this time, Defendants, Atlas Hospitality Group, Hedmark VIII, L.L.C. and Westland Financial III, L.L.C., Justin B. Myers and Does 1-100, authorized, created, published and/or distributed within California, and perhaps other places unknown to Plaintiff at this time, a thirty-two (32) page advertisement and/or solicitation to purchase the Les Mars Hotel for $13,500,000.00, entitled "Confidential Offering Memorandum for the Les Mars Hotel" (hereinafter referred

15

1    to in this Complaint as "Advertisement to Purchase and/or Solicitation to Purchase the Les

2    Mars Hotel for $13,500,000.00")

3

4  68. On page eighteen (18), line twenty (20), the Defendants, Atlas Hospitality Group, Hedmark

5      VIII, L.L.C. and Westland Financial III, L.L.C., Justin B. Myers and Does 1-100, knowingly

6      used the name of Plaintiff, Douglas Keane, in the "Advertisement to Purchase and/or

7      Solicitation to purchase the Les Mars Hotel for $13,500,000.00" as follows: "[S]urrender

8      yourself to the masterful hands of chef Douglas Keane." (See attached Exhibit 1, which is

9      pp. 1, 3, 4, 17 and 18 of the Advertisement to Purchase and/or Solicitation to purchase the

10     Les Mars Hotel for $13,500,000.00)

11

12  69. Plaintiff, Douglas Keane, never consented to the use of his name on page eighteen (18), line

13     twenty (20) of the "Advertisement to Purchase and/or Solicitation to purchase the Les Mars

14     Hotel for $13,500,000.00", by anyone, including by the Defendants, Atlas Hospitality

15     Group, Hedmark VIII, L.L.C. and Westland Financial III, L.L.C., Justin B. Myers and Does

16     1-100.

17

18  70. The knowing use of Douglas Keane's name on page eighteen (18), line twenty (20), of the

19     "Advertisement to Purchase and/or Solicitation to purchase the Les Mars Hotel for

20     $13,500,000.00", by the Defendants, Atlas Hospitality Group, Hedmark VIII, L.L.C. and

21     Westland Financial III, L.L.C., Justin B. Myers and Does 1-100, violates California Civil

22     Code § 3344.

23

24  71. The knowing use of Douglas Keane's name on page eighteen (18), line twenty (20), of the

25     "Advertisement to Purchase and/or Solicitation to purchase the Les Mars Hotel for

26     $13,500,000.00", by the Defendants, Atlas Hospitality Group, Hedmark VIII, L.L.C. and

27     Westland Financial III, L.L.C., Justin B. Myers and Does 1-100, proximately and directly

28     caused Plaintiff, Douglas Keane, to sustain general and special damages in an amount

1    within the unlimited jurisdiction of the superior court as a result thereof, including but not
2    limited to injury to reputation, humiliation, inconvenience, mental suffering, emotional
3    distress, loss of income, attorney fees and other costs.

5    72. Defendants, Atlas Hospitality Group, Hedmark VIII, L.L.C. and Westland Financial III,
6       L.L.C., Justin B. Myers and Does 1-100, acted with malice, oppression and/or fraud with
7       respect to their knowing use of Douglas Keane's name without his consent and without
8       compensating him for the use of his name on page eighteen (18), line twenty (20), of the
9       "Advertisement to Purchase and/or Solicitation to purchase the Les Mars Hotel for
10      $13,500,000.00".

12   73. There was no public interest in any of the Defendants using Douglas Keane's name and/or
13      photograph in the aforementioned advertisement; rather, it was solely for their own financial
14      gain.

16   74. Pursuant to California Civil Code § 3344(a), Plaintiff, requests that exemplary and/or
17      punitive damages be assessed against Defendants, Atlas Hospitality Group, Hedmark VIII,
18      L.L.C. and Westland Financial III, L.L.C., Justin B. Myers and Does 1-100.

20   75. Pursuant to California Civil Code § 3294, Plaintiff, requests that exemplary and/or punitive
21      damages be assessed against Defendants, Atlas Hospitality Group, Hedmark VIII, L.L.C.
22      and Westland Financial III, L.L.C., Justin B. Myers and Does 1-100.

24   76. Pursuant to California Civil Code § 3344(a), Plaintiff further requests that the Defendants,
25      Atlas Hospitality Group, Hedmark VIII, L.L.C. and Westland Financial III, L.L.C., Justin B.
26      Myers and Does 1-100, be found liable to him for the greater of $750.00 or the actual
27      damages suffered by him as a result of the aforementioned unauthorized use of his name on

28

17

Complaint and Jury Demand

1   page eighteen (18), line twenty (20), of the "Advertisement to Purchase and/or Solicitation
2   to purchase the Les Mars Hotel for $13,500,000.00".

3

4   77. Pursuant to California Civil Code § 3344(a), Plaintiff further requests that the Defendants,
5   Atlas Hospitality Group, Hedmark VIII, L.L.C. and Westland Financial III, L.L.C., Justin B.
6   Myers and Does 1-100, be found liable to him for any profits from the unauthorized use of
7   his name on page eighteen (18), line twenty (20), of the "Advertisement to Purchase and/or
8   Solicitation to purchase the Les Mars Hotel for $13,500,000.00" and which are attributable
9   to the use.

10

11  78. Pursuant to California Civil Code § 3344(a), Plaintiff further requests that the Defendants,
12  Atlas Hospitality Group, Hedmark VIII, L.L.C. and Westland Financial III, L.L.C., Justin B.
13  Myers and Does 1-100, be found liable to him for attorney fees and costs.

14

15  79. Plaintiff, Douglas Keane, requests relief as set forth hereafter.

16

17              FIFTH CAUSE OF ACTION
18      (VIOLATION OF CALIFORNIA CIVIL CODE § 3344)

19  80. Plaintiff incorporates by reference paragraphs (1) through (79) as though set forth herein in
20  full.

21

22

23  81. Defendant, Atlas Hospitality Group, is and was at all times pertinent to this action a
24  California corporation, with its principal place of business located at 2500 Michelson, Suite
25  110, Irvine, California 92612.

26

27  82. Defendant, Hedmark VIII, L.L.C., is and was at all times pertinent to this action a Nevada
28  limited liability company, with its principal place of business located in Sonoma County at

                                        18

1    the Les Mars Hotel which it owned and/or operated at 27 North Street, Healdsburg,

2    California.

3

4    83. Defendant, Westland Financial III, L.L.C. is and was at all times pertinent to this action a

5    Nevada limited liability company, with its principal place of business located in Sonoma

6    County at the Les Mars Hotel which it owned and/or operated at 27 North Street,

7    Healdsburg, California.

8

9    84. Defendant, Justin B. Myers, is and was at all times pertinent to this action a California resident,

10   who at all times pertinent to this action worked within the course and scope of his employment for

11   Defendant, Atlas Hospitality Group.

12

13

14   85. The true names and capacities of the Defendants, DOES 1 through 100, inclusive, whether

15   individual, corporate, associate or otherwise, are unknown to Plaintiff, Douglas Keane, at the time

16   of filing this Complaint and he, therefore, sues said Defendants by such fictitious names and will

17   ask leave of court to amend this Complaint to show their true names or capacities when the same

18   have been ascertained. Plaintiff, Douglas Keane, is informed and believes, and thereon alleges, that

19   each of the DOE Defendants is, in some manner, responsible for the events and happenings herein

20   set forth and proximately caused injury and damages to him, as herein alleged.

21

22

23   86. Plaintiff, Douglas Keane, is and was at all times pertinent to this action a resident of

24   Healdsburg, California.

25

26   87. On May 15, 2007, and perhaps on other dates unknown to Plaintiff at this time, Defendants,

27   Atlas Hospitality Group, Hedmark VIII, L.L.C. and Westland Financial III, L.L.C., Justin B.

28   Myers and Does 1-100, authorized, created, published and/or distributed within California,

19

1   and perhaps other places unknown to Plaintiff at this time, a thirty-two (32) page

2   advertisement and/or solicitation to purchase the Les Mars Hotel for $13,500,000.00,

3   entitled "Confidential Offering Memorandum for the Les Mars Hotel" (hereinafter referred

4   to in this Complaint as "Advertisement to Purchase and/or Solicitation to Purchase the Les

5   Mars Hotel for $13,500,000.00")

6

7   88. On page eighteen (18), line twenty-two (22), the Defendants, Atlas Hospitality Group,

8      Hedmark VIII, L.L.C. and Westland Financial III, L.L.C., Justin B. Myers and Does 1-100,

9      knowingly used the name of Plaintiff, Douglas Keane, in the "Advertisement to Purchase

10     and/or Solicitation to purchase the Les Mars Hotel for $13,500,000.00" as follows:  "With

11     that introduction to Douglas Keane's seriously decadent cooking, you begin to understand

12     why Healdsburg has become such a wine-country destination." (See attached Exhibit 1,

13     which is pp. 1, 3, 4, 17 and 18 of the Advertisement to Purchase and/or Solicitation to

14     purchase the Les Mars Hotel for $13,500,000.00)

15

16  89. Plaintiff, Douglas Keane, never consented to the use of his name on page eighteen (18), line

17     twenty-two (22) of the "Advertisement to Purchase and/or Solicitation to purchase the Les

18     Mars Hotel for $13,500,000.00", by anyone, including by the Defendants, Atlas Hospitality

19     Group, Hedmark VIII, L.L.C. and Westland Financial III, L.L.C., Justin B. Myers and Does

20     1-100.

21

22  90. The knowing use of Douglas Keane's name on page eighteen (18), twenty-two (22), of the

23     "Advertisement to Purchase and/or Solicitation to purchase the Les Mars Hotel for

24     $13,500,000.00", by the Defendants, Atlas Hospitality Group, Hedmark VIII, L.L.C. and

25     Westland Financial III, L.L.C., Justin B. Myers and Does 1-100, violates California Civil

26     Code § 3344.

27

28

20

91. The knowing use of Douglas Keane's name on page eighteen (18), twenty-two (22), of the "Advertisement to Purchase and/or Solicitation to purchase the Les Mars Hotel for $13,500,000.00", by the Defendants, Atlas Hospitality Group, Hedmark VIII, L.L.C. and Westland Financial III, L.L.C., Justin B. Myers and Does 1-100, proximately and directly caused Plaintiff, Douglas Keane, to sustain general and special damages in an amount within the unlimited jurisdiction of the superior court as a result thereof, including but not limited to injury to reputation, humiliation, inconvenience, mental suffering, emotional distress, loss of income, attorney fees and other costs.

92. Defendants, Atlas Hospitality Group, Hedmark VIII, L.L.C. and Westland Financial III, L.L.C., Justin B. Myers and Does 1-100, acted with malice, oppression and/or fraud with respect to their knowing use of Douglas Keane's name without his consent and without compensating him for the use of his name on page eighteen (18), twenty-two (22), of the "Advertisement to Purchase and/or Solicitation to purchase the Les Mars Hotel for $13,500,000.00".

93. There was no public interest in any of the Defendants using Douglas Keane's name and/or photograph in the aforementioned advertisement; rather, it was solely for their own financial gain.

94. Pursuant to California Civil Code § 3344(a), Plaintiff, requests that exemplary and/or punitive damages be assessed against Defendants, Atlas Hospitality Group, Hedmark VIII, L.L.C. and Westland Financial III, L.L.C., Justin B. Myers and Does 1-100.

95. Pursuant to California Civil Code § 3294, Plaintiff, requests that exemplary and/or punitive damages be assessed against Defendants, Atlas Hospitality Group, Hedmark VIII, L.L.C. and Westland Financial III, L.L.C., Justin B. Myers and Does 1-100.

21

96. Pursuant to California Civil Code § 3344(a), Plaintiff further requests that the Defendants, Atlas Hospitality Group, Hedmark VIII, L.L.C. and Westland Financial III, L.L.C., Justin B. Myers and Does 1-100, be found liable to him for the greater of $750.00 or the actual damages suffered by him as a result of the aforementioned unauthorized use of his name on page eighteen (18), line twenty-two (22), of the "Advertisement to Purchase and/or Solicitation to purchase the Les Mars Hotel for $13,500,000.00".

97. Pursuant to California Civil Code § 3344(a), Plaintiff further requests that the Defendants, Atlas Hospitality Group, Hedmark VIII, L.L.C. and Westland Financial III, L.L.C., Justin B. Myers and Does 1-100, be found liable to him for any profits from the unauthorized use of his name on page eighteen (18), line twenty-two (22), of the "Advertisement to Purchase and/or Solicitation to purchase the Les Mars Hotel for $13,500,000.00" and which are attributable to the use.

98. Pursuant to California Civil Code § 3344(a), Plaintiff further requests that the Defendants, Atlas Hospitality Group, Hedmark VIII, L.L.C. and Westland Financial III, L.L.C., Justin B. Myers and Does 1-100, be found liable to him for attorney fees and costs.

99. Plaintiff, Douglas Keane, requests relief as set forth hereafter.

## SIXTH CAUSE OF ACTION
### (VIOLATION OF CALIFORNIA CIVIL CODE § 3344)

100. Plaintiff incorporates by reference paragraphs (1) through (99) as though set forth herein in full.

101. Defendant, Atlas Hospitality Group, is and was at all times pertinent to this action a California corporation, with its principal place of business located at 2500 Michelson, Suite 110, Irvine, California 92612.

22

102. Defendant, Hedmark VIII, L.L.C., is and was at all times pertinent to this action a Nevada limited liability company, with its principal place of business located in Sonoma County at the Les Mars Hotel which it owned and/or operated at 27 North Street, Healdsburg, California.

103. Defendant, Westland Financial III, L.L.C. is and was at all times pertinent to this action a Nevada limited liability company, with its principal place of business located in Sonoma County at the Les Mars Hotel which it owned and/or operated at 27 North Street, Healdsburg, California.

104. Defendant, Justin B. Myers, is and was at all times pertinent to this action a California resident, who at all times pertinent to this action worked within the course and scope of his employment for Defendant, Atlas Hospitality Group.

105. The true names and capacities of the Defendants, DOES 1 through 100, inclusive, whether individual, corporate, associate or otherwise, are unknown to Plaintiff, Douglas Keane, at the time of filing this Complaint and he, therefore, sues said Defendants by such fictitious names and will ask leave of court to amend this Complaint to show their true names or capacities when the same have been ascertained. Plaintiff, Douglas Keane, is informed and believes, and thereon alleges, that each of the DOE Defendants is, in some manner, responsible for the events and happenings herein set forth and proximately caused injury and damages to him, as herein alleged.

106. Plaintiff, Douglas Keane, is and was at all times pertinent to this action a resident of Healdsburg, California.

23

Complaint and Jury Demand

1    107. On May 15, 2007, and perhaps on other dates unknown to Plaintiff at this time,

2    Defendants, Atlas Hospitality Group, Hedmark VIII, L.L.C. and Westland Financial III, L.L.C.,

3    Justin B. Myers and Does 1-100, authorized, created, published and/or distributed within

4    California, and perhaps other places unknown to Plaintiff at this time, a thirty-two (32) page

5    advertisement and/or solicitation to purchase the Les Mars Hotel for $13,500,000.00, entitled

6    "Confidential Offering Memorandum for the Les Mars Hotel" (hereinafter referred to in this

7    Complaint as "Advertisement to Purchase and/or Solicitation to Purchase the Les Mars Hotel

8    for $13,500,000.00")

9

10    108. On page eighteen (18), line twenty-nine (29), the Defendants, Atlas Hospitality Group,

11    Hedmark VIII, L.L.C. and Westland Financial III, L.L.C., Justin B. Myers and Does 1-100,

12    knowingly used the name of Plaintiff, Douglas Keane, in the "Advertisement to Purchase and/or

13    Solicitation to purchase the Les Mars Hotel for $13,500,000.00" as follows: "Keane proves that

14    great cooking is foremost tasty cooking, not just wacky experiments at the guests' expense."

15    (See attached Exhibit 1, which is pp. 1, 3, 4, 17 and 18 of the Advertisement to Purchase and/or

16    Solicitation to purchase the Les Mars Hotel for $13,500,000.00)

17

18    109. Plaintiff, Douglas Keane, never consented to the use of his name on page eighteen (18),

19    line twenty-nine (29) of the "Advertisement to Purchase and/or Solicitation to purchase the Les

20    Mars Hotel for $13,500,000.00", by anyone, including by the Defendants, Atlas Hospitality

21    Group, Hedmark VIII, L.L.C. and Westland Financial III, L.L.C., Justin B. Myers and Does 1-

22    100.

23

24    110. The knowing use of Douglas Keane's name on page eighteen (18), twenty-nine (29), of the

25    "Advertisement to Purchase and/or Solicitation to purchase the Les Mars Hotel for

26    $13,500,000.00", by the Defendants, Atlas Hospitality Group, Hedmark VIII, L.L.C. and

27    Westland Financial III, L.L.C., Justin B. Myers and Does 1-100, violates California Civil Code

28    § 3344.

1

2    111. The knowing use of Douglas Keane's name on page eighteen (18), twenty-nine (29), of the

3    "Advertisement to Purchase and/or Solicitation to purchase the Les Mars Hotel for

4    $13,500,000.00", by the Defendants, Atlas Hospitality Group, Hedmark VIII, L.L.C. and

5    Westland Financial III, L.L.C., Justin B. Myers and Does 1-100, proximately and directly

6    caused Plaintiff, Douglas Keane, to sustain general and special damages in an amount within the

7    unlimited jurisdiction of the superior court as a result thereof, including but not limited to injury

8    to reputation, humiliation, inconvenience, mental suffering, emotional distress, loss of income,

9    attorney fees and other costs.

10

11   112. Defendants, Atlas Hospitality Group, Hedmark VIII, L.L.C. and Westland Financial III,

12   L.L.C., Justin B. Myers and Does 1-100, acted with malice, oppression and/or fraud with

13   respect to their knowing use of Douglas Keane's name without his consent and without

14   compensating him for the use of his name on page eighteen (18), twenty-nine (29), of the

15   "Advertisement to Purchase and/or Solicitation to purchase the Les Mars Hotel for

16   $13,500,000.00".

17

18   113. There was no public interest in any of the Defendants using Douglas Keane's name and/or

19   photograph in the aforementioned advertisement; rather, it was solely for their own financial

20   gain..

21

22   114. Pursuant to California Civil Code § 3344(a), Plaintiff, requests that exemplary and/or

23   punitive damages be assessed against Defendants, Atlas Hospitality Group, Hedmark VIII,

24   L.L.C. and Westland Financial III, L.L.C., Justin B. Myers and Does 1-100.

25

26   115. Pursuant to California Civil Code § 3294, Plaintiff, requests that exemplary and/or punitive

27   damages be assessed against Defendants, Atlas Hospitality Group, Hedmark VIII, L.L.C. and

28   Westland Financial III, L.L.C., Justin B. Myers and Does 1-100.

Complaint and Jury Demand

1

2  116. Pursuant to California Civil Code § 3344(a), Plaintiff further requests that the Defendants,

3  Atlas Hospitality Group, Hedmark VIII, L.L.C. and Westland Financial III, L.L.C., Justin B.

4  Myers and Does 1-100, be found liable to him for the greater of $750.00 or the actual damages

5  suffered by him as a result of the aforementioned unauthorized use of his name on page

6  eighteen (18), line twenty-nine (29), of the "Advertisement to Purchase and/or Solicitation to

7  purchase the Les Mars Hotel for $13,500,000.00".

8

9  117. Pursuant to California Civil Code § 3344(a), Plaintiff further requests that the Defendants,

10 Atlas Hospitality Group, Hedmark VIII, L.L.C. and Westland Financial III, L.L.C., Justin B.

11 Myers and Does 1-100, be found liable to him for any profits from the unauthorized use of his

12 name on page eighteen (18), line twenty-nine (29), of the "Advertisement to Purchase and/or

13 Solicitation to purchase the Les Mars Hotel for $13,500,000.00" and which are attributable to

14 the use.

15

16 118. Pursuant to California Civil Code § 3344(a), Plaintiff further requests that the Defendants,

17 Atlas Hospitality Group, Hedmark VIII, L.L.C. and Westland Financial III, L.L.C., Justin B.

18 Myers and Does 1-100, be found liable to him for attorney fees and costs.

19

20 119. Plaintiff, Douglas Keane, requests relief as set forth hereafter.

21

22                        **SEVENTH CAUSE OF ACTION**
                    **(VIOLATION OF CALIFORNIA CIVIL CODE § 3344)**
23

24 120. Plaintiff incorporates by reference paragraphs (1) through (119) as though set forth herein

25 in full.

26

27

28

26

1    121. Defendant, Atlas Hospitality Group, is and was at all times pertinent to this action a

2    California corporation, with its principal place of business located at 2500 Michelson, Suite

3    110, Irvine, California 92612.

4

5    122. Defendant, Hedmark VIII, L.L.C., is and was at all times pertinent to this action a Nevada

6    limited liability company, with its principal place of business located in Sonoma County at the

7    Les Mars Hotel which it owned and/or operated at 27 North Street, Healdsburg, California.

8

9    123. Defendant, Westland Financial III, L.L.C. is and was at all times pertinent to this action a

10   Nevada limited liability company, with its principal place of business located in Sonoma

11   County at the Les Mars Hotel which it owned and/or operated at 27 North Street, Healdsburg,

12   California.

13

14   124. Defendant, Justin B. Myers, is and was at all times pertinent to this action a California resident,

15   who at all times pertinent to this action worked within the course and scope of his employment for

16   Defendant, Atlas Hospitality Group.

17

18

19   125. The true names and capacities of the Defendants, DOES 1 through 100, inclusive, whether

20   individual, corporate, associate or otherwise, are unknown to Plaintiff, Douglas Keane, at the time of

21   filing this Complaint and he, therefore, sues said Defendants by such fictitious names and will ask leave

22   of court to amend this Complaint to show their true names or capacities when the same have been

23   ascertained. Plaintiff, Douglas Keane, is informed and believes, and thereon alleges, that each of the

24   ascertained. Plaintiff, Douglas Keane, is informed and believes, and thereon alleges, that each of the

25   DOE Defendants is, in some manner, responsible for the events and happenings herein set forth and

26   proximately caused injury and damages to him, as herein alleged.

27

28

27

1   120. Plaintiff, Douglas Keane, is and was at all times pertinent to this action a resident of
2   Healdsburg, California.

3

4   121. On May 15, 2007, and perhaps on other dates unknown to Plaintiff at this time,
5   Defendants, Atlas Hospitality Group, Hedmark VIII, L.L.C, and Westland Financial III, L.L.C.,
6   Justin B. Myers and Does 1-100, authorized, created, published and/or distributed within
7   California, and perhaps other places unknown to Plaintiff at this time, a thirty-two (32) page
8   advertisement and/or solicitation to purchase the Les Mars Hotel for $13,500,000.00, entitled
9   "Confidential Offering Memorandum for the Les Mars Hotel" (hereinafter referred to in this
10  Complaint as "Advertisement to Purchase and/or Solicitation to Purchase the Les Mars Hotel
11  for $13,500,000.00")

12

13  122. On page eighteen (18), line thirty (30), the Defendants, Atlas Hospitality Group, Hedmark
14  VIII, L.L.C. and Westland Financial III, L.L.C., Justin B. Myers and Does 1-100, knowingly
15  used the name of Plaintiff, Douglas Keane, in the "Advertisement to Purchase and/or
16  Solicitation to purchase the Les Mars Hotel for $13,500,000.00" as follows: "A great cook
17  knows the mysterious chemistry of food but, like Keane, brings it all to bear in an effort to
18  please." (See attached Exhibit 1, which is pp. 1, 3, 4, 17 and 18 of the Advertisement to
19  Purchase and/or Solicitation to purchase the Les Mars Hotel for $13,500,000.00)

20

21  123. Plaintiff, Douglas Keane, never consented to the use of his name on page eighteen (18),
22  line thirty (30) of the "Advertisement to Purchase and/or Solicitation to purchase the Les Mars
23  Hotel for $13,500,000.00", by anyone, including by the Defendants, Atlas Hospitality Group,
24  Hedmark VIII, L.L.C. and Westland Financial III, L.L.C., Justin B. Myers and Does 1-100.

25

26  124. The knowing use of Douglas Keane's name on page eighteen (18), thirty (30), of the
27  "Advertisement to Purchase and/or Solicitation to purchase the Les Mars Hotel for
28  $13,500,000.00", by the Defendants, Atlas Hospitality Group, Hedmark VIII, L.L.C. and

1  Westland Financial III, L.L.C., Justin B. Myers and Does 1-100, violates California Civil Code

2  § 3344.

3

4  125. The knowing use of Douglas Keane's name on page eighteen (18), thirty (30), of the

5  "Advertisement to Purchase and/or Solicitation to purchase the Les Mars Hotel for

6  $13,500,000.00", by the Defendants, Atlas Hospitality Group, Hedmark VIII, L.L.C. and

7  Westland Financial III, L.L.C., Justin B. Myers and Does 1-100, proximately and directly

8  caused Plaintiff, Douglas Keane, to sustain general and special damages in an amount within the

9  unlimited jurisdiction of the superior court as a result thereof, including but not limited to injury

10  to reputation, humiliation, inconvenience, mental suffering, emotional distress, loss of income,

11  attorney fees and other costs.

12

13  126. Defendants, Atlas Hospitality Group, Hedmark VIII, L.L.C. and Westland Financial III,

14  L.L.C., Justin B. Myers and Does 1-100, acted with malice, oppression and/or fraud with

15  respect to their knowing use of Douglas Keane's name without his consent and without

16  compensating him for the use of his name on page eighteen (18), thirty (30), of the

17  "Advertisement to Purchase and/or Solicitation to purchase the Les Mars Hotel for

18  $13,500,000.00".

19

20  127. There was no public interest in any of the Defendants using Douglas Keane's name and/or

21  photograph in the aforementioned advertisement; rather, it was solely for their own financial

22  gain.

23

24  128. Pursuant to California Civil Code § 3344(a), Plaintiff, requests that exemplary and/or

25  punitive damages be assessed against Defendants, Atlas Hospitality Group, Hedmark VIII,

26  L.L.C. and Westland Financial III, L.L.C., Justin B. Myers and Does 1-100.

27

28

Complaint and Jury Demand

11619519.fff - 11/1/2007 12:39:19 PM

1    129. Pursuant to California Civil Code § 3294, Plaintiff, requests that exemplary and/or punitive

2    damages be assessed against Defendants, Atlas Hospitality Group, Hedmark VIII, L.L.C. and

3    Westland Financial III, L.L.C., Justin B. Myers and Does 1-100.

4

5    130. Pursuant to California Civil Code § 3344(a), Plaintiff further requests that the Defendants,

6    Atlas Hospitality Group, Hedmark VIII, L.L.C. and Westland Financial III, L.L.C., Justin B.

7    Myers and Does 1-100, be found liable to him for the greater of $750.00 or the actual damages

8    suffered by him as a result of the aforementioned unauthorized use of his name on page

9    eighteen (18), line thirty (30), of the "Advertisement to Purchase and/or Solicitation to purchase

10   the Les Mars Hotel for $13,500,000.00".

11

12   131. Pursuant to California Civil Code § 3344(a), Plaintiff further requests that the Defendants,

13   Atlas Hospitality Group, Hedmark VIII, L.L.C. and Westland Financial III, L.L.C., Justin B.

14   Myers and Does 1-100, be found liable to him for any profits from the unauthorized use of his

15   name on page eighteen (18), line thirty (30), of the "Advertisement to Purchase and/or

16   Solicitation to purchase the Les Mars Hotel for $13,500,000.00" and which are attributable to

17   the use.

18

19   132. Pursuant to California Civil Code § 3344(a), Plaintiff further requests that the Defendants,

20   Atlas Hospitality Group, Hedmark VIII, L.L.C. and Westland Financial III, L.L.C., Justin B.

21   Myers and Does 1-100, be found liable to him for attorney fees and costs.

22

23   133. Plaintiff, Douglas Keane, requests relief as set forth hereafter.

24

25                          **EIGHTH CAUSE OF ACTION**
                    (VIOLATION OF CALIFORNIA CIVIL CODE § 3344)

26

27   134. Plaintiff incorporates by reference paragraphs (1) through (133) as though set forth herein

28   in full.

---

30

135. Defendant, Atlas Hospitality Group, is and was at all times pertinent to this action a California corporation, with its principal place of business located at 2500 Michelson, Suite 110, Irvine, California 92612.

136. Defendant, Hedmark VIII, L.L.C., is and was at all times pertinent to this action a Nevada limited liability company, with its principal place of business located in Sonoma County at the Les Mars Hotel which it owned and/or operated at 27 North Street, Healdsburg, California.

137. Defendant, Westland Financial III, L.L.C. is and was at all times pertinent to this action a Nevada limited liability company, with its principal place of business located in Sonoma County at the Les Mars Hotel which it owned and/or operated at 27 North Street, Healdsburg, California.

138. Defendant, Justin B. Myers, is and was at all times pertinent to this action a California resident, who at all times pertinent to this action worked within the course and scope of his employment for Defendant, Atlas Hospitality Group.

139. The true names and capacities of the Defendants, DOES 1 through 100, inclusive, whether individual, corporate, associate or otherwise, are unknown to Plaintiff, Douglas Keane, at the time of filing this Complaint and he, therefore, sues said Defendants by such fictitious names and will ask leave of court to amend this Complaint to show their true names or capacities when the same have been ascertained. Plaintiff, Douglas Keane, is informed and believes, and thereon alleges, that each of the DOE Defendants is, in some manner, responsible for the events and happenings herein set forth and proximately caused injury and damages to him, as herein alleged.

31

1  140. Plaintiff, Douglas Keane, is and was at all times pertinent to this action a resident of

2  Healdsburg, California.

3

4  141. On May 15, 2007, and perhaps on other dates unknown to Plaintiff at this time,

5  Defendants, Atlas Hospitality Group, Hedmark VIII, L.L.C. and Westland Financial III, L.L.C.,

6  Justin B. Myers and Does 1-100, authorized, created, published and/or distributed within

7  California, and perhaps other places unknown to Plaintiff at this time, a thirty-two (32) page

8  advertisement and/or solicitation to purchase the Les Mars Hotel for $13,500,000.00, entitled

9  "Confidential Offering Memorandum for the Les Mars Hotel" (hereinafter referred to in this

10  Complaint as "Advertisement to Purchase and/or Solicitation to Purchase the Les Mars Hotel

11  for $13,500,000.00")

12

13  142. On page eighteen (18), the Defendants, Atlas Hospitality Group, Hedmark VIII, L.L.C. and

14  Westland Financial III, L.L.C., Justin B. Myers and Does 1-100, knowingly used the

15  photograph of Plaintiff, Douglas Keane, in the "Advertisement to Purchase and/or Solicitation

16  to purchase the Les Mars Hotel for $13,500,000.00".  (See attached Exhibit 1, which is pp. 1, 3,

17  4, 17 and 18 of the Advertisement to Purchase and/or Solicitation to purchase the Les Mars

18  Hotel for $13,500,000.00)

19

20  143. Plaintiff, Douglas Keane, never consented to the use of his photograph on page eighteen

21  (18) of the "Advertisement to Purchase and/or Solicitation to purchase the Les Mars Hotel for

22  $13,500,000.00", by anyone, including by the Defendants, Atlas Hospitality Group, Hedmark

23  VIII, L.L.C. and Westland Financial III, L.L.C., Justin B. Myers and Does 1-100.

24

25  144. The knowing use of Douglas Keane's photograph on page eighteen (18) of the

26  "Advertisement to Purchase and/or Solicitation to purchase the Les Mars Hotel for

27  $13,500,000.00", by the Defendants, Atlas Hospitality Group, Hedmark VIII, L.L.C. and

28

32

11619519.fff - 11/1/2007 12:39:19 PM

1  Westland Financial III, L.L.C., Justin B. Myers and Does 1-100, violates California Civil Code
2  § 3344.

3

4  145. The knowing use of Douglas Keane's photograph on page eighteen (18) of the
5  "Advertisement to Purchase and/or Solicitation to purchase the Les Mars Hotel for
6  $13,500,000.00", by the Defendants, Atlas Hospitality Group, Hedmark VIII, L.L.C. and
7  Westland Financial III, L.L.C., Justin B. Myers and Does 1-100, proximately and directly
8  caused Plaintiff, Douglas Keane, to sustain general and special damages in an amount within the
9  unlimited jurisdiction of the superior court as a result thereof, including but not limited to injury
10  to reputation, humiliation, inconvenience, mental suffering, emotional distress, loss of income,
11  attorney fees and other costs.

12

13  146. Defendants, Atlas Hospitality Group, Hedmark VIII, L.L.C. and Westland Financial III,
14  L.L.C., Justin B. Myers and Does 1-100, acted with malice, oppression and/or fraud with
15  respect to their knowing use of Douglas Keane's photograph without his consent and without
16  compensating him for the use of his photograph on page eighteen (18), of the "Advertisement to
17  Purchase and/or Solicitation to purchase the Les Mars Hotel for $13,500,000.00".

18

19  147. There was no public interest in any of the Defendants using Douglas Keane's name and/or
20  photograph in the aforementioned advertisement; rather, it was solely for their own financial
21  gain.

22

23  148. Pursuant to California Civil Code § 3344(a), Plaintiff, requests that exemplary and/or
24  punitive damages be assessed against Defendants, Atlas Hospitality Group, Hedmark VIII,
25  L.L.C. and Westland Financial III, L.L.C., Justin B. Myers and Does 1-100.

26
27
28

33

1     149. Pursuant to California Civil Code § 3294, Plaintiff, requests that exemplary and/or punitive

2     damages be assessed against Defendants, Atlas Hospitality Group, Hedmark VIII, L.L.C. and

3     Westland Financial III, L.L.C., Justin B. Myers and Does 1-100.

4

5     150. Pursuant to California Civil Code § 3344(a), Plaintiff further requests that the Defendants,

6     Atlas Hospitality Group, Hedmark VIII, L.L.C. and Westland Financial III, L.L.C., Justin B.

7     Myers and Does 1-100, be found liable to him for the greater of $750.00 or the actual damages

8     suffered by him as a result of the aforementioned unauthorized use of his photograph on page

9     eighteen (18) of the "Advertisement to Purchase and/or Solicitation to purchase the Les Mars

10    Hotel for $13,500,000.00".

11

12    151. Pursuant to California Civil Code § 3344(a), Plaintiff further requests that the Defendants,

13    Atlas Hospitality Group, Hedmark VIII, L.L.C. and Westland Financial III, L.L.C., Justin B.

14    Myers and Does 1-100, be found liable to him for any profits from the unauthorized use of his

15    photograph on page eighteen (18), of the "Advertisement to Purchase and/or Solicitation to

16    purchase the Les Mars Hotel for $13,500,000.00" and which are attributable to the use.

17

18    152. Pursuant to California Civil Code § 3344(a), Plaintiff further requests that the Defendants,

19    Atlas Hospitality Group, Hedmark VIII, L.L.C. and Westland Financial III, L.L.C., Justin B.

20    Myers and Does 1-100, be found liable to him for attorney fees and costs.

21

22    153. Plaintiff, Douglas Keane, requests relief as set forth hereafter.

23

24    **NINTH CAUSE OF ACTION**

25    **(APPROPRIATION OF RIGHT OF PUBLICITY FOR COMMERCIAL PURPOSES)**

26    154. Plaintiff incorporates by reference paragraphs (1) through (153) as though set forth herein

27    in full.

28

Complaint and Jury Demand

1   155. Defendant, Atlas Hospitality Group, is and was at all times pertinent to this action a

2   California corporation, with its principal place of business located at 2500 Michelson, Suite

3   110, Irvine, California 92612.

4

5   156. Defendant, Hedmark VIII, L.L.C., is and was at all times pertinent to this action a Nevada

6   limited liability company, with its principal place of business located in Sonoma County at the

7   Les Mars Hotel which it owned and/or operated at 27 North Street, Healdsburg, California.

8

9   157. Defendant, Westland Financial III, L.L.C. is and was at all times pertinent to this action a

10  Nevada limited liability company, with its principal place of business located in Sonoma

11  County at the Les Mars Hotel which it owned and/or operated at 27 North Street, Healdsburg,

12  California.

13

14  158. Defendant, Justin B. Myers, is and was at all times pertinent to this action a California resident,

15  who at all times pertinent to this action worked within the course and scope of his employment for

16  Defendant, Atlas Hospitality Group.

17

18

19  159. The true names and capacities of the Defendants, DOES 1 through 100, inclusive, whether

20  individual, corporate, associate or otherwise, are unknown to Plaintiff, Douglas Keane, at the time of

21  filing this Complaint and he, therefore, sues said Defendants by such fictitious names and will ask leave

22  of court to amend this Complaint to show their true names or capacities when the same have been

23  ascertained. Plaintiff, Douglas Keane, is informed and believes, and thereon alleges, that each of the

24  DOE Defendants is, in some manner, responsible for the events and happenings herein set forth and

25  proximately caused injury and damages to him, as herein alleged.

26

27

28

35

11619519.tif - 11/1/2007 12:39:19 PM

1   160. Plaintiff, Douglas Keane, is and was at all times pertinent to this action a resident of

2   Healdsburg, California.

3

4   161. On May 15, 2007, and perhaps on other dates unknown to Plaintiff at this time,

5   Defendants, Atlas Hospitality Group, Hedmark VIII, L.L.C. and Westland Financial III, L.L.C.,

6   Justin B. Myers and Does 1-100, authorized, created, published and/or distributed within

7   California, and perhaps other places unknown to Plaintiff at this time, a thirty-two (32) page

8   advertisement and/or solicitation to purchase the Les Mars Hotel for $13,500,000.00, entitled

9   "Confidential Offering Memorandum for the Les Mars Hotel" (hereinafter referred to in this

10  Complaint as "Advertisement to Purchase and/or Solicitation to Purchase the Les Mars Hotel

11  for $13,500,000.00")

12

13  161. On page seventeen (17), line four (4), the Defendants, Atlas Hospitality Group, Hedmark

14  VIII, L.L.C. and Westland Financial III, L.L.C., Justin B. Myers and Does 1-100, knowingly

15  used the name of Plaintiff, Douglas Keane, in the "Advertisement to Purchase and/or

16  Solicitation to purchase the Les Mars Hotel for $13,500,000.00" as follows: "Chef Douglas

17  Keane (Rising Star Chef SF Chronicle 2002 and Maitre d' Nick Peyton (the godfather of white

18  tablecloth dining" SF Chronicle 5/2/2003) offer their contemporary luxury cuisine in a

19  completely flexible prix fixe format of three to five dishes." (See attached Exhibit 1, which is

20  pp. 1, 3, 4, 17 and 18 of the Advertisement to Purchase and/or Solicitation to purchase the Les

21  Mars Hotel for $13,500,000.00)

22

23  162. On page eighteen (18), line five (5), the Defendants, Atlas Hospitality Group, Hedmark

24  VIII, L.L.C. and Westland Financial III, L.L.C., Justin B. Myers and Does 1-100, knowingly

25  used the name of Plaintiff, Douglas Keane, in the "Advertisement to Purchase and/or

26  Solicitation to purchase the Les Mars Hotel for $13,500,000.00" as follows: "If you want to

27  find the next superstar chef, look no farther than Douglas Keane, who is proving his mettle each

28  night at Cyrus in Healdsburg." (See attached Exhibit 1, which is pp. 1, 3, 4, 17 and 18 of the

1   Advertisement to Purchase and/or Solicitation to purchase the Les Mars Hotel for

2   $13,500,000.00)

3

4   163. On page eighteen (18), line ten (10), the Defendants, Atlas Hospitality Group, Hedmark

5   VIII, L.L.C. and Westland Financial III, L.L.C., Justin B. Myers and Does 1-100, knowingly

6   used the name of Plaintiff, Douglas Keane, in the "Advertisement to Purchase and/or

7   Solicitation to purchase the Les Mars Hotel for $13,500,000.00" as follows: "When I reviewed

8   the restaurant a few months after it opened, it was evident that Keane was cooking at a level that

9   put him in an elite pantheon of chefs." (See attached Exhibit 1, which is pp. 1, 3, 4, 17 and 18 of

10  the Advertisement to Purchase and/or Solicitation to purchase the Les Mars Hotel for

11  $13,500,000.00)

12

13  164. On page eighteen (18), line twenty (20), the Defendants, Atlas Hospitality Group,

14  Hedmark VIII, L.L.C. and Westland Financial III, L.L.C., Justin B. Myers and Does 1-100,

15  knowingly used the name of Plaintiff, Douglas Keane, in the "Advertisement to Purchase and/or

16  Solicitation to purchase the Les Mars Hotel for $13,500,000.00" as follows: "[S]urrender

17  yourself to the masterful hands of chef Douglas Keane." (See attached Exhibit 1, which is pp. 1,

18  3, 4, 17 and 18 of the Advertisement to Purchase and/or Solicitation to purchase the Les Mars

19  Hotel for $13,500,000.00)

20

21  165. On page eighteen (18), line twenty-two (22), the Defendants, Atlas Hospitality Group,

22  Hedmark VIII, L.L.C. and Westland Financial III, L.L.C., Justin B. Myers and Does 1-100,

23  knowingly used the name of Plaintiff, Douglas Keane, in the "Advertisement to Purchase and/or

24  Solicitation to purchase the Les Mars Hotel for $13,500,000.00" as follows: "With that

25  introduction to Douglas Keane's seriously decadent cooking, you begin to understand why

26  Healdsburg has become such a wine-country destination." (See attached Exhibit 1, which is pp.

27  1, 3, 4, 17 and 18 of the Advertisement to Purchase and/or Solicitation to purchase the Les Mars

28  Hotel for $13,500,000.00)

166. On page eighteen (18), line twenty-nine (29), the Defendants, Atlas Hospitality Group, Hedmark VIII, L.L.C. and Westland Financial III, L.L.C., Justin B. Myers and Docs 1-100, knowingly used the name of Plaintiff, Douglas Keane, in the "Advertisement to Purchase and/or Solicitation to purchase the Les Mars Hotel for $13,500,000.00" as follows: "Keane proves that great cooking is foremost tasty cooking, not just wacky experiments at the guests' expense." (See attached Exhibit 1, which is pp. 1, 3, 4, 17 and 18 of the Advertisement to Purchase and/or Solicitation to purchase the Les Mars Hotel for $13,500,000.00)

167. On page eighteen (18), line thirty (30), the Defendants, Atlas Hospitality Group, Hedmark VIII, L.L.C. and Westland Financial III, L.L.C., Justin B. Myers and Does 1-100, knowingly used the name of Plaintiff, Douglas Keane, in the "Advertisement to Purchase and/or Solicitation to purchase the Les Mars Hotel for $13,500,000.00" as follows: "A great cook knows the mysterious chemistry of food but, like Keane, brings it all to bear in an effort to please." (See attached Exhibit 1, which is pp. 1, 3, 4, 17 and 18 of the Advertisement to Purchase and/or Solicitation to purchase the Les Mars Hotel for $13,500,000.00)

168. On page eighteen (18), the Defendants, Atlas Hospitality Group, Hedmark VIII, L.L.C. and Westland Financial III, L.L.C., Justin B. Myers and Does 1-100, knowingly used the photograph of Plaintiff, Douglas Keane, in the "Advertisement to Purchase and/or Solicitation to purchase the Les Mars Hotel for $13,500,000.00". (See attached Exhibit 1, which is pp. 1, 3, 4, 17 and 18 of the Advertisement to Purchase and/or Solicitation to purchase the Les Mars Hotel for $13,500,000.00)

169. These aforementioned uses of Douglas Keane's name, image, photograph, identity and likeness constitute an appropriation of the same.

Complaint and Jury Demand

1    170. Plaintiff, Douglas Keane, was never compensated for the aforementioned appropriation of

2    Plaintiff's name, image, photograph, identity and likeness by the Defendants.

3

4    171. Plaintiff, Douglas Keane, never consented to the aforementioned appropriation and use of

5    his identity, name or photograph on any page of the "Advertisement to Purchase and/or

6    Solicitation to purchase the Les Mars Hotel for $13,500,000.00", by anyone, including by the

7    Defendants, Atlas Hospitality Group, Hedmark VIII, L.L.C. and Westland Financial III, L.L.C.,

8    Justin B. Myers and Does 1-100.

9

10   172. The aforementioned appropriation of Douglas Keane's name, image, photograph, identity

11   and likeness was to the advantage, commercially or otherwise, of Defendants, Atlas Hospitality

12   Group, Hedmark VIII, L.L.C. and Westland Financial III, L.L.C., Justin B. Myers and Does 1-

13   100.

14

15   173. The aforementioned appropriation of Douglas Keane's name, image, photograph, identity

16   by Defendants, Atlas Hospitality Group, Hedmark VIII, L.L.C. and Westland Financial III,

17   L.L.C., Justin B. Myers and Does 1-100, proximately caused Douglas Keane to sustain general

18   and special damages in an amount within the unlimited jurisdiction of the superior court as a

19   result thereof, including but not limited to injury to reputation, humiliation, inconvenience,

20   mental suffering, emotional distress, loss of income, attorney fees and other costs.

21

22   174. Defendants, Atlas Hospitality Group, Hedmark VIII, L.L.C. and Westland Financial III,

23   L.L.C., Justin B. Myers and Does 1-100, acted with malice, oppression and/or fraud with

24   respect to their knowing use of Douglas Keane's name, image, photograph, identity and likeness

25   without his consent and without compensating him for the use of his name, image, photograph,

26   identity and likeness in the "Advertisement to Purchase and/or Solicitation to purchase the Les

27   Mars Hotel for $13,500,000.00".

28

Complaint and Jury Demand

1    175. There was no public interest in any of the Defendants using Douglas Keane's name and/or

2    photograph in the aforementioned advertisement; rather, it was solely for their own financial

3    gain.

4

5    176. Pursuant to California Civil Code § 3294, Plaintiff, requests that exemplary and/or punitive

6    damages be assessed against Defendants, Atlas Hospitality Group, Hedmark VIII, L.L.C. and

7    Westland Financial III, L.L.C., Justin B. Myers and Does 1-100.

8

9    177. Plaintiff, Douglas Keane, requests relief as set forth hereafter.

10

11                              **FIRST CAUSE OF ACTION**

12

13   A. General damages in a sum according to proof.

14   B. Special damages in a sum according to proof.

15   C. Attorney fees and costs in a sum according to proof.

16   D. Punitive and/or exemplary damages according to proof.

17   E. For interest provided by law including, but not limited to, California Civil Code, Section 3291; and

18   F. Costs of suit and, for such other and further relief as the court deems proper.

19

20                             **SECOND CAUSE OF ACTION**

21

22   A. General damages in a sum according to proof.

23   B. Special damages in a sum according to proof.

24   C. Attorney fees and costs in a sum according to proof.

25   D. Punitive and/or exemplary damages according to proof.

26   E. For interest provided by law including, but not limited to, California Civil Code, Section 3291; and

27   F. Costs of suit and, for such other and further relief as the court deems proper.

28

1

## THIRD CAUSE OF ACTION

2

3   A. General damages in a sum according to proof.

4   B. Special damages in a sum according to proof.

5   C. Attorney fees and costs in a sum according to proof.

6   D. Punitive and/or exemplary damages according to proof.

7   E. For interest provided by law including, but not limited to, California Civil Code, Section 3291; and

8   F. Costs of suit and, for such other and further relief as the court deems proper.

9

10

## FOURTH CAUSE OF ACTION

11

12   A. General damages in a sum according to proof.

13   B. Special damages in a sum according to proof.

14   C. Attorney fees and costs in a sum according to proof.

15   D. Punitive and/or exemplary damages according to proof.

16   E. For interest provided by law including, but not limited to, California Civil Code, Section 3291; and

17   F. Costs of suit and, for such other and further relief as the court deems proper.

18

19

## FIFTH CAUSE OF ACTION

20

21

22   A. General damages in a sum according to proof.

23   B. Special damages in a sum according to proof.

24   C. Attorney fees and costs in a sum according to proof.

25   D. Punitive and/or exemplary damages according to proof.

26   E. For interest provided by law including, but not limited to, California Civil Code, Section 3291; and

27   F. Costs of suit and, for such other and further relief as the court deems proper.

28

41

11/01/2007 11:38 FAX  4153985080          BRIAN                                      ☑018/026

1

## SIXTH CAUSE OF ACTION

2

3    A. General damages in a sum according to proof.

4    B. Special damages in a sum according to proof.

5    C. Attorney fees and costs in a sum according to proof.

6    D. Punitive and/or exemplary damages according to proof.

7    E. For interest provided by law including, but not limited to, California Civil Code, Section 3291; and

8    F. Costs of suit and, for such other and further relief as the court deems proper.

9

10   ## SEVENTH CAUSE OF ACTION

11

12   A. General damages in a sum according to proof.

13   B. Special damages in a sum according to proof.

14   C. Attorney fees and costs in a sum according to proof.

15   D. Punitive and/or exemplary damages according to proof.

16   E. For interest provided by law including, but not limited to, California Civil Code, Section 3291; and

17   F. Costs of suit and, for such other and further relief as the court deems proper.

18

19   ## EIGHTH CAUSE OF ACTION

20

21   A. General damages in a sum according to proof.

22   B. Special damages in a sum according to proof.

23   C. Attorney fees and costs in a sum according to proof.

24   D. Punitive and/or exemplary damages according to proof.

25   E. For interest provided by law including, but not limited to, California Civil Code, Section 3291; and

26   F. Costs of suit and, for such other and further relief as the court deems proper.

27

28

Complaint and Jury Demand

11619519.tif - 11/1/2007 12:39:19 PM

## NINTH CAUSE OF ACTION

A. General damages in a sum according to proof.

B. Special damages in a sum according to proof.

C. Attorney fees and costs in a sum according to proof.

D. Punitive and/or exemplary damages according to proof.

E. For interest provided by law including, but not limited to, California Civil Code, Section 3291; and

F. Costs of suit and, for such other and further relief as the court deems proper.

43

1

Dated: _10-19-2007_          By: _____
                                  Attorney for Plaintiff
2

3

Dated: _10/19/07_            By: _____
                                  Attorney for Plaintiff
4

5

6

7                    **VERIFICATION BY PLAINTIFF**

8

9   I am a party to this action, and I have read the foregoing Complaint and know its contents. The

10  matters stated in the Complaint are true based on my own knowledge, except as to those matters

11  stated on information and belief, and as to those matters I believe them to be true. I declare

12  under penalty of perjury under the laws of the State of California that the foregoing is true and

13  correct. Executed on October 16, 2007, at Healdsburg, California.

14

15                           By: _____
                                  Plaintiff
16

17

18

19

20

21

22

23

24

25

26

27

28

Complaint and Jury Demand

11619519.tif - 11/1/2007 12:39:19 PM

11/01/2007 11:37 FAX  4153985080          BRIAN                        ☑ 021/026

**EXHIBIT 1**

11/01/2007 11:37 FAX 4153985080          BRIAN                                    022/026

Confidential Offering Memorandum



**Exclusively Listed By:**

# Atlas Hospitality Group

2500 Michelson, Suite 110
Irvine, CA 92612
Telephone:       (949) 622-3400
Facsimile:       (949) 622-3410
Email: info@atlashospitality.com
Website: www.atlashospitality.com



I619519.tif - 11/1/2007 12:39:19 PM



Les Mars Hotel
Healdsburg, California

# Table of Contents

Executive Summary .......................................................................................................4

Investment Highlights .................................................................................................. 5

   Fact Sheet................................................................................................................ 10

Property Description ..................................................................................................... 13

   Improvements Description................................................................................... 14

   Rooms........................................................................................................................ 14

   In the Press .............................................................................................................. 15

   Cyrus......................................................................................................................... 16

Healdsburg ...................................................................................................................... 20

Sonoma County ............................................................................................................ 24

   Lodging Market..................................................................................................... 27

Hotel Rate Comparables ............................................................................................ 28

   Local Hotel Rate Comparables Map............................................................... 29

Financial Information................................................................................................... 30

   Income & Expense Summary........................................................................... 30

   Lease Synopsis for Cyrus Restaurant ........................................................... 31

   Relais & Châteaux................................................................................................ 32

This information has been secured from sources we believe to be reliable, but we make no representations or warranties,
expressed or implied, as to the accuracy of the information. References to square footage or age are approximate. Buyer must
verify the information and bears all risk for any inaccuracies.



Les Mars Hotel
Healdsburg, California

# Executive Summary

### Offering

Atlas Hospitality Group has been exclusively retained by Les Mars Hotel (Owner), to offer for sale the Owner's fee-simple interest in Les Mars Hotel (Property), a 16-room luxury boutique hotel with leased restaurant space in Healdsburg, California.

### Property

Reminiscent of a classic 18th century French chateau, Les Mars Hotel is a boutique hotel offering 16 guestrooms, individually designed and furnished with European 18th and 19th century antiques and hand crafted reproductions. The hotel's furnishings alone have been appraised for over $3.7 million. The rooms feature four poster canopy beds, luxurious linens and fireplaces. The Italian marble bathrooms feature walk-in showers and hydrotherapy airjet soaking tubs. In the warmer months, guests can lounge by the pool and imported French fountain.

### Location

Les Mars Hotel is located in historic Healdsburg, California, the heart of three outstanding Sonoma County appellations: Dry Creek, Alexander and the Russian River Valleys. *The New York Times* calls Healdsburg "a destination for all things culinary." Just an hour from San Francisco, Healdsburg mixes the best qualities of turn-of-the century America with the ambiance of a European countryside. Les Mars Hotel, just a block from Healdsburg's central plaza, enjoys proximity to almost 100 wineries and some of Northern California's premier dining, fine galleries, chic boutique shopping and outdoor recreational activities.

| Price: | $13,500,000 |
|---|---|

### Contact

Investors seeking additional information regarding the sale of this asset should contact:



## Atlas
#### HOSPITALITY GROUP

2500 Michelson, Suite 110    Irvine, CA 92612
Telephone: (949) 622-3400    Facsimile: (949) 622-3410
Email: info@atlashospitalitygroup.com    Website: www.atlashospitality.com

Atlas Hospitality Group                                                            4

1619519.tif - 11/1/2007 12:39:19 PM

11/01/2007 11:37 FAX  4153985080              BRIAN                    ☑025/026



Les Mars Hotel
Heaidsburg, California



C Y.R̈U S

Les Mars Hotel is the home of Cyrus, the second-highest Zagat-rated restaurant in Sonoma and Napa counties, behind only Thomas Keller's renowned French Laundry.

Chef Douglas Keane (Rising Star Chef SF Chronicle 2002) and Maitre d' Nick Peyton ("the god father of white tablecloth dining" SF Chronicle 5/2/2003) offer their contemporary luxury cuisine in a completely flexible prix fixe format of three to five dishes. Sommelier Jim Rollston has assembled an extensive list of world class wines with a special focus on Sonoma appellations. The arched and vaulted dining room welcomes guests to elegant tables set with fine linens, crystal, china and silver. Guests are greeted warmly as they enter the bar while a myriad of special touches await them at the table. Warm canapés arrive to be enjoyed with a cocktail or glass of bubbly served tableside from the champagne and caviar cart. An amuse bouche is served as an extra small course to begin the meal. An extensive cheese tray adds to the temptations that await diners. Mignardises (chocolates, candied fruits and petits fours) provide a celebratory ending and a small box of bon bons is presented as a fond farewell.



f1619519.tif - 11/1/2007 12:39:19 PM

Los Maie Hotel
## Healdsburg, California

**Accolades for Cyrus:**

### ★★★★ San Francisco Chronicle
October 18, 2006



"If you want to find the next superstar chef, look no further than Douglas Keane, who is proving his mettle each night at Cyrus in Healdsburg. Since it opened in March 2005 the restaurant has become the premier destination in Sonoma County, with a cachet that may someday rival the French Laundry.

When I reviewed the restaurant a few months after it opened, it was evident that Keane was cooking at a level that put him in an elite pantheon of chefs. A return visit last week to try the Chef's Tasting menu made it clear that although he's still young -- just 35 -- he's no longer a chef to watch but rather one to emulate.

When you add the other elements that make up the dining experience -- impeccable service coordinated by co-owner Nick Peyton, and refined, comfortable ambience -- it's clear that Cyrus has become a four-star destination."





"A wonderful experience awaits you at Cyrus...."

"[S]urrender yourself to the masterful hands of chef Douglas Keane..."



"With that introduction to Douglas Keane's seriously decadent cooking, you begin to understand why Healdsburg has become such a wine-country destination."

### FOOD&WINE Wine Country's Best New Restaurant
April 2005

"The food is spectacular, but what makes Cyrus remarkable is the entire experience.. "

### Esquire Chef of the Year
2005

"Keane proves that great cooking is foremost tasty cooking, not just wacky experiments at the guests' expense. A great cook knows the mysterious chemistry of food but, like Keane, brings it all to bear in an effort to please."

### THE WALL STREET JOURNAL.
April 28-29, 2007

"For at least a decade, the California wine-country scene could be described as Thomas Keller's French Laundry and everything else. Now Cyrus is closing that gap..."



Atlas Hospitality Group.

18

1619519.fff - 11/1/2007 12:39:19 PM

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, state bar number, and address) | FOR COURT USE ONLY |
|---|---|
| TELEPHONE NO.:                    FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | |
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SONOMA<br>600 ADMINISTRATION DRIVE, ROOM 107-J<br>SANTA ROSA, CALIFORNIA 95403-2878 | |
| PLAINTIFF/PETITIONER:<br><br>DEFENDANT/RESPONDENT: | |

| | CASE NUMBER: |
|---|---|
| **ADR INFORMATION SHEET**<br>[Sonoma County Superior Court Rules, Rule 18] | |
| (Check one):   ☐ UNLIMITED CASE          ☐ LIMITED CASE<br>              (Amount demanded exceeds     (Amount demanded is<br>              $25,000)                    $25,000 or less) | Date:<br>Time:<br>Location:<br>Assigned Judge: |

<u>**NOTICE TO ALL PARTIES AND THEIR ATTORNEYS**</u>

The policy of the Sonoma County Superior Court is:
    "The formal litigation of legal claims and disputes is expensive and time consuming. The overall results achieved by some or all of the parties are often unsatisfactory. There are many modern alternatives to formal court litigation which are less expensive, less time consuming, and more beneficial to the parties. It is therefore the firm policy and goal of this court to encourage the parties in all civil cases to explore and pursue private dispute resolution alternatives at the earliest possible date." (Local Rule 16.1.)
    Although most (90-98%) cases do settle, many settlements come only after a considerable amount of time, money, and resources have been expended. Such expenditures, as well as the adversarial nature of litigation, can be a disincentive to settlement. The Sonoma County Superior Court encourages the use of Alternative Dispute Resolution (ADR) as early as possible after the parties become aware of a dispute.
    Most ADR processes are voluntary and are paid for by the parties themselves, but ADR has proved in many cases to be faster, cheaper, and more effective than traditional litigation.

<u>**ADVANTAGES OF ADR:**</u>

    The filing of your complaint or answer may be just the beginning of the costs that you will incur during the course of your lawsuit. Lawsuits can be extremely costly. By utilizing ADR methods early in the course of your case, you may significantly reduce these costs by either resolving the case before expensive discovery and trial proceedings are commenced or by narrowing the scope of your discovery by identifying disputed and undisputed factual and legal issues.
    ADR can be a fast, economical, efficient, and effective way to resolve civil cases, and most litigants report satisfaction with the process. ADR procedures can be scheduled at your convenience and can be completed in a fraction of the time required for traditional litigation. The cost of ADR will depend on the procedure and the provider you select, and the cost is typically less than litigation.
    Most ADR processes are confidential but can result in enforceable agreements. Many ADR processes will give you an opportunity to test the strengths and weaknesses of your case without adverse impact in the event of a trial. Depending upon the method of ADR you select, it may be the last chance for you to control the outcome of your dispute before you place the decision in the hands of a judge or jury.

<u>**METHODS OF ADR:**</u>

    **A. MEDIATION:** Mediation is one of the most frequently used methods of ADR because it is informal, quick, convenient and confidential. In this process the parties select a neutral mediator who facilitates the identification of issues and areas of agreement and assists in finding a resolution or settlement of the dispute. Since mediation requires the agreement of the parties to resolve the matter, control of the proceedings and a determination of the settlement terms remains completely in the parties' hands. The mediator remains neutral and assists the parties in arriving at terms that are mutually agreeable.

11/01/2007 11:28 FAX  4153985080                BRIAN                                    ☑ 009/015

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

**B. ARBITRATION:** The parties jointly employ a neutral third party or a panel of neutrals to listen to both sides and render a decision. The parties are free to make the arbitrator's decision binding or non-binding. When non-binding, the arbitrator's decision serves as guide or influence upon the parties to bring them closer to settlement. If it is binding, the decision of the arbitrator will be final and generally avoids any further proceedings in the case. Non-binding judicial arbitration may be ordered in certain cases before trial.

**C. EARLY NEUTRAL EVALUATION:** A neutral evaluator is hired by the parties to give an evaluation of the case to help settle it. You or your attorney will be permitted to prepare a written statement, present critical witnesses or other evidence, argue your case to the evaluator, meet separately and confidentially with the evaluator, and utilize the evaluator to communicate any settlement offers to the opposing party.

**D. PRIVATE SETTLEMENT CONFERENCE:** A voluntary settlement conference is similar to early neutral evaluation in that the parties employ a neutral settlement officer who attempts to persuade the parties to accept a compromise position. It is a form of facilitated negotiation in which the settlement officer may express an opinion about the value of the case, the substantive merits of each party's position, and the probable outcome of the trial.

There are various other methods or combinations of methods of ADR, such as summary jury trial, mini-trial, special master and discovery referee. The court encourages the parties to be creative in selecting the process which has the best chance of resolving the case as quickly, effectively, and inexpensively as possible. You will have a chance to review your ADR options at the time of the Early Mediation and Case Management Conference.

The undersigned party is willing to agree to any of the following forms of ADR at this time (for family law and probate actions only). Your selection will inform the other parties in the case of your current thoughts regarding the use of ADR. If all parties agree on a particular ADR method, you will be asked to file a stipulation on the court's form. The stipulation form (Sonoma County Superior Court form #MISC-101) can be found at the court's web site and is available at the court.)

☐  Mediation                                       ☐  Early Neutral Evaluation

☐  Non-binding Private Arbitration                 ☐  Binding Private Arbitration

☐  Voluntary Settlement Conference                 ☐  Summary Jury Trial

☐  Other _____                   ☐  Judicial Arbitration

I / We certify that I / We have read and understood (or have had explained to me / us) the foregoing.

Date: _____

                                         _____
                                         Signature of Party

Date: _____

                                         _____
                                         Signature of Party

Date: _____

                                         _____
                                         Signature of Attorney for Party
                                  ☐  Additional signatures are attached

**NOTE: This form requires the signatures of the parties and their attorney. All parties must complete, file and serve this form in accordance with Sonoma County Superior Court Rules, Rule 16. See Rule 16.3 for specific filing and service instructions.**

11/01/2007 11:28 FAX  4153985080          BRIAN                                    ⌀010/015

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, state bar number, and address) | FOR COURT USE ONLY |
|---|---|
| TELEPHONE NO.:                    FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SONOMA<br>600 ADMINISTRATION DRIVE, ROOM 107-J<br>SANTA ROSA, CALIFORNIA 95403-2878 |
|---|

PLAINTIFF/PETITIONER:

DEFENDANT/RESPONDENT:

| STIPULATION AND ORDER REFERRING MATTER TO ALTERNATIVE DISPUTE RESOLUTION | CASE NUMBER: |
|---|---|
| (Check one):   ☐ UNLIMITED CASE<br>(Amount demanded exceeds $25,000)      ☐ LIMITED CASE<br>(Amount demanded is $25,000 or less) | Date:<br>Time:<br>Location:<br>Assigned Judge: |

The parties hereby stipulate to refer the case to the following Alternate Dispute Resolution Process:

☐  Mediation                          ☐  Non-binding Private Arbitration
☐  Binding Private Arbitration        ☐  Private Settlement Conference
☐  Early Neutral Evaluation           ☐  Judicial Arbitration

The ADR process will be conducted by (name of individual):  _____

Provider's Address:  _____

Provider's Telephone:  _____  Fax:  _____  E-mail address:  _____
☐ No agreement
The ADR process will be conducted on (date):  _____
☐ No agreement

☐  The parties have reached agreement as to the payment of fees of ADR provider.
☐  The parties have not reached agreement as to the payment of fees of ADR provider.

_____
Type or print name of ☐ Party without attorney ☐ Attorney for     (Date and Sign) Attorney or party without
☐ Plaintiff/Petitioner ☐ Defendant/Respondent/Contestant          attorney (Sign in blue ink)

_____
Type or print name of ☐ Party without attorney ☐ Attorney for     (Date and Sign) Attorney or party without
☐ Plaintiff/Petitioner ☐ Defendant/Respondent/Contestant          attorney (Sign in blue ink)

☐  Additional signatures are attached

11619517.tif - 11/1/2007 12:30:04 PM

11/01/2007 11:28 FAX 4153985080        BRIAN                    ☑ 011/015

| PLAINTIFF/PETITIONER: | | CASE NUMBER: |
|---|---|---|
| DEFENDANT/RESPONDENT: | | |

## ORDER

### A REVIEW HEARING IS SCHEDULED AS FOLLOWS:

_____        _____
            Date                            Time

All parties must appear at the Review Hearing.  In the event that the case is settled and a dismissal, a notice of settlement or a judgment is filed at least 3 court days before the scheduled Review Hearing, the Review Hearing will be dropped  and no one should appear. You must check the phone message at _____or go to http://www.SonomaSuperiorCourt.com/tentative/index.html where the tentative dispositions will be posted the day before you are scheduled to come to court to determine if you must appear.

**THE FIRST ATTORNEY OR PARTY LISTED  MUST FILE PROOF OF SERVICE OF A COPY OF THIS ORDER ON ALL PARTIES.**

_____        _____
            Date                     JUDGE OF THE SUPERIOR COURT

# NOTICE

## SONOMA COUNTY SUPERIOR COURT
## CIVIL DIVISION PRO TEM JUDGE PROGRAM

This is to advise that the Civil Division's Pro Tem Judge Program is available to those civil litigants who wish to expedite trial by stipulating to the use of an attorney to serve as Pro Tem Judge. The court maintains a Pro Tem Judge panel, which consists of attorneys sworn by the Court and willing to serve in this capacity. Parties may stipulate to a trial by a Pro Tem Judge of their choice and may inform the Court of such a stipulation by contacting Connie Origer, the Pro Tem Judge Program Coordinator, at (707) 565-6430.

The Program offers three primary benefits to litigants: (1) the date and location of trial can often be scheduled by stipulation of the parties; (2) the trial will take place on the agreed date for trial, thus eliminating the need to trail other cases, and; (3) the trial can be scheduled for full days on a 5 day per week basis, thus shortening the time to try the case. The Program is available for both jury and court trials.

For cases that are tried in 5 days or less (9:00 a.m. to 5:00 p.m., jury or non-jury), the Pro Tem Judge serves at no cost to the parties. For trials that exceed 5 days in length, the parties and the Pro Tem Judge are obliged to agree to a daily fee, not to exceed $1,200 per day, for each full or partial day of trial beginning with the 6th day of trial. Additionally, the Court will charge the parties $656.72 for each day of trial for the Clerk and Court Reporter. The Court discourages the use of overtime and will charge an additional cost of $123.14 for each hour or portion thereof exceeding 8 hours in any day. The parties are also responsible for the payment of jury fees as in any other civil case. Cases in which there are fee waivers are eligible for the Program.

The Court is enthusiastic about this Program and urges all counsel to discuss the availability of the Program and the feasibility of its use with opposing counsel. Counsel must also obtain permission from clients to participation in the Program. To participate in the Program, contact Ms. Origer as soon as possible to discuss trial dates. Ms. Origer will generate and mail all required stipulations and orders with respect to the Program. Parties may obtain additional information on this program by contacting Ms. Origer or by reviewing the court's website at www.sonomasuperiorcourt.com.

Plaintiff is ordered to serve this Notice on all parties and to certify by proof of service filed with the Court that such service has been accomplished within 60 days of the filing of the Complaint.

---

CV-41, New 1/1/07      PETALUMA PRO TEM JUDGE PROGRAM NOTICE

11/01/2007 11:28 FAX  4153885080          BRIAN                                    ☑ 013/015

| ATTORNEY OR PARTY WITHOUT ATTORNEY (*Name & Address*): | FOR COURT USE ONLY |
|---|---|
| Telephone No.:                    FAX No.: | |
| ATTORNEY FOR (Name):              Bar No. | |
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SONOMA<br>600 Administration Drive<br>Santa Rosa, CA 95403<br>Telephone: (707) 521-6500 | |
| PLAINTIFF(S)/PETITIONER(S): | |
| DEFENDANT(S)/RESPONDENT(S): | CASE NUMBER: |

### NOTICE OF SELECTION AS MEDIATOR IN COURT-CONNECTED MEDIATION
(Sonoma County Superior Court Local Rule 16)

Name of Mediator Selected: _____

   PLEASE TAKE NOTICE that the above-referenced matter is subject to Sonoma County Superior Court Local Rule 16 (Rules Applicable to Alternative Dispute Resolution (ADR)). The parties have selected you to serve as the mediator in this matter. Sonoma County Superior Court has a voluntary, market rate mediation program. All mediations conducted in cases covered by Local Rule 16 are court-connected mediations and are subject to the provisions of California Rules of Court, Rules 3.850 et seq. It is your obligation to familiarize yourself with Local Rule 16 and California Rules of Court, Rules 3.850 et seq. before the mediation. PLEASE NOTE: you are required to have the parties complete an Attendance Sheet for Court-Program Mediation of Civil Case (Alternative Dispute Resolution) (Judicial Council form ADR-107) in accordance with California Rules of Court Rule 3.860. The form is available at the web site of the California Courts www.courtinfo.ca.gov.

   If you are not a member of the Sonoma County Superior Court panel of mediators, in order to serve as mediator in this case, you must complete the acceptance below (see CRC Rule 3.851(a) (2)), sign it in the space provided, and file the completed Notice with your original signature with the Court not less than five days before commencement of the mediation. Please also provide a courtesy copy of the completed and signed Notice to the ADR Program Coordinator, 1450 Guerneville Road, Building G, Santa Rosa, California 95403 or by facsimile transmission to (707) 565-7059.

   If you are mediating a case referred to court-connected mediation during calendar year 2007, regardless of the date of the mediation, you are required to complete and return a Mediator's Questionnaire (Sonoma County Superior Court Local form CV-36) within five (5) days after completion or other termination of the mediation. The completed questionnaire may be mailed or faxed to ADR Program Coordinator at the above address or FAX number. The plaintiff should provide the Mediator's Questionnaire to you. The questionnaire is also available on the web site of the Sonoma County Superior Court www.sonomasuperiorcourt.com.

   If you have any questions regarding your selection or service as a mediator in this matter or about the Sonoma County Superior Court ADR Program, please feel free to contact the ADR Program Coordinator at (707) 565-7000 or ADR@sonomacourt.org.

### MEDIATOR'S ACCEPTANCE

I, _____ hereby agree to mediate the above-captioned matter subject to
          (print name)

the conditions stated in this notice.


Dated: _____          _____
                                                     (Mediator's Signature)

CV-36[New. 1/1/07]    **NOTICE OF SELECTION AS MEDIATOR IN COURT-CONNECTED MEDIATION**    Page 1 of 1

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SONOMA<br>CIVIL DIVISION<br>600 ADMINISTRATION DRIVE, ROOM 107-J<br>SANTA ROSA, CALIFORNIA 95403-2878<br>(707) 521-6500<br>www.sonomasuperiorcourt.com | (FOR COURT USE ONLY)<br><br>**ENDORSED<br>FILED**<br><br>OCT 2 2 2007<br><br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF SONOMA |
|---|---|
| **NOTICE OF ASSIGNMENT TO ONE JUDGE FOR ALL PURPOSES,<br>NOTICE OF CASE MANAGEMENT CONFERENCE,<br>and ORDER TO SHOW CAUSE**<br>☐ Collections (see footnote) | Case number<br>SC 241706 |

**A COPY OF THIS NOTICE MUST BE SERVED WITH THE SUMMONS AND COMPLAINT<br>AND WITH ANY CROSS-COMPLAINT**

MARK TANSIL

1. **THIS ACTION IS ASSIGNED TO HON. _____ FOR ALL PURPOSES.**
   Pursuant to California Rules of Court, Rule 2.111(7), the assigned judge's name must appear below the number of the case and the nature of the paper on the first page of each paper presented for filing.

2. A Case Management Conference has been set at the time and place indicated below:

   | Date:<br>Location: | FEB 2 5 2008 | 1450 Guerneville Road<br>Santa Rosa, CA 95403 | Time: 9:00 a.m. | Courtroom: 18 |
   |---|---|---|---|---|

3. No later than 15 calendar days before the date set for the case management conference or review, each party must file a case management statement [Judicial Council form #CM-110] and serve it on all other parties in the case. In lieu of each party's filing a separate case management statement, any two or more parties may file a joint statement.

4. At the conference, counsel for each party and each self-represented party must appear personally or by telephone [California Rules of Court, Rule 3.670(c)(2)]; must be familiar with the case; and must be prepared to discuss and commit to the party's position on the issues listed in California Rules of Court, Rule 3.727.

5. Pre-approved dispositions are recorded three (3) court days prior to the case management conference. These may be obtained by calling (707) 521-6883 or by going to http://www.sonomasuperiorcourt.com/tentative/index.php.

**ORDER TO SHOW CAUSE**

To Plaintiff(s), Cross-complainants, and/or their attorneys of record:

If, on the date shown above, you are not in compliance with timely filing requirements stated in California Rules of Court, Rules 3.110 and/or 3.725, you must then and there show cause why this Court should not impose monetary and/or terminating sanctions.

---

**Telephone appearances are not allowed.** Case Management Conferences in Collections cases incorporate a settlement conference. Counsel/parties *with settlement authority* are required to appear in person.

11/01/2007 11:27 FAX  4153985080          BRIAN                                    ☑003/015

CM-110

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number and address) | FOR COURT USE ONLY |
|---|---|
| TELEPHONE NO  FAX NO (Optional) | |
| E-MAIL ADDRESS (Optional) | |
| ATTORNEY FOR (Name) | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF
STREET ADDRESS
MAILING ADDRESS:
CITY AND ZIP CODE:
BRANCH NAME

PLAINTIFF/PETITIONER:

DEFENDANT/RESPONDENT:

| CASE MANAGEMENT STATEMENT | | CASE NUMBER: |
|---|---|---|
| (Check one):  ☐ UNLIMITED CASE (Amount demanded exceeds $25,000) | ☐ LIMITED CASE (Amount demanded is $25,000 or less) | |

A CASE MANAGEMENT CONFERENCE is scheduled as follows:

Date:                Time:              Dept:              Div.:              Room:

Address of court (if different from the address above):

INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.

1. **Party or parties** (answer one):
   a. ☐ This statement is submitted by party (name):
   b. ☐ This statement is submitted jointly by parties (names):

2. **Complaint and cross-complaint** (to be answered by plaintiffs and cross-complainants only)
   a. The complaint was filed on (date):
   b. ☐ The cross-complaint, if any, was filed on (date):

3. **Service** (to be answered by plaintiffs and cross-complainants only)
   a. ☐ All parties named in the complaint and cross-complaint have been served, or have appeared, or have been dismissed.
   b. ☐ The following parties named in the complaint or cross-complaint
      (1) ☐ have not been served (specify names and explain why not):
      (2) ☐ have been served but have not appeared and have not been dismissed (specify names):
      (3) ☐ have had a default entered against them (specify names):
   c. ☐ The following additional parties may be added (specify names, nature of involvement in case, and the date by which they may be served):

4. **Description of case**
   a. Type of case in ☐ complaint ☐ cross-complaint  (describe, including causes of action):

| Form Adopted for Mandatory Use Judicial Council of California CM-110 [Rev. January 1, 2007] | CASE MANAGEMENT STATEMENT | Cal. Rules of Court, rules 3.720–3.730 www.courtinfo.ca.gov |
|---|---|---|

American LegalNet, Inc.
www.FormsWorkflow.com
11619517

11/01/2007 11:27 FAX  4153885080          BRIAN                                    ☒004/015

| PLAINTIFF/PETITIONER: | | CASE NUMBER: | CM-110 |
|---|---|---|---|
| DEFENDANT/RESPONDENT: | | | |

4. b.   Provide a brief statement of the case, including any damages. *(if personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date (indicate source and amount), estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*

☐   *(if more space is needed, check this box and attach a page designated as Attachment 4b.)*

5.   **Jury or nonjury trial**
The party or parties request ☐ a jury trial ☐ a nonjury trial   *(if more than one party, provide the name of each party requesting a jury trial):*

6.   **Trial date**
a.   ☐ The trial has been set for *(date):*
b.   ☐ No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain):*

c.   Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*

7.   **Estimated length of trial**
The party or parties estimate that the trial will take *(check one):*
a.   ☐ days *(specify number):*
b.   ☐ hours (short causes) *(specify):*

8.   **Trial representation** *(to be answered for each party)*
The party or parties will be represented at trial ☐ by the attorney or party listed in the caption ☐ by the following:
a.   Attorney:
b.   Firm:
c.   Address:
d.   Telephone number:
e.   Fax number:
f.   E-mail address:
g.   Party represented:
☐   Additional representation is described in Attachment 8.

9.   **Preference**
☐   This case is entitled to preference *(specify code section):*

10.   **Alternative Dispute Resolution (ADR)**
a.   Counsel ☐ has ☐ has not   provided the ADR information package identified in rule 3.221 to the client and has reviewed ADR options with the client.
b.   ☐ All parties have agreed to a form of ADR. ADR will be completed by *(date):*
c.   ☐ The case has gone to an ADR process *(indicate status):*

CM-110 [Rev. January 1, 2007]                **CASE MANAGEMENT STATEMENT**                        Page 2 of 4

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER. |
|---|---|
| DEFENDANT/RESPONDENT: | |

10 d.   The party or parties are willing to participate in *(check all that apply):*
    (1) ☐ Mediation
    (2) ☐ Nonbinding judicial arbitration under Code of Civil Procedure section 1141.12 (discovery to close 15 days before arbitration under Cal. Rules of Court, rule 3.822)
    (3) ☐ Nonbinding judicial arbitration under Code of Civil Procedure section 1141.12 (discovery to remain open until 30 days before trial; order required under Cal. Rules of Court, rule 3.822)
    (4) ☐ Binding judicial arbitration
    (5) ☐ Binding private arbitration
    (6) ☐ Neutral case evaluation
    (7) ☐ Other *(specify):*

  e.   ☐ This matter is subject to mandatory judicial arbitration because the amount in controversy does not exceed the statutory limit.
  f.   ☐ Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.
  g.   ☐ This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court *(specify exemption):*

**11. Settlement conference**
    ☐ The party or parties are willing to participate in an early settlement conference *(specify when):*

**12 Insurance**
  a.   ☐ Insurance carrier, if any, for party filing this statement *(name):*
  b.   Reservation of rights:  ☐ Yes  ☐ No
  c.   ☐ Coverage issues will significantly affect resolution of this case *(explain):*

**13. Jurisdiction**
Indicate any matters that may affect the court's jurisdiction or processing of this case, and describe the status.
    ☐ Bankruptcy  ☐ Other *(specify):*
    Status:

**14. Related cases, consolidation, and coordination**
  a.   ☐ There are companion, underlying, or related cases.
    (1) Name of case:
    (2) Name of court:
    (3) Case number:
    (4) Status:
    ☐ Additional cases are described in Attachment 14a.
  b.   ☐ A motion to  ☐ consolidate  ☐ coordinate  will be filed by *(name party):*

**15. Bifurcation**
    ☐ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons):*

**16. Other motions**
    ☐ The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues):*

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

**17. Discovery**
  a. ☐ The party or parties have completed all discovery.
  b. ☐ The following discovery will be completed by the date specified *(describe all anticipated discovery)*:

| Party | Description | Date |
|---|---|---|
| | | |

  c. ☐ The following discovery issues are anticipated *(specify)*:

**18. Economic Litigation**
  a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90 through 98 will apply to this case.
  b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case)*:

**19. Other issues**
  ☐ The party or parties request that the following additional matters be considered or determined at the case management conference *(specify)*:

**20. Meet and confer**
  a. ☐ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court *(if not, explain)*:

  b. After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following *(specify)*:

**21. Case management orders**
  Previous case management orders in this case are *(check one)*:     ☐ none   ☐ attached as Attachment 21.

**22. Total number of pages attached *(if any)*:** _____

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and ADR, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date:

_____          ▶ _____
(TYPE OR PRINT NAME)                              (SIGNATURE OF PARTY OR ATTORNEY)

_____          ▶ _____
(TYPE OR PRINT NAME)                              (SIGNATURE OF PARTY OR ATTORNEY)
                                                  ☐ Additional signatures are attached

CM-110 [Rev. January 1, 2007]          **CASE MANAGEMENT STATEMENT**          Page 4 of 4

11/01/2007 11:29 FAX  4153985080          BRIAN                              ☑015/015

10/19/2007 14:18 FAX  4153985080          BRIAN                              ☑004/004

                                                                                    SUM-100

## SUMMONS
### (CITACION JUDICIAL)

| | |
|---|---|
| **NOTICE TO DEFENDANT:**<br>*(AVISO AL DEMANDADO):*<br>Atlas Hospitality Group, Hedmark VIII, L.L.C., Westland Financial III,<br>L.L.C., Justin B. Myers and Does 1-100<br><br>**YOU ARE BEING SUED BY PLAINTIFF:**<br>*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*<br>Douglas Keane | *FOR COURT USE ONLY*<br>*(SOLO PARA USO DE LA CORTE)*<br><br>**ENDORSED**<br>**FILED**<br><br>OCT 2 2 2007<br><br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF SONOMA |

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>Sonoma Co, County Superior Court. 600 Administration Drive, Santa<br>Rosa. CA 95403 | CASE NUMBER:<br>*(Número del Caso):*<br>**SCV**<br>**241706** |

The name, address and telephone number of plaintiff's attorney, or plaintiff without an attorney, is.
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado es):*
Christopher Keane Brian larsen, 530 Jackson St., 2nd Floor, San Francisco, CA 94133 (415) 398-2777

| DATE<br>*(Fecha)* OCT 2 2 2007 | Clerk, by<br>*(Secretaria)* KIM MURPHY<br>DENISE L. GORDON | , Deputy<br>*(Adjunto)* |
|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons. (POS-010))*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):* Hedmark VIII, LLC

   under: ☒ CCP 416.10 (corporation)      ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)     ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
   ☒ other *(specify):* a limited liability corporation
4. ☐ by personal delivery on *(date)*

                                                                                    Page 1 of 1

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. January 1, 2004] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>American LegalNet, Inc.  www.USCourtForms.com |
|---|---|---|

## EXHIBIT B