**Christopher J. Keane (SB# 194848)**
530 Jackson Street, Second Floor
San Francisco, CA 94133
Telephone: (415) 398-2777
Fax: (415) 520-2282
E-mail: ckeane@keanelaw.com
Attorney for Plaintiff/Counter-Defendant, Douglas Keane

**Brian L. Larsen (SB# 158252)**
530 Jackson Street, Second Floor
San Francisco, CA 94133
Telephone: (415) 398-5000
Fax: (415) 398-5080
E-mail: blarsen5000@yahoo.com
Attorney for Plaintiff/Counter-Defendant, Douglas Keane

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

(SAN FRANCISCO DIVISION)

| | |
|---|---|
| DOUGLAS KEANE, | Case No.: 07-cv-06074 EMC |
| Plaintiff/Counter-Defendant, | **ANSWER AND AFFIRMATIVE DEFENSES OF PLAINTIFF/ COUNTER-DEFENDANT, DOUGLAS KEANE, TO COUNTERCLAIMS OF DEFENDANT, WESTLAND FINANCIAL III, L.L.C., AND DEMAND FOR JURY TRIAL** |
| v. | |
| ATLAS HOSPITALITY GROUP, and JUSTIN B. MYERS, DOES 1 to 100, and HEDMARK VIII, L.L.C., | |
| Defendants, | **COUNTERCLAIMS FILED: 12/5/2007** |
| and | **JUDGE: HON. EDWARD M. CHEN** |
| WESTLAND FINANCIAL III, L.L.C., | |
| Defendant/Counter-Plaintiff, | |

1

**ANSWER OF PLAINTIFF/COUNTER-DEFENDANT, DOUGLAS KEANE, TO COUNTERCLAIMS OF DEFENDANT/COUNTER-PLAINTIFF, <u>WESTLAND FINANCIAL III, L.L.C.</u>**

Plaintiff/Counter-Defendant, DOUGLAS KEANE, submits the following answer to the counterclaims filed by Defendant/Counter-Plaintiff, WESTLAND FINANCIAL III, L.L.C.:

**<u>FIRST CLAIM FOR RELIEF</u>**
**(Misappropriation of Trade Secrets)**

1. As to paragraph one, denied as untrue.
2. As to paragraph two, Plaintiff/Counter-Defendant is without sufficient information to form a belief as to the truth of the allegations contained in said paragraph and on that basis denies each and every allegation therein.
3. As to paragraph three, admitted as true.
4. As to paragraph four, Plaintiff/Counter-Defendant is without sufficient information to form a belief as to the truth of the allegations contained in said paragraph and on that basis denies each and every allegation therein.
5. As to paragraph five, denied that the lease is between Hburg Restaurants, L.L.C. and Westland Financial III, L.L.C.  Hburg Restaurants, L.L.C has been notified that the lease between Hburg Restaurants, L.L.C. and Westland Financial III, L.L.C. was assigned to Hedmark VIII, L.L.C. The remainder of the allegation is admitted as true.
6. As to paragraph six, Plaintiff/Counter-Defendant is without sufficient information to form a belief as to the truth of the allegations contained in said paragraph and on that basis denies each and every allegation therein.
7. As to paragraph seven, Plaintiff/Counter-Defendant is without sufficient information to form a belief as to the truth of the allegations contained in said paragraph and on that basis denies each and every allegation therein.

2

Case 07-cv-06074 EMC; Answer and Affirmative Defenses of Plaintiff/Counter-Defendant, Douglas Keane, to Counterclaims of Defendant/Counter-Plaintiff, Westland Financial III, L.L.C.

8. As to paragraph eight, Plaintiff/Counter-Defendant is without sufficient information to form a belief as to the truth of the allegations contained in said paragraph and on that basis denies each and every allegation therein.

9. As to paragraph nine, Plaintiff/Counter-Defendant is without sufficient information to form a belief as to the truth of the allegations contained in said paragraph and on that basis denies each and every allegation therein.

10. As to paragraph ten, Plaintiff/Counter-Defendant is without sufficient information to form a belief as to the truth of the allegations contained in said paragraph and on that basis denies each and every allegation therein.

11. As to paragraph eleven, denied as untrue.

12. As to paragraph twelve, denied as untrue.

13. As to paragraph thirteen, denied as untrue.

## FIRST CLAIM FOR RELIEF
### (Misappropriation of Trade Secrets)

14. As to paragraph fourteen, Plaintiff/Counter-Defendant incorporates and realleges each and every of its answers to paragraphs 1-13 as if set forth herein verbatim.

15. As to paragraph fifteen, denied as untrue.

16. As to paragraph sixteen, denied as untrue.

17. As to paragraph seventeen, denied as untrue.

18. As to paragraph eighteen, denied as untrue.

19. As to paragraph nineteen, denied as untrue.

20. As to paragraph twenty, denied as untrue.

## SECOND CLAIM FOR RELIEF
### (Intentional Interference with Prospective Business Advantage)

21. As to paragraph twenty-one, Plaintiff/Counter-Defendant incorporates and realleges each and every of its answers to paragraphs 1-20 as if set forth herein verbatim.

22. As to paragraph twenty-two, denied as untrue.

23. As to paragraph twenty-three, denied as untrue.

24. As to paragraph twenty-four, denied as untrue.

25. As to paragraph twenty-five, denied as untrue.

26. As to paragraph twenty-six, denied as untrue.

27. As to paragraph twenty-seven, denied as untrue.

28. As to paragraph twenty-eight, denied as untrue.

## REQUEST FOR RELIEF

Wherefore, Plaintiff/Counter-Defendant, DOUGLAS KEANE, requests that this Honorable Court enter judgment in his favor and against Defendant/Counter-Plaintiff, WESTLAND FINANCIAL III, L.L.C., as follows:

### AS TO FIRST CLAIM FOR RELIEF
**(Misappropriation of Trade Secrets)**

1) That judgment be entered in favor of Plaintiff/Counter-Defendant, DOUGLAS KEANE.
2) That Defendant/Counter-Plaintiff, Westland Financial III, be awarded nothing by virtue of its counterclaim against Plaintiff/Counter-Defendant, DOUGLAS KEANE.
3) That Plaintiff/Counter-Defendant, DOUGLAS KEANE, be awarded costs associated with this counterclaim and attorney fees incurred in defending this counterclaim.
4) That this Honorable Court order all other appropriate relief in favor of Plaintiff/Counter-Defendant, DOUGLAS KEANE.

### AS TO SECOND CLAIM FOR RELIEF
**(Intentional Interference with Prospective Business Advantage)**

1) That judgment be entered in favor of Plaintiff/Counter-Defendant, DOUGLAS KEANE.

Case 07-cv-06074 EMC; Answer and Affirmative Defenses of Plaintiff/Counter-Defendant, Douglas Keane, to Counterclaims of Defendant/Counter-Plaintiff, Westland Financial III, L.L.C.

2) That Defendant/Counter-Plaintiff, Westland Financial III, be awarded nothing by virtue of its counterclaim against Plaintiff/Counter-Defendant, DOUGLAS KEANE.

3) That Plaintiff/Counter-Defendant, DOUGLAS KEANE, be awarded costs associated with this counterclaim and attorney fees incurred in defending this counterclaim.

4) That this Honorable Court order all other appropriate relief in favor of Plaintiff/Counter-Defendant, DOUGLAS KEANE.

## AFFIRMATIVE DEFENSES

Plaintiff/Counter-Defendant, DOUGLAS KEANE, asserts these affirmative defenses as separate defenses to each and every counterclaim made by Defendant/Counter-Plaintiff, WESTLAND FINANCIAL III, L.L.C.:

### First Affirmative Defense
### (Privilege)

Each, every and all matters complained of in both of the Westland Financial III, L.L.C. counterclaims ("First Claim for Relief - Misappropriation of Trade Secrets" and "Second Claim for Relief – Intentional Interference with Prospective Business Advantage") are based upon speech, petition and action which are privileged and protected, and the counterclaims are barred by virtue of the litigation privilege afforded to Plaintiff/Counter-Defendant, Douglas Keane, under both statutory protection (California Civil Code § 47) and state common law which are to be applied by this Honorable Court pursuant to Federal Rule of Evidence 501.

### Second Affirmative Defense
### (Petition Clause)

Each, every and all matters complained of in both of the Westland Financial III, L.L.C. counterclaims ("First Claim for Relief - Misappropriation of Trade Secrets" and "Second Claim for Relief –

5

Case 07-cv-06074 EMC; Answer and Affirmative Defenses of Plaintiff/Counter-Defendant, Douglas Keane, to Counterclaims of Defendant/Counter-Plaintiff, Westland Financial III, L.L.C.

Intentional Interference with Prospective Business Advantage") are based upon speech, petition and action which are privileged and protected, and the counterclaims are barred by the Petition Clause of the California Constitution, Article I, §3, which are to be applied by this Honorable Court pursuant to Federal Rule of Evidence 501 and/or by virtue of the Petition Clause of the United States Constitution, Amendment I.

### Third Affirmative Defense
### (Lack of Jurisdiction over the Subject Matter)

Each, every and all matters complained of in both of the Westland Financial III, L.L.C. counterclaims ("First Claim for Relief - Misappropriation of Trade Secrets" and "Second Claim for Relief – Intentional Interference with Prospective Business Advantage") are not subject to the subject matter jurisdiction of this Honorable Court, and Plaintiff/Counter-Defendant, Douglas Keane, hereby suggests that this Honorable Court has no subject matter jurisdiction pursuant to F.R.C.P 12(h)(3).  This action is before this Honorable Court by virtue of removal effectuated by Defendants, purportedly but incorrectly pursuant to the federal question jurisdiction statute, 28 U.S.C 1331.  The causes of action asserted by Counter-Plaintiff, Westland Financial III, L.L.C., are based solely upon State of California law.  The first asserted claim ("First Claim for Relief - Misappropriation of Trade Secrets") is purportedly but incorrectly brought pursuant to the California Uniform Trade Secrets Act.  This is a State of California statute, and does not present a federal question.  The second asserted claim ("Second Claim for Relief – Intentional Interference with Prospective Business Advantage") is a state common law tort theory, is not based upon a federal statute and, likewise, does not present a federal question.  Further, there is no diversity of citizenship between Plaintiff//Counter-Defendant, Douglas Keane, and Defendants, Atlas Hospitality Group, Inc. and/or Justin Meyers, all of whom are citizens of the State of California and, therefore, this Honorable Court lacks subject matter jurisdiction over this action pursuant to 28 U.S.C

6

Case 07-cv-06074 EMC; Answer and Affirmative Defenses of Plaintiff/Counter-Defendant, Douglas Keane, to Counterclaims of Defendant/Counter-Plaintiff, Westland Financial III, L.L.C.

§1332. The supplemental jurisdiction statute of the federal courts (28 U.S.C. 1367) is inapplicable. There must be a federal question which this Honorable Court is deciding before this Honorable Court can exercise supplemental jurisdiction over state law claims. Westland Financial III, L.L.C. has asserted two (2) state law claims, only. This Honorable Court may dismiss this action *sua sponte* pursuant to F.R.C.P 12(h)(3).

### Fourth Affirmative Defense
**(Failure to State a Claim Upon Which Relief Can Be Granted)**

Each, every and all matters complained of in the first Westland Financial III, L.L.C. counterclaim ("First Claim for Relief - Misappropriation of Trade Secrets") fail to state a claim upon which relief can be granted. This includes but is not limited to the following. The alleged "trade secrets", including that the hotel was being offered for sale to select parties and the proposed sales price, do not constitute trade secrets pursuant to California Civil Code §3426.1(d). There were no "improper means" used by Plaintiff/Counter-Defendant, Douglas Keane, or alleged as required pursuant to California Civil Code §3426.1(a). There was no "misappropriation" used by Plaintiff/Counter-Defendant, Douglas Keane, or alleged as required pursuant to §3426.1(b).

Each, every and all matters complained of in the second Westland Financial III, L.L.C. counterclaim ("Second Claim for Relief - Intentional Interference with Prospective Business Advantage") fail to state claim upon which relief can be granted. This includes but is not limited to the following. There was not in existence a valid contract and/or business relationship between anyone in which Plaintiff/Counter-Defendant, Douglas Keane, interfered at any time, including but not limited to the time alleged by Westland Financial III, L.L.C. There was no knowledge by Plaintiff/Counter-Defendant, Douglas Keane, of a valid contract between and/or business relationship between anyone in which Plaintiff/Counter-Defendant, Douglas Keane, interfered at any time, including but not limited to the time alleged by Westland Financial III, L.L.C. There was no intentional act by Plaintiff/Counter-Defendant, Douglas Keane, designed to induce a breach or disruption of any contractual and/or business

7

Case 07-cv-06074 EMC; Answer and Affirmative Defenses of Plaintiff/Counter-Defendant, Douglas Keane, to Counterclaims of Defendant/Counter-Plaintiff, Westland Financial III, L.L.C.

relationship, if any existed at the applicable time period, which is denied.  There was no actual breach or disruption of any contractual or business relationship, if any existed at the applicable time period, by Plaintiff/Counter-Defendant, Douglas Keane.  There was no damage caused to Westland Financial III, L.L.C. as a result of any actions, speech and/or petition by Plaintiff/Counter-Defendant, Douglas Keane, and/or any alleged damages are speculative.

### **Fourth Affirmative Defense**
**(Waiver)**

Each, every and all matters complained of in both of the Westland Financial III, L.L.C. counterclaims ("First Claim for Relief - Misappropriation of Trade Secrets" and  "Second Claim for Relief – Intentional Interference with Prospective Business Advantage") are waived and the counterclaims are barred.  Any potential rights to protection of the sale of the hotel and/or sale price of the hotel, or other alleged "trade secrets" or interference with prospective business relationship, as claimed by Defendant/Counter-Plaintiff, Westland Financial III, L.L.C., all of which are herein denied, were waived by Westland Financial III, L.L.C., because one or more of its members, officers, consultants, brokers, agents, servants, borrowed servants, contractors and/or privies, including but perhaps not limited to David Mars, had voluntarily disclosed both the fact that the hotel was for sale and the purchase price of the hotel to persons without expectation and/or request and/or contract to maintain any such facts secret. Further, this disclosure was done by Westland Financial III, L.L.C., through one or more of its members, officers, consultants, brokers, agents, servants, borrowed servants, contractors and/or privies, before Plaintiff/Counter Defendant, Douglas Keane, filed his state law action which was removed to this Honorable Court, and which state law action is the sole basis for  the counterclaims asserted by Westland Financial III, L.L.C.

Case 07-cv-06074 EMC; Answer and Affirmative Defenses of Plaintiff/Counter-Defendant, Douglas Keane, to Counterclaims of Defendant/Counter-Plaintiff, Westland Financial III, L.L.C.

### Fifth Affirmative Defense
**(Estoppel)**

Each, every and all matters complained of in both of the Westland Financial III, L.L.C. counterclaims ("First Claim for Relief - Misappropriation of Trade Secrets" and "Second Claim for Relief – Intentional Interference with Prospective Business Advantage") are barred by the doctrine of estoppel. Any potential rights to protection of the sale of the hotel and/or sale price of the hotel, or other alleged "trade secrets" or interference with prospective business relationship, as claimed by Defendant/Counter-Plaintiff, Westland Financial III, L.L.C., all of which are herein denied, were waived by Westland Financial III, L.L.C., because one or more of its members, officers, consultants, brokers, agents, servants, borrowed servants, contractors and/or privies, including but perhaps not limited to David Mars, had voluntarily disclosed both the fact that the hotel was for sale and the purchase price of the hotel to persons without expectation and/or request and/or contract to maintain any such facts secret. Further, this disclosure was done by Westland Financial III, L.L.C., through one or more of its members, officers, consultants, brokers, agents, servants, borrowed servants, contractors and/or privies, before Plaintiff/Counter-Defendant, Douglas Keane, filed his state law action which was removed to this court, and which state law action is the sole basis for the counterclaims asserted by Westland Financial III, L.L.C.

### Sixth Affirmative Defense
**(Consent)**

Each, every and all matters complained of in both of the Westland Financial III, L.L.C. counterclaims ("First Claim for Relief - Misappropriation of Trade Secrets" and "Second Claim for Relief – Intentional Interference with Prospective Business Advantage") are waived and the counterclaims are barred by virtue of the legal doctrine of consent. Any potential rights to protection of the sale of the hotel and/or sale price of the hotel, or other alleged "trade secrets" or interference with prospective business relationship, as claimed by Defendant/Counter-Plaintiff, Westland Financial III, L.L.C., all of which are herein denied, were waived by Westland Financial III, L.L.C., because one or more of its members, officers, consultants, brokers, agents, servants, borrowed servants, contractors and/or privies,
9

Case 07-cv-06074 EMC; Answer and Affirmative Defenses of Plaintiff/Counter-Defendant, Douglas Keane, to Counterclaims of Defendant/Counter-Plaintiff, Westland Financial III, L.L.C.

including but perhaps not limited to David Mars, had voluntarily disclosed both the fact that the hotel was for sale and the purchase price of the hotel to persons without expectation and/or request and/or contract to maintain any such facts secret.  Further, this disclosure was done by Westland Financial III, L.L.C., through one or more of its members, officers, consultants, brokers, agents, servants, borrowed servants, contractors and/or privies, before Plaintiff/Counter Defendant, Douglas Keane, filed his state law action which was removed to this court, and which state law action is the sole basis for the counterclaims asserted by Westland Financial III, L.L.C.

### Seventh Affirmative Defense
### (Unclean Hands)

Each, every and all matters complained of in both of the Westland Financial III, L.L.C. counterclaims ("First Claim for Relief - Misappropriation of Trade Secrets" and  "Second Claim for Relief – Intentional Interference with Prospective Business Advantage") are barred by the doctrine of unclean hands.

### Eighth Affirmative Defense
### (Failure to Mitigate Damages)

Defendant/Counter-Plaintiff, Westland Financial III, L.L.C., has failed to mitigate its damages, if any, and its claims for damages which could have been mitigated are barred.   This includes but is not limited to failure to avail itself of measures afforded under the California Uniform Trade Secrets Act set forth in California Civil Code § 3426.5 and California Civil Code § 3426.2, including but not limited to sealing the record and/or obtaining a protective order.

### Ninth Affirmative Defense
### (Intentional and/or Negligent Acts of Defendant/Counter-Plaintiff)

Plaintiff/Counter-Defendant, Douglas Keane, hereby asserts that persons and entities other than him intentionally and/or negligently disclosed both the fact that the hotel was for sale and the purchase price of the hotel to persons without expectation and/or request and/or contract to maintain any such facts

10

Case 07-cv-06074 EMC; Answer and Affirmative Defenses of Plaintiff/Counter-Defendant, Douglas Keane, to Counterclaims of Defendant/Counter-Plaintiff, Westland Financial III, L.L.C.

secret, including but not limited to Westland Financial III, L.L.C. and or any of their officers, employees, agents, servants, borrowed servants, contractors, brokers and privies, including but perhaps not limited to David Mars. Any and all events and happenings in connection with the allegations contained in the counterclaims of Defendant/Counter-Plaintiff, Westland Financial III, L.L.C., were caused and contributed to by said persons and entities, and if Defendant/Counter-Plaintiff, Westland Financial III, L.L.C., recovers any sum whatsoever herein, such sum must be reduced in proportion to the extent that such negligence and other legal fault was a substantial factor in causing or contributing to Defendant/Counter-Plaintiff, Westland Financial III, L.L.C.'s claimed injuries and damages and if there is a verdict against this Plaintiff/Counter-Defendant, Douglas Keane, said verdict should be reduced in proportion to the liability of this answering Plaintiff/Counter-Defendant, Douglas Keane.

### Tenth Affirmative Defense
(Intentional and/or Negligent Acts of Others)

Plaintiff/Counter-Defendant, Douglas Keane, hereby asserts that persons and entities other than him intentionally and/or negligently disclosed both the fact that the hotel was for sale and the purchase price of the hotel to persons without expectation and/or request and/or contract to maintain any such facts secret, including but not limited to David Mars, Hedmark VIII, L.L.C., Atlas Hospitality Group, Inc., and or any of their officers, employees, agents, servants, borrowed servants, contractors, brokers, and even other persons outside of and unaffiliated with Westland Financial III, L.L.C., Hedmark VIII, L.L.C. and Atlas Hospitality Group, Inc. Any and all events and happenings in connection with the allegations contained in the counterclaims of Defendant/Counter-Plaintiff, Westland Financial III, L.L.C., were caused and contributed to by said persons and entities, other than Plaintiff/Counter-Defendant, Douglas Keane, and if Defendant/Counter-Plaintiff, Westland Financial III, L.L.C., recovers any sum whatsoever herein, such sum must be reduced in proportion to the extent that such negligence and other legal fault was a substantial factor in causing or contributing to Defendant/Counter-Plaintiff, Westland Financial III, L.L.C.'s claimed injuries and damages and if there is a verdict against this Plaintiff/Counter-Defendant, Douglas Keane, said verdict should be reduced in proportion to the liability of this answering Plaintiff/Counter-Defendant, Douglas Keane. And, to the extent this is necessary, this answering Plaintiff/Counter-Defendant, Douglas Keane, may be entitled to partial and/or complete

11

Case 07-cv-06074 EMC; Answer and Affirmative Defenses of Plaintiff/Counter-Defendant, Douglas Keane, to Counterclaims of Defendant/Counter-Plaintiff, Westland Financial III, L.L.C.

indemnity from others, including but not limited to David Mars, Hedmark VIII, L.L.C., Atlas Hospitality Group, Inc., and or any of their officers, employees, agents, servants, borrowed servants, contractors, brokers, Justin Meyers, Alex Reay, and even other persons outside of and unaffiliated with Westland Financial III.

### Eleventh Affirmative Defense
**(Failure to State Special Damage)**

Each, every and all matters complained of in both of the Westland Financial III, L.L.C. counterclaims ("First Claim for Relief - Misappropriation of Trade Secrets" and "Second Claim for Relief – Intentional Interference with Prospective Business Advantage") which seek special damages are barred pursuant to F.R.C.P 9, as the same have not been specifically stated within the counterclaims of Westland Financial III, L.L.C.

### Twelfth Affirmative Defense
**(Lack of Capacity to Sue)**

Each, every and all matters complained of in both of the Westland Financial III, L.L.C. counterclaims ("First Claim for Relief - Misappropriation of Trade Secrets" and "Second Claim for Relief – Intentional Interference with Prospective Business Advantage") are barred because Westland Financial III, L.L.C. has assigned its interest in the Les Mars hotel to Hedmark VIII, L.L.C.

**I hereby attest that I have on file all holograph signatures for any signatures indicated by a "conformed" signature (/S/) within this efiled document.**

By: /s/ Christopher J. Keane
Attorney for Plaintiff/Counter-Defendant, Douglas Keane

By: /s/ Brian L. Larsen
Attorney for Plaintiff/Counter-Defendant, Douglas Keane

Dated: December 22, 2007

12

Case 07-cv-06074 EMC; Answer and Affirmative Defenses of Plaintiff/Counter-Defendant, Douglas Keane, to Counterclaims of Defendant/Counter-Plaintiff, Westland Financial III, L.L.C.