FOLGER LEVIN & KAHN LLP
Michael A. Kahn (CSB No. 57432, mkahn@flk.com)
Joel D. Smith (CSB No. 244902, jsmith@flk.com)
Embarcadero Center West
275 Battery Street, 23rd Floor
San Francisco, CA 94111
Telephone: (415) 986-2800
Facsimile: (415) 986-2827

Attorneys for Plaintiff
Douglas Keane

Christopher J. Keane (CSB No. 194848, ckeane@keanelaw.com)
530 Jackson Street, Second Floor
San Francisco, CA 94133
Telephone: (415) 398-2777
Fax: (415) 520-2282

Attorneys for Plaintiff
Douglas Keane

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| DOUGLAS KEANE,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>ATLAS HOSPITALITY GROUP, HEDMARK VIII, LLC and WESTLAND FINANCIAL III, LLC and JUSTIN B. MYERS.<br><br>　　　　　Defendants. | Case No. C 07-06074 EMC<br><br>**NOTICE OF MOTION AND MOTION TO REMAND FOR LACK OF SUBJECT MATTER JURISDICTION.**<br><br>Date: March 12, 2008<br>Time: 10:30 a.m.<br>Place: Courtroom C, 15th floor<br>Judge: Hon. Edward M. Chen |

TO RESPONDENTS AND THEIR ATTORNEY OF RECORD:

PLEASE TAKE NOTICE THAT on March 12, 2008 at 10:30 a.m., or as soon thereafter as the matter may be heard, Plaintiff Douglas Keane will and hereby does move the Court in Courtroom C, 450 Golden Gate Avenue, San Francisco, California, for an order remanding the above-captioned matter from the United States District Court for the Northern District of

California back to the Superior Court of the State of California, County of Sonoma.

This motion to remand is made on the grounds that there is no subject matter jurisdiction over the matter: Mr. Keane's claims against Atlas Hospitality Group, Hedmark VIII, L.L.C., Westland Financial III, L.L.C., and Justin B. Myers (collectively, "Defendants") do not arise under federal law, and there is no dispute that the parties are non-diverse.

This motion is based on this (1) Notice of Motion and the Memorandum of Points and Authorities filed herewith; (2) the Declaration of Joel D. Smith; and (3) all of the papers on file in this action.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.     INTRODUCTION

This case, which involves non-diverse parties and no federal claims by either party, originated in the Superior Court of the State of California, County of Sonoma, after Plaintiff Douglas Keane filed California statutory and common law claims arising from the misappropriation of his name and image for commercial purposes. Lacking any objectively reasonable basis to conclude that federal copyright law preempts Mr. Keane's claims, Defendants wrongly removed this matter to the federal courts—a maneuver that has improperly increased the time and expense of litigating this matter. Mr. Keane therefore asks this court to remand this matter back to state court for the following reasons:

First, it is well settled that the Copyright Act does <u>not</u> preempt state law claims for misappropriation of a plaintiff's name and image. Courts hold so for the simple reason that <u>names and images are not copyrightable</u>. There is no preemption of such claims even where the name and image are embedded in a copyrightable medium.

Second, federal removal jurisdiction is not created by a defense of preemption where, as here, there is no "complete preemption" by federal law. California courts can and do decide questions of federal law, including questions of federal preemption under the Copyright Act.

### II.     FACTS

Plaintiff Douglas Keane is the executive chef and owner of Cyrus Restaurant, located in the same building as the Les Mars Hotel in Healdsburg, California. Cyrus Restaurant rents its

1  restaurant space from Defendants Hedmark VIII, LLC and Westland Financial III, LLC, the
2  owners of Les Mars Hotel. On or around July, 2007, Mr. Keane learned that Defendants
3  authorized and created a sales prospectus offering the Les Mars Hotel for sale, which they
4  distributed to prospective buyers. (Plaintiff's Complaint, at ¶ 7, [Ex. 1].[1]) Mr. Keane later
5  learned that two full pages of the sales prospectus exploited his name and image to promote the
6  sale of the hotel, a fact which the Defendants unsuccessfully attempted to hide from him. (*See*
7  *id.*, at ¶¶ 161-68.)
8      In October 2007, Mr. Keane filed a complaint in the Superior Court of the State of
9  California, County of Sonoma, alleging eight causes of action under California Civil Code section
10 3344 and one common law cause of action for misappropriation of Mr. Keane's name and image
11 for commercial purposes. Mr. Keane's complaint asserted no federal causes of action, nor did it
12 make any allegations concerning the copyright status or ownership of any works of authorship.
13 The sole concern of the complaint is the misappropriation of Mr. Keane's name and image.
14     Nonetheless, each of the Defendants answered as an affirmative defense to Mr. Keane's
15 complaint that all of his causes of action were preempted by the provisions of the Copyright Act,
16 17, U.S.C. § 101 *et seq*. (Defendant Atlas Hospitality Group's Answer, Sixth Affirmative
17 Defense, [Ex. 2]; Defendants Hedmark VIII's and Westland Financial III's Answer, Second
18 Affirmative Defense, [Ex. 3].) In November 2007, Defendants removed this matter to this Court,
19 alleging that "Plaintiff's claims under Calif. Civil Code § 3344 and common law right to privacy
20 claims arise from the alleged publication of purportedly copyrighted materials . . . which
21 copyrights are owned either by the listed publications or by Cyrus Restaurant." (Notice of
22 Removal, at p.2, [Ex. 4].)
23     **III.    ARGUMENT**
24     Federal removal jurisdiction pursuant to 28 U.S.C. § 1441 is available only where the case
25 could have been filed originally in federal court on diversity or federal question grounds. *Snow v.*

---

[1] The Exhibits cited herein in brackets are attached to the Declaration of Joel D. Smith In Support of the Motion To Remand For Lack Of Subject Matter Jurisdiction.

*Ford Motor Co.*, 561 F.2d 787, 789 (9th Cir. 1977). Due to the "strong presumption" against removal, the defendant always bears the burden of establishing that removal is proper. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Id.* Here, the Court lacks subject matter jurisdiction because none of Mr. Keane's causes of action arise from or are preempted by federal law, and there is no dispute that the parties are non-diverse.[2]

### A. The Copyright Act Does Not Preempt Mr. Keane's State Law Claims For Misappropriation Of His Name And Image.

It is well settled that the Copyright Act does not preempt state law claims for misappropriation of a plaintiff's name and image for the simple reason that <u>neither are copyrightable</u>. *E.g.*, *Downing v. Abercrombie & Fitch*, 265 F.3d 994, 1004 (9th Cir. 2001); *Laws v. Sony Music Entm't, Inc.*, 294 F.Supp. 2d 1160, 1163 (C.D. Cal. 2003), *aff'd* 448 F.2d 1134 (9th Cir. 2006) ("person's name, voice, likeness, and overall persona are not copyrightable."); *KNB Enterprises v. Matthews*, 78 Cal. App. 4th 362, 365 (2000); *see Fleet v. CBS*, *Inc*, 50 Cal. App. 4th 1911, 1920 (1996) ("The celebrity who has merely had his picture taken has not engaged in a 'dramatic work' or 'work of authorship'" subject to the Copyright Act). This principal holds true even where the misappropriation is embedded in a copyrightable medium and where the plaintiff <u>could have</u> pursued a federal copyright infringement action rather than seek damages under a statutory or common law right of publicity claim. *See KNB Enterprises*, 78 Cal. App. 4th at 364; *Michaels v. Internet Enter. Group*, *Inc*., 5 F.Supp. 2d 823, 837 (C.D. Cal. 1998) (copyright holders entitled to injunction barring unauthorized display of video on grounds that their rights of publicity under California law were violated).

The rule that the Copyright Act does not preempt California's statutory and common-law protections against commercial misappropriation of an individual's name and likeness is set forth

---

[2] Defendants did not remove this matter on the basis of diversity jurisdiction, nor can there be diversity because the Mr. Keane shares citizenship with all of the defendants, either by citizenship or by virtue of their principal place of business. *See Strotek Corp. v. Air Transport Ass'n of* America, 300 F.3d 1129, 1131 (9th Cir. 2002).

in the Ninth Circuit's opinion in *Downing*. *Downing*, 265 F.3d at 1003-05. In *Downing*, Abercrombie published in its clothing catalog a photo of the plaintiffs participating in a surf championship in Hawaii in 1965. *Id.* at 1000. Abercrombie had purchased the photograph from the photographer (who held the copyright), and identified the plaintiffs by name. *Id.* By doing so, the catalog suggested that the plaintiffs endorsed Abercrombie's clothing line. The lower court erroneously granted summary judgment for defendants under the theory that the federal Copyright Act preempted right of publicity claims brought under California Civil Code section 3344 and state common law. *Id.*

In reversing the trial court's decision, the *Downing* court explained, "In order for preemption to occur under the federal Copyright Act, two conditions must be satisfied. First, the content of the protected right must fall within the subject matter of copyright as described in 17 U.S.C. §§ 102[3] and 103.[4] Second, the right asserted under state law must be equivalent to the exclusive rights contained in section 106 of the Copyright Act."[5] *Id.* at 1003. The *Downing* court concluded that neither condition was satisfied with respect to plaintiff's state right of publicity claims. Acknowledging that a photograph is subject matter protected by the Copyright Act, the court held that it was not the publication of the photograph itself that formed the basis for the plaintiff's claims, but rather the unauthorized use of the plaintiff's names and likenesses, neither of which are copyrightable. *Id.* at 1003-1004. Thus, the defendants were liable "notwithstanding the fact that [plaintiff's] names and likenesses are embodied in a copyrightable photograph." *Id.* The court further explained that since neither names nor likenesses are

---

[3] Section 102 provides in relevant part: "Copyright protection subsists . . . in original works of authorship fixed in any tangible medium of expression, now known or later developed, from which they can be perceived, reproduced, or otherwise communicated . . . ." Works of authorship include literary, musical, dramatic, choreographical, pictoral, and architectural works. 17 U.S.C. § 102.

[4] Section 103 provides that the subject matter specified in § 102 also includes compilations and derivative works, "but protection for a work employing preexisting material in which copyright subsists does not extend to any part of the work in which such material has been used unlawfully." 17 U.S.C. § 103(a).

[5] Section 106 gives the copyright holder exclusive rights to copy, distribute and perform the copyrighted work. 17 U.S.C. § 106.

1  copyrightable, the claims are not equivalent to the exclusive rights contained in section 106. *Id.*
2  at 1005.

3  The California Court of Appeal reached a similar result in *KNB Enterprises*. In that case,
4  the plaintiff held the copyright of various photographs and had received assignments from the
5  models of their rights under section 3344. *KNB Enterprises*, 78 Cal. App. 4th at 364-65. Without
6  authorization, the defendant had copied and displayed on its website plaintiff's copyrighted
7  photographs. *Id.* at 366. Rather than pursue copyright infringement claims, the plaintiff elected
8  to seek damages under section 3344. *Id.* at 365. The trial court had dismissed plaintiff's suit on
9  the ground that the Copyright Act preempted plaintiff's section 3344 claims, a decision which the
10 Court of Appeals reversed. *Id.* at 375.

11 In analyzing the issue, the *KNB Enterprises* court acknowledged that photographs are
12 copyrightable, and that "the unauthorized commercial display of the copyrighted photographs on
13 defendant's website constituted an infringement of plaintiff's exclusive rights" under section 106
14 of the Copyright Act. *Id.* at 369. Nonetheless, the Court of Appeals held there was no
15 preemption by the Copyright Act. Consistent with the reasoning in *Downing*, the court relied
16 heavily on the determination that "a human likeness is not copyrightable," and therefore "the right
17 asserted under the state statute, the right of publicity, does not fall within the subject matter of
18 copyright." *Id.* at 375.

19 The *KNB Enterprises* court further explained that an earlier decision holding that the
20 Copyright Act preempted state right of publicity claims, *Fleet v. CBS*, involved two key facts not
21 present where a plaintiff sues for unauthorized use of his name or image: (a) the plaintiff in *Fleet*,
22 an actor, sought to prevent the <u>rightful copyright holder</u> from distributing the film in question;
23 and (b) the subject matter at issue in *Fleet*, the actor's performance, was an artistic work subject
24 to copyright. *KNB Enterprises*, 78 Cal. App. 4th at 371-73 (explaining *Fleet v. CBS*, 50 Cal.
25 App. 4th 1911, 1915-16 (1996)); *see also Laws*, 448 F.2d at 1145-46 (holding that singer could
26 not use right of publicity claim to prevent <u>authorized</u> distribution of a sample of her recorded
27 song, which was subject matter covered by federal copyright law).

28 Under *Downing* and *KNB Enterprises*, none of Mr. Keane's right of publicity claims

1  against the Defendants are preempted by the federal Copyright Act.  All of the statutory and

2  common law causes of action in Mr. Keane's complaint pertain to the unauthorized use of Mr.

3  Keane's <u>name and image</u> in connection with promoting the sale of the Les Mars Hotel.

4  (Plaintiff's Complaint, [Ex. 1].)  As such, all are beyond the reach of the Copyright Act,

5  regardless of the fact that they may be embedded in copyrightable text or photographs. *E.g.*,

6  *Downing*, 265 F.3d at 1004.  Moreover, this is not a case like *Fleet* where the plaintiff seeks to

7  prevent the copyright holders from exercising their exclusive right to display copyrightable

8  materials because this case does not involve copyrightable subject matter, and Defendants <u>admit</u>

9  in their own pleadings that they are not copyright holders.  (Defendants' Notice of Removal, at

10 p.2 [Ex. 4.] ("[the] copyrights are owned either by the listed publications or by Cyrus

11 restaurant.").)

12       **B.**      **Because The Copyright Act Does Not Completely Preempt California Right Of Publicity Claims, Defendant's Federal Preemption Defense Provides No**

13            **Basis For Removal Jurisdiction.**

14       Pursuant to the "well-pleaded complaint" rule, federal "arising under" jurisdiction exists

15 only where the federal question is apparent on the face of the plaintiff's complaint. *E.g.*,

16 *Franchise Tax Board v. Construction Laborers Vacation Trust*, 463 U.S. 1, 10 (1983).  A defense

17 of preemption gives rise to federal removal jurisdiction only in limited instances where the

18 plaintiff's state law claims are deemed to be "completely preempted" by federal law.

19 *Metropolitan Life Ins. Co. v. Taylor,* 481 U.S. 58, 63 (1987); *Pena v. Downey Sav. & Loan*

20 *Ass'n*, 929 F.Supp. 1308, 1312 (C.D. Cal. 1996).  Thus, where, as here, a federal statute preempts

21 state law only on a case-by-case basis, as opposed to being "complete," the well-pleaded

22 complaint rule defeats removal and "the action must be remanded to state court for consideration

23 of the federal preemption defense." *Pena*, 929 F.Supp. at 1312.

24       Here, the only pleadings in this matter to allege a federal question are those of the

25 Defendant's, which wrongly state that Mr. Keane's state law claims "are preempted by the

26 provisions of the Copyright Act, 17 U.S.C. section 101 *et seq*." (Defendant Atlas' Answer, Sixth

27 Affirmative Defense, [Ex. 2]; Defendants Hedmark VIII's and Westland Financial III's Answer,

28 Second Affirmative Defense, [Ex. 3].)  Regardless of the merits of Defendant's assertions,

FOLGER LEVIN &
KAHN LLP
ATTORNEYS AT LAW

1  however, their preemption defense does not create removal jurisdiction because the courts have
2  already determined that the Copyright Act does not completely preempt California right of
3  publicity claims.  *Fleet*, 50 Cal. App. 4th 1919 ("We agree that as a general proposition Civil
4  Code section 3344 is intended to protect rights which cannot be copyrighted and that claims made
5  under its provisions are usually not preempted"); *Lugosi v. Universal Pictures*, 25 Cal. 3d 813,
6  849 (1979) (Copyright Act "has not preempted the recognition of common law protection for the
7  right of publicity").  In short, because California courts can and do decide whether the Copyright
8  Act preempts state right of publicity claims, there is no removal jurisdiction.

### IV.   CONCLUSION

For all the foregoing reasons, the Court should remand the above-captioned matter to the Superior Court of California, County of Sonoma.

Dated: February 4, 2008                                         FOLGER LEVIN & KAHN LLP

/s/
Joel D. Smith
Attorneys for Plaintiff and Cross-Defendant
Douglas Keane

52055\9001\585504.1