# EXHIBIT 1

1 | **Christopher J. Keane (SB# 194848)**
2 | 530 Jackson Street, Second Floor
   | San Francisco, CA 94133
3 | Telephone: (415) 398-2777
4 | Fax: (415) 520-2282
   | E-mail: ckeane@keanelaw.com
5 | Attorney for Plaintiff
6 |
   | **Brian L. Larsen (SB# 158252)**
7 | 530 Jackson Street, Second Floor
   | San Francisco, CA 94133
8 | Telephone: (415) 398-5000
9 | Fax: (415) 398-5080
   | E-mail: blarsen5000@yahoo.com
10 | Attorney for Plaintiff

**ENDORSED
FILED**

**OCT 2 2 2007**

SUPERIOR COURT OF CALIFORNIA
COUNTY OF SONOMA

IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF SONOMA

(UNLIMITED JURISDICTION)

241706

DOUGLAS KEANE,    ) Case No.:
                  )
        Plaintiff, ) **VERIFIED COMPLAINT FOR**
                  ) **DAMAGES AND DEMAND FOR**
                  ) **JURY TRIAL**
        v.        )
                  )
                  )
                  )
ATLAS HOSPITALITY GROUP,          ) **Violations of California Civil Code § 3344**
HEDMARK VIII, L.L.C.,             )
WESTLAND FINANCIAL III, L.L.C.,   ) **Appropriation of Right of Publicity**
JUSTIN B. MYERS and              ) **for Commercial Purposes**
DOES 1 to 100,                    )
                  )
        Defendant(s). )

**BY FAX**

COMPLAINT & JURY DEMAND

1

Complaint and Jury Demand

11218923.tif - 10/19/2007 3:24:07 PM

52055-909

NOW COMES Plaintiff, DOUGLAS KEANE, by and through his lawyers, and complains
against Defendants, ATLAS HOSPITALITY GROUP, HEDMARK VIII, L.L.C.,
WESTLAND FINANCIAL III, L.L.C., JUSTIN B. MYERS and DOES 1-100, inclusive, as
follows:

## FIRST CAUSE OF ACTION
### (VIOLATION OF CALIFORNIA CIVIL CODE § 3344)

1. Defendant, Atlas Hospitality Group, is and was at all times pertinent to this action a
   California corporation, with its principal place of business located at 2500 Michelson, Suite
   110, Irvine, California 92612.

2. Defendant, Hedmark VIII, L.L.C., is and was at all times pertinent to this action a Nevada
   limited liability company, with its principal place of business located in Sonoma County at
   the Les Mars Hotel which it owned and/or operated at 27 North Street, Healdsburg,
   California.

3. Defendant, Westland Financial III, L.L.C. is and was at all times pertinent to this action a
   Nevada limited liability company, with its principal place of business located in Sonoma
   County at the Les Mars Hotel which it owned and/or operated at 27 North Street,
   Healdsburg, California.

4. Defendant, Justin B. Myers, is and was at all times pertinent to this action a California resident,
   who at all times pertinent to this action worked within the course and scope of his employment for
   Defendant, Atlas Hospitality Group.

2

5. The true names and capacities of the Defendants, DOES 1 through 100, inclusive, whether individual, corporate, associate or otherwise, are unknown to Plaintiff, Douglas Keane, at the time of filing this Complaint and he, therefore, sues said Defendants by such fictitious names and will ask leave of court to amend this Complaint to show their true names or capacities when the same have been ascertained. Plaintiff, Douglas Keane, is informed and believes, and thereon alleges, that each of the DOE Defendants is, in some manner, responsible for the events and happenings herein set forth and proximately caused injury and damages to him, as herein alleged.

6. Plaintiff, Douglas Keane, is and was at all times pertinent to this action a resident of Healdsburg, California.

7. On May 15, 2007, and perhaps on other dates unknown to Plaintiff at this time, Defendants, Atlas Hospitality Group, Hedmark VIII, L.L.C. and Westland Financial III, L.L.C., Justin B. Myers and Does 1-100, authorized, created, published and/or distributed within California, and perhaps other places unknown to Plaintiff at this time, a thirty-two (32) page advertisement and/or solicitation to purchase the Les Mars Hotel for $13,500,000.00, entitled "Confidential Offering Memorandum for the Les Mars Hotel" (hereinafter referred to in this Complaint as "Advertisement to Purchase and/or Solicitation to Purchase the Les Mars Hotel for $13,500,000.00")

8. On page seventeen (17), line four (4), the Defendants, Atlas Hospitality Group, Hedmark VIII, L.L.C. and Westland Financial III, L.L.C., Justin B. Myers and Does 1-100, knowingly used the name of Plaintiff, Douglas Keane, in the "Advertisement to Purchase and/or Solicitation to purchase the Les Mars Hotel for $13,500,000.00" as follows: "Chef Douglas Keane (Rising Star Chef SF Chronicle 2002 and Maitre d' Nick Peyton (the godfather of white tablecloth dining" SF Chronicle 5/2/2003) offer their contemporary luxury cuisine in a completely flexible prix fixe format of three to five dishes." (See attached Exhibit 1, which

1    is pp. 1, 3, 4, 17 and 18 of the Advertisement to Purchase and/or Solicitation to purchase the

2    Les Mars Hotel for $13,500,000.00)

3

4    9.  Plaintiff, Douglas Keane, never consented to the use of his name on page seventeen (17),

5        line four (4) of the "Advertisement to Purchase and/or Solicitation to purchase the Les Mars

6        Hotel for $13,500,000.00", by anyone, including by the Defendants, Atlas Hospitality

7        Group, Hedmark VIII, L.L.C. and Westland Financial III, L.L.C., Justin B. Myers and Does

8        1-100.

9

10   10. The knowing use of Douglas Keane's name on page seventeen (17), line four (4), of the

11       "Advertisement to Purchase and/or Solicitation to purchase the Les Mars Hotel for

12       $13,500,000.00", by the Defendants, Atlas Hospitality Group, Hedmark VIII, L.L.C. and

13       Westland Financial III, L.L.C., Justin B. Myers and Does 1-100, violates California Civil

14       Code § 3344.

15

16   11. The knowing use of Douglas Keane's name on page seventeen (17), line four (4), of the

17       "Advertisement to Purchase and/or Solicitation to purchase the Les Mars Hotel for

18       $13,500,000.00", by the Defendants, Atlas Hospitality Group, Hedmark VIII, L.L.C. and

19       Westland Financial III, L.L.C., Justin B. Myers and Does 1-100, proximately and directly

20       caused Plaintiff, Douglas Keane, to sustain general and special damages in an amount

21       within the unlimited jurisdiction of the superior court as a result thereof, including but not

22       limited to injury to reputation, humiliation, inconvenience, mental suffering, emotional

23       distress, loss of income, attorney fees and other costs.

24

25   12. Defendants, Atlas Hospitality Group, Hedmark VIII, L.L.C. and Westland Financial III,

26       L.L.C., Justin B. Myers and Does 1-100, acted with malice, oppression and/or fraud with

27       respect to their knowing use of Douglas Keane's name without his consent and without

28       compensating him for the use of his name on page seventeen (17), line four (4), of the

4

1  "Advertisement to Purchase and/or Solicitation to purchase the Les Mars Hotel for
2  $13,500,000.00".

3

4  13. There was no public interest in any of the Defendants using Douglas Keane's name and/or
5  photograph in the aforementioned advertisement; rather, it was solely for the Defendants'
6  own financial gain.

7

8  14. Pursuant to California Civil Code § 3344(a), Plaintiff, requests that exemplary and/or
9  punitive damages be assessed against Defendants, Atlas Hospitality Group, Hedmark VIII,
10  L.L.C. and Westland Financial III, L.L.C., Justin B. Myers and Does 1-100.

11

12  15. Pursuant to California Civil Code § 3294, Plaintiff, requests that exemplary and/or punitive
13  damages be assessed against Defendants, Atlas Hospitality Group, Hedmark VIII, L.L.C.,
14  Justin B. Myers and Westland Financial III, L.L.C. and Does 1-100.

15

16  16. Pursuant to California Civil Code § 3344(a), Plaintiff further requests that the Defendants,
17  Atlas Hospitality Group, Hedmark VIII, L.L.C. and Westland Financial III, L.L.C., Justin B.
18  Myers and Does 1-100, be found liable to him for the greater of $750.00 or the actual
19  damages suffered by him as a result of the aforementioned unauthorized use of his name on
20  page seventeen (17), line four (4), of the "Advertisement to Purchase and/or Solicitation to
21  purchase the Les Mars Hotel for $13,500,000.00".

22

23  17. Pursuant to California Civil Code § 3344(a), Plaintiff further requests that the Defendants,
24  Atlas Hospitality Group, Hedmark VIII, L.L.C. and Westland Financial III, L.L.C., Justin B.
25  Myers and Does 1-100, be found liable to him for any profits from the unauthorized use of
26  his name on page seventeen (17), line four (4), of the "Advertisement to Purchase and/or
27  Solicitation to purchase the Les Mars Hotel for $13,500,000.00" and which are attributable
28  to the use.

5

18. Pursuant to California Civil Code § 3344(a), Plaintiff further requests that the Defendants, Atlas Hospitality Group, Hedmark VIII, L.L.C. and Westland Financial III, L.L.C., Justin B. Myers and Does 1-100, be found liable to him for attorney fees and costs.

19. Plaintiff, Douglas Keane, requests relief as set forth hereafter.

## SECOND CAUSE OF ACTION
### (VIOLATION OF CALIFORNIA CIVIL CODE § 3344)

20. Plaintiff incorporates by reference paragraphs (1) through (19) as though set forth herein in full.

21. Defendant, Atlas Hospitality Group, is and was at all times pertinent to this action a California corporation, with its principal place of business located at 2500 Michelson, Suite 110, Irvine, California 92612.

22. Defendant, Hedmark VIII, L.L.C., is and was at all times pertinent to this action a Nevada limited liability company, with its principal place of business located in Sonoma County at the Les Mars Hotel which it owned and/or operated at 27 North Street, Healdsburg, California.

23. Defendant, Westland Financial III, L.L.C. is and was at all times pertinent to this action a Nevada limited liability company, with its principal place of business located in Sonoma County at the Les Mars Hotel which it owned and/or operated at 27 North Street, Healdsburg, California.

6

24. Defendant, Justin B. Myers, is and was at all times pertinent to this action a California resident, who at all times pertinent to this action worked within the course and scope of his employment for Defendant, Atlas Hospitality Group.

25. The true names and capacities of the Defendants, DOES 1 through 100, inclusive, whether individual, corporate, associate or otherwise, are unknown to Plaintiff, Douglas Keane, at the time of filing this Complaint and he, therefore, sues said Defendants by such fictitious names and will ask leave of court to amend this Complaint to show their true names or capacities when the same have been ascertained. Plaintiff, Douglas Keane, is informed and believes, and thereon alleges, that each of the DOE Defendants is, in some manner, responsible for the events and happenings herein set forth and proximately caused injury and damages to him, as herein alleged.

26. Plaintiff, Douglas Keane, is and was at all times pertinent to this action a resident of Healdsburg, California.

27. On May 15, 2007, and perhaps on other dates unknown to Plaintiff at this time, Defendants, Atlas Hospitality Group, Hedmark VIII, L.L.C. and Westland Financial III, L.L.C., Justin B. Myers and Does 1-100, authorized, created, published and/or distributed within California, and perhaps other places unknown to Plaintiff at this time, a thirty-two (32) page advertisement and/or solicitation to purchase the Les Mars Hotel for $13,500,000.00, entitled "Confidential Offering Memorandum for the Les Mars Hotel" (hereinafter referred to in this Complaint as "Advertisement to Purchase and/or Solicitation to Purchase the Les Mars Hotel for $13,500,000.00")

28. On page eighteen (18), line five (5), the Defendants, Atlas Hospitality Group, Hedmark VIII, L.L.C. and Westland Financial III, L.L.C., Justin B. Myers and Does 1-100, knowingly

7

used the name of Plaintiff, Douglas Keane, in the "Advertisement to Purchase and/or Solicitation to purchase the Les Mars Hotel for $13,500,000.00" as follows: "If you want to find the next superstar chef, look no farther than Douglas Keane, who is proving his mettle each night at Cyrus in Healdsburg." (See attached Exhibit 1, which is pp. 1, 3, 4, 17 and 18 of the Advertisement to Purchase and/or Solicitation to purchase the Les Mars Hotel for $13,500,000.00)

29. Plaintiff, Douglas Keane, never consented to the use of his name on page eighteen (18), line five (5) of the "Advertisement to Purchase and/or Solicitation to purchase the Les Mars Hotel for $13,500,000.00", by anyone, including by the Defendants, Atlas Hospitality Group, Hedmark VIII, L.L.C. and Westland Financial III, L.L.C., Justin B. Myers and Does 1-100.

30. The knowing use of Douglas Keane's name on page eighteen (18), line five (5), of the "Advertisement to Purchase and/or Solicitation to purchase the Les Mars Hotel for $13,500,000.00", by the Defendants, Atlas Hospitality Group, Hedmark VIII, L.L.C. and Westland Financial III, L.L.C. and Does 1-100, violates California Civil Code § 3344.

31. The knowing use of Douglas Keane's name on page eighteen (18), line five (5), of the "Advertisement to Purchase and/or Solicitation to purchase the Les Mars Hotel for $13,500,000.00", by the Defendants, Atlas Hospitality Group, Hedmark VIII, L.L.C. and Westland Financial III, L.L.C., Justin B. Myers and Does 1-100, proximately and directly caused Plaintiff, Douglas Keane, to sustain general and special damages in an amount within the unlimited jurisdiction of the superior court as a result thereof, including but not limited to injury to reputation, humiliation, inconvenience, mental suffering, emotional distress, loss of income, attorney fees and other costs.

32. Defendants, Atlas Hospitality Group, Hedmark VIII, L.L.C. and Westland Financial III, L.L.C., Justin B. Myers and Does 1-100, acted with malice, oppression and/or fraud with respect to their knowing use of Douglas Keane's name without his consent and without compensating him for the use of his name on page eighteen (18), line five (5), of the "Advertisement to Purchase and/or Solicitation to purchase the Les Mars Hotel for $13,500,000.00".

33. There was no public interest in any of the Defendants using Douglas Keane's name and/or photograph in the aforementioned advertisement; rather, it was solely for their own financial gain.

34. Pursuant to California Civil Code § 3344(a), Plaintiff, requests that exemplary and/or punitive damages be assessed against Defendants, Atlas Hospitality Group, Hedmark VIII, L.L.C. and Westland Financial III, L.L.C., Justin B. Myers and Does 1-100.

35. Pursuant to California Civil Code § 3294, Plaintiff, requests that exemplary and/or punitive damages be assessed against Defendants, Atlas Hospitality Group, Hedmark VIII, L.L.C. and Westland Financial III, L.L.C., Justin B. Myers and Does 1-100.

36. Pursuant to California Civil Code § 3344(a), Plaintiff further requests that the Defendants, Atlas Hospitality Group, Hedmark VIII, L.L.C. and Westland Financial III, L.L.C., Justin B. Myers and Does 1-100, be found liable to him for the greater of $750.00 or the actual damages suffered by him as a result of the aforementioned unauthorized use of his name on page eighteen (18), line five (5), of the "Advertisement to Purchase and/or Solicitation to purchase the Les Mars Hotel for $13,500,000.00".

37. Pursuant to California Civil Code § 3344(a), Plaintiff further requests that the Defendants, Atlas Hospitality Group, Hedmark VIII, L.L.C. and Westland Financial III, L.L.C., Justin B.

9

Myers and Does 1-100, be found liable to him for any profits from the unauthorized use of his name on page eighteen (18), line five (5), of the "Advertisement to Purchase and/or Solicitation to purchase the Les Mars Hotel for $13,500,000.00" and which are attributable to the use.

38. Pursuant to California Civil Code § 3344(a), Plaintiff further requests that the Defendants, Atlas Hospitality Group, Hedmark VIII, L.L.C. and Westland Financial III, L.L.C., Justin B. Myers and Does 1-100, be found liable to him for attorney fees and costs.

39. Plaintiff, Douglas Keane, requests relief as set forth hereafter.

## THIRD CAUSE OF ACTION
## (VIOLATION OF CALIFORNIA CIVIL CODE § 3344)

40. Plaintiff incorporates by reference paragraphs (1) through (39) as though set forth herein in full.

41. Defendant, Atlas Hospitality Group, is and was at all times pertinent to this action a California corporation, with its principal place of business located at 2500 Michelson, Suite 110, Irvine, California 92612.

42. Defendant, Hedmark VIII, L.L.C., is and was at all times pertinent to this action a Nevada limited liability company, with its principal place of business located in Sonoma County at the Les Mars Hotel which it owned and/or operated at 27 North Street, Healdsburg, California.

43. Defendant, Westland Financial III, L.L.C. is and was at all times pertinent to this action a Nevada limited liability company, with its principal place of business located in Sonoma

Complaint and Jury Demand

1    County at the Les Mars Hotel which it owned and/or operated at 27 North Street,

2    Healdsburg, California.

3

4    44. Defendant, Justin B. Myers, is and was at all times pertinent to this action a California resident,

5    who at all times pertinent to this action worked within the course and scope of his employment for

6    Defendant, Atlas Hospitality Group.

7

8

9    45. The true names and capacities of the Defendants, DOES 1 through 100, inclusive, whether

10   individual, corporate, associate or otherwise, are unknown to Plaintiff, Douglas Keane, at the time

11   of filing this Complaint and he, therefore, sues said Defendants by such fictitious names and will

12   ask leave of court to amend this Complaint to show their true names or capacities when the same

13   have been ascertained. Plaintiff, Douglas Keane, is informed and believes, and thereon alleges, that

14   each of the DOE Defendants is, in some manner, responsible for the events and happenings herein

15   set forth and proximately caused injury and damages to him, as herein alleged.

16

17

18   46. Plaintiff, Douglas Keane, is and was at all times pertinent to this action a resident of

19   Healdsburg, California.

20

21   47. On May 15, 2007, and perhaps on other dates unknown to Plaintiff at this time, Defendants,

22   Atlas Hospitality Group, Hedmark VIII, L.L.C. and Westland Financial III, L.L.C., Justin B.

23   Myers and Does 1-100, authorized, created, published and/or distributed within California,

24   and perhaps other places unknown to Plaintiff at this time, a thirty-two (32) page

25   advertisement and/or solicitation to purchase the Les Mars Hotel for $13,500,000.00,

26   entitled "Confidential Offering Memorandum for the Les Mars Hotel" (hereinafter referred

27   to in this Complaint as "Advertisement to Purchase and/or Solicitation to Purchase the Les

28   Mars Hotel for $13,500,000.00")

11

48. On page eighteen (18), line ten (10), the Defendants, Atlas Hospitality Group, Hedmark VIII, L.L.C. and Westland Financial III, L.L.C., Justin B. Myers and Does 1-100, knowingly used the name of Plaintiff, Douglas Keane, in the "Advertisement to Purchase and/or Solicitation to purchase the Les Mars Hotel for $13,500,000.00" as follows: "When I reviewed the restaurant a few months after it opened, it was evident that Keane was cooking at a level that put him in an elite pantheon of chefs. (See attached Exhibit 1, which is pp. 1, 3, 4, 17 and 18 of the Advertisement to Purchase and/or Solicitation to purchase the Les Mars Hotel for $13,500,000.00)

49. Plaintiff, Douglas Keane, never consented to the use of his name on page eighteen (18), line ten (10) of the "Advertisement to Purchase and/or Solicitation to purchase the Les Mars Hotel for $13,500,000.00", by anyone, including by the Defendants, Atlas Hospitality Group, Hedmark VIII, L.L.C. and Westland Financial III, L.L.C., Justin B. Myers and Does 1-100.

50. The knowing use of Douglas Keane's name on page eighteen (18), line ten (10), of the "Advertisement to Purchase and/or Solicitation to purchase the Les Mars Hotel for $13,500,000.00", by the Defendants, Atlas Hospitality Group, Hedmark VIII, L.L.C. and Westland Financial III, L.L.C., Justin B. Myers and Does 1-100, violates California Civil Code § 3344.

51. The knowing use of Douglas Keane's name on page eighteen (18), line ten (10), of the "Advertisement to Purchase and/or Solicitation to purchase the Les Mars Hotel for $13,500,000.00", by the Defendants, Atlas Hospitality Group, Hedmark VIII, L.L.C. and Westland Financial III, L.L.C., Justin B. Myers and Does 1-100, proximately and directly caused Plaintiff, Douglas Keane, to sustain general and special damages in an amount within the unlimited jurisdiction of the superior court as a result thereof, including but not

1   limited to injury to reputation, humiliation, inconvenience, mental suffering, emotional

2   distress, loss of income, attorney fees and other costs.

3

4   52. Defendants, Atlas Hospitality Group, Hedmark VIII, L.L.C. and Westland Financial III,

5       L.L.C., Justin B. Myers and Does 1-100, acted with malice, oppression and/or fraud with

6       respect to their knowing use of Douglas Keane's name without his consent and without

7       compensating him for the use of his name on page eighteen (18), line ten (10), of the

8       "Advertisement to Purchase and/or Solicitation to purchase the Les Mars Hotel for

9       $13,500,000.00".

10

11  53. There was no public interest in any of the Defendants using Douglas Keane's name and/or

12      photograph in the aforementioned advertisement; rather, it was solely for their own financial

13      gain.

14

15  54. Pursuant to California Civil Code § 3344(a), Plaintiff, requests that exemplary and/or

16      punitive damages be assessed against Defendants, Atlas Hospitality Group, Hedmark VIII,

17      L.L.C. and Westland Financial III, L.L.C., Justin B. Myers and Does 1-100.

18

19  55. Pursuant to California Civil Code § 3294, Plaintiff, requests that exemplary and/or punitive

20      damages be assessed against Defendants, Atlas Hospitality Group, Hedmark VIII, L.L.C.

21      and Westland Financial III, L.L.C., Justin B. Myers and Does 1-100.

22

23  56. Pursuant to California Civil Code § 3344(a), Plaintiff further requests that the Defendants,

24      Atlas Hospitality Group, Hedmark VIII, L.L.C. and Westland Financial III, L.L.C., Justin B.

25      Myers and Does 1-100, be found liable to him for the greater of $750.00 or the actual

26      damages suffered by him as a result of the aforementioned unauthorized use of his name on

27      page eighteen (18), line ten (10), of the "Advertisement to Purchase and/or Solicitation to

28      purchase the Les Mars Hotel for $13,500,000.00".

13

57. Pursuant to California Civil Code § 3344(a), Plaintiff further requests that the Defendants, Atlas Hospitality Group, Hedmark VIII, L.L.C. and Westland Financial III, L.L.C., Justin B. Myers and Does 1-100, be found liable to him for any profits from the unauthorized use of his name on page eighteen (18), line ten (10), of the "Advertisement to Purchase and/or Solicitation to purchase the Les Mars Hotel for $13,500,000.00" and which are attributable to the use.

58. Pursuant to California Civil Code § 3344(a), Plaintiff further requests that the Defendants, Atlas Hospitality Group, Hedmark VIII, L.L.C. and Westland Financial III, L.L.C., Justin B. Myers and Does 1-100, be found liable to him for attorney fees and costs.

59. Plaintiff, Douglas Keane, requests relief as set forth hereafter.

## FOURTH CAUSE OF ACTION
### (VIOLATION OF CALIFORNIA CIVIL CODE § 3344)

60. Plaintiff incorporates by reference paragraphs (1) through (59) as though set forth herein in full.

61. Defendant, Atlas Hospitality Group, is and was at all times pertinent to this action a California corporation, with its principal place of business located at 2500 Michelson, Suite 110, Irvine, California 92612.

62. Defendant, Hedmark VIII, L.L.C., is and was at all times pertinent to this action a Nevada limited liability company, with its principal place of business located in Sonoma County at the Les Mars Hotel which it owned and/or operated at 27 North Street, Healdsburg, California.

14

63. Defendant, Westland Financial III, L.L.C. is and was at all times pertinent to this action a Nevada limited liability company, with its principal place of business located in Sonoma County at the Les Mars Hotel which it owned and/or operated at 27 North Street, Healdsburg, California.

64. Defendant, Justin B. Myers, is and was at all times pertinent to this action a California resident, who at all times pertinent to this action worked within the course and scope of his employment for Defendant, Atlas Hospitality Group.

65. The true names and capacities of the Defendants, DOES 1 through 100, inclusive, whether individual, corporate, associate or otherwise, are unknown to Plaintiff, Douglas Keane, at the time of filing this Complaint and he, therefore, sues said Defendants by such fictitious names and will ask leave of court to amend this Complaint to show their true names or capacities when the same have been ascertained. Plaintiff, Douglas Keane, is informed and believes, and thereon alleges, that each of the DOE Defendants is, in some manner, responsible for the events and happenings herein set forth and proximately caused injury and damages to him, as herein alleged.

66. Plaintiff, Douglas Keane, is and was at all times pertinent to this action a resident of Healdsburg, California.

67. On May 15, 2007, and perhaps on other dates unknown to Plaintiff at this time, Defendants, Atlas Hospitality Group, Hedmark VIII, L.L.C. and Westland Financial III, L.L.C., Justin B. Myers and Does 1-100, authorized, created, published and/or distributed within California, and perhaps other places unknown to Plaintiff at this time, a thirty-two (32) page advertisement and/or solicitation to purchase the Les Mars Hotel for $13,500,000.00, entitled "Confidential Offering Memorandum for the Les Mars Hotel" (hereinafter referred

15

1    to in this Complaint as "Advertisement to Purchase and/or Solicitation to Purchase the Les

2    Mars Hotel for $13,500,000.00")

3

4    68. On page eighteen (18), line twenty (20), the Defendants, Atlas Hospitality Group, Hedmark

5        VIII, L.L.C. and Westland Financial III, L.L.C., Justin B. Myers and Does 1-100, knowingly

6        used the name of Plaintiff, Douglas Keane, in the "Advertisement to Purchase and/or

7        Solicitation to purchase the Les Mars Hotel for $13,500,000.00" as follows: "[S]urrender

8        yourself to the masterful hands of chef Douglas Keane." (See attached Exhibit 1, which is

9        pp. 1, 3, 4, 17 and 18 of the Advertisement to Purchase and/or Solicitation to purchase the

10       Les Mars Hotel for $13,500,000.00)

11

12   69. Plaintiff, Douglas Keane, never consented to the use of his name on page eighteen (18), line

13       twenty (20) of the "Advertisement to Purchase and/or Solicitation to purchase the Les Mars

14       Hotel for $13,500,000.00", by anyone, including by the Defendants, Atlas Hospitality

15       Group, Hedmark VIII, L.L.C. and Westland Financial III, L.L.C., Justin B. Myers and Does

16       1-100.

17

18   70. The knowing use of Douglas Keane's name on page eighteen (18), line twenty (20), of the

19       "Advertisement to Purchase and/or Solicitation to purchase the Les Mars Hotel for

20       $13,500,000.00", by the Defendants, Atlas Hospitality Group, Hedmark VIII, L.L.C. and

21       Westland Financial III, L.L.C., Justin B. Myers and Does 1-100, violates California Civil

22       Code § 3344.

23

24   71. The knowing use of Douglas Keane's name on page eighteen (18), line twenty (20), of the

25       "Advertisement to Purchase and/or Solicitation to purchase the Les Mars Hotel for

26       $13,500,000.00", by the Defendants, Atlas Hospitality Group, Hedmark VIII, L.L.C. and

27       Westland Financial III, L.L.C., Justin B. Myers and Does 1-100, proximately and directly

28       caused Plaintiff, Douglas Keane, to sustain general and special damages in an amount

within the unlimited jurisdiction of the superior court as a result thereof, including but not limited to injury to reputation, humiliation, inconvenience, mental suffering, emotional distress, loss of income, attorney fees and other costs.

72. Defendants, Atlas Hospitality Group, Hedmark VIII, L.L.C. and Westland Financial III, L.L.C., Justin B. Myers and Does 1-100, acted with malice, oppression and/or fraud with respect to their knowing use of Douglas Keane's name without his consent and without compensating him for the use of his name on page eighteen (18), line twenty (20), of the "Advertisement to Purchase and/or Solicitation to purchase the Les Mars Hotel for $13,500,000.00".

73. There was no public interest in any of the Defendants using Douglas Keane's name and/or photograph in the aforementioned advertisement; rather, it was solely for their own financial gain.

74. Pursuant to California Civil Code § 3344(a), Plaintiff, requests that exemplary and/or punitive damages be assessed against Defendants, Atlas Hospitality Group, Hedmark VIII, L.L.C. and Westland Financial III, L.L.C., Justin B. Myers and Does 1-100.

75. Pursuant to California Civil Code § 3294, Plaintiff, requests that exemplary and/or punitive damages be assessed against Defendants, Atlas Hospitality Group, Hedmark VIII, L.L.C. and Westland Financial III, L.L.C., Justin B. Myers and Does 1-100.

76. Pursuant to California Civil Code § 3344(a), Plaintiff further requests that the Defendants, Atlas Hospitality Group, Hedmark VIII, L.L.C. and Westland Financial III, L.L.C., Justin B. Myers and Does 1-100, be found liable to him for the greater of $750.00 or the actual damages suffered by him as a result of the aforementioned unauthorized use of his name on

17

page eighteen (18), line twenty (20), of the "Advertisement to Purchase and/or Solicitation to purchase the Les Mars Hotel for $13,500,000.00".

77. Pursuant to California Civil Code § 3344(a), Plaintiff further requests that the Defendants, Atlas Hospitality Group, Hedmark VIII, L.L.C. and Westland Financial III, L.L.C., Justin B. Myers and Does 1-100, be found liable to him for any profits from the unauthorized use of his name on page eighteen (18), line twenty (20), of the "Advertisement to Purchase and/or Solicitation to purchase the Les Mars Hotel for $13,500,000.00" and which are attributable to the use.

78. Pursuant to California Civil Code § 3344(a), Plaintiff further requests that the Defendants, Atlas Hospitality Group, Hedmark VIII, L.L.C. and Westland Financial III, L.L.C., Justin B. Myers and Does 1-100, be found liable to him for attorney fees and costs.

79. Plaintiff, Douglas Keane, requests relief as set forth hereafter.

## FIFTH CAUSE OF ACTION
### (VIOLATION OF CALIFORNIA CIVIL CODE § 3344)

80. Plaintiff incorporates by reference paragraphs (1) through (79) as though set forth herein in full.

81. Defendant, Atlas Hospitality Group, is and was at all times pertinent to this action a California corporation, with its principal place of business located at 2500 Michelson, Suite 110, Irvine, California 92612.

82. Defendant, Hedmark VIII, L.L.C., is and was at all times pertinent to this action a Nevada limited liability company, with its principal place of business located in Sonoma County at

18

1  the Les Mars Hotel which it owned and/or operated at 27 North Street, Healdsburg,

2  California.

3

4  83. Defendant, Westland Financial III, L.L.C. is and was at all times pertinent to this action a

5  Nevada limited liability company, with its principal place of business located in Sonoma

6  County at the Les Mars Hotel which it owned and/or operated at 27 North Street,

7  Healdsburg, California.

8

9  84. Defendant, Justin B. Myers, is and was at all times pertinent to this action a California resident,

10  who at all times pertinent to this action worked within the course and scope of his employment for

11  Defendant, Atlas Hospitality Group.

12

13

14  85. The true names and capacities of the Defendants, DOES 1 through 100, inclusive, whether

15  individual, corporate, associate or otherwise, are unknown to Plaintiff, Douglas Keane, at the time

16  of filing this Complaint and he, therefore, sues said Defendants by such fictitious names and will

17  ask leave of court to amend this Complaint to show their true names or capacities when the same

18  have been ascertained. Plaintiff, Douglas Keane, is informed and believes, and thereon alleges, that

19  each of the DOE Defendants is, in some manner, responsible for the events and happenings herein

20

21  set forth and proximately caused injury and damages to him, as herein alleged.

22

23  86. Plaintiff, Douglas Keane, is and was at all times pertinent to this action a resident of

24  Healdsburg, California.

25

26  87. On May 15, 2007, and perhaps on other dates unknown to Plaintiff at this time, Defendants,

27  Atlas Hospitality Group, Hedmark VIII, L.L.C. and Westland Financial III, L.L.C., Justin B.

28  Myers and Does 1-100, authorized, created, published and/or distributed within California,

19

1    and perhaps other places unknown to Plaintiff at this time, a thirty-two (32) page

2    advertisement and/or solicitation to purchase the Les Mars Hotel for $13,500,000.00,

3    entitled "Confidential Offering Memorandum for the Les Mars Hotel" (hereinafter referred

4    to in this Complaint as "Advertisement to Purchase and/or Solicitation to Purchase the Les

5    Mars Hotel for $13,500,000.00")

6

7    88. On page eighteen (18), line twenty-two (22), the Defendants, Atlas Hospitality Group,

8        Hedmark VIII, L.L.C. and Westland Financial III, L.L.C., Justin B. Myers and Does 1-100,

9        knowingly used the name of Plaintiff, Douglas Keane, in the "Advertisement to Purchase

10       and/or Solicitation to purchase the Les Mars Hotel for $13,500,000.00" as follows: "With

11       that introduction to Douglas Keane's seriously decadent cooking, you begin to understand

12       why Healdsburg has become such a wine-country destination." (See attached Exhibit 1,

13       which is pp. 1, 3, 4, 17 and 18 of the Advertisement to Purchase and/or Solicitation to

14       purchase the Les Mars Hotel for $13,500,000.00)

15

16   89. Plaintiff, Douglas Keane, never consented to the use of his name on page eighteen (18), line

17       twenty-two (22) of the "Advertisement to Purchase and/or Solicitation to purchase the Les

18       Mars Hotel for $13,500,000.00", by anyone, including by the Defendants, Atlas Hospitality

19       Group, Hedmark VIII, L.L.C. and Westland Financial III, L.L.C., Justin B. Myers and Does

20       1-100.

21

22   90. The knowing use of Douglas Keane's name on page eighteen (18), twenty-two (22), of the

23       "Advertisement to Purchase and/or Solicitation to purchase the Les Mars Hotel for

24       $13,500,000.00", by the Defendants, Atlas Hospitality Group, Hedmark VIII, L.L.C. and

25       Westland Financial III, L.L.C., Justin B. Myers and Does 1-100, violates California Civil

26       Code § 3344.

27

28

91. The knowing use of Douglas Keane's name on page eighteen (18), twenty-two (22), of the "Advertisement to Purchase and/or Solicitation to purchase the Les Mars Hotel for $13,500,000.00", by the Defendants, Atlas Hospitality Group, Hedmark VIII, L.L.C. and Westland Financial III, L.L.C., Justin B. Myers and Does 1-100, proximately and directly caused Plaintiff, Douglas Keane, to sustain general and special damages in an amount within the unlimited jurisdiction of the superior court as a result thereof, including but not limited to injury to reputation, humiliation, inconvenience, mental suffering, emotional distress, loss of income, attorney fees and other costs.

92. Defendants, Atlas Hospitality Group, Hedmark VIII, L.L.C. and Westland Financial III, L.L.C., Justin B. Myers and Does 1-100, acted with malice, oppression and/or fraud with respect to their knowing use of Douglas Keane's name without his consent and without compensating him for the use of his name on page eighteen (18), twenty-two (22), of the "Advertisement to Purchase and/or Solicitation to purchase the Les Mars Hotel for $13,500,000.00".

93. There was no public interest in any of the Defendants using Douglas Keane's name and/or photograph in the aforementioned advertisement; rather, it was solely for their own financial gain.

94. Pursuant to California Civil Code § 3344(a), Plaintiff, requests that exemplary and/or punitive damages be assessed against Defendants, Atlas Hospitality Group, Hedmark VIII, L.L.C. and Westland Financial III, L.L.C., Justin B. Myers and Does 1-100.

95. Pursuant to California Civil Code § 3294, Plaintiff, requests that exemplary and/or punitive damages be assessed against Defendants, Atlas Hospitality Group, Hedmark VIII, L.L.C. and Westland Financial III, L.L.C., Justin B. Myers and Does 1-100.

Complaint and Jury Demand

96. Pursuant to California Civil Code § 3344(a), Plaintiff further requests that the Defendants, Atlas Hospitality Group, Hedmark VIII, L.L.C. and Westland Financial III, L.L.C., Justin B. Myers and Does 1-100, be found liable to him for the greater of $750.00 or the actual damages suffered by him as a result of the aforementioned unauthorized use of his name on page eighteen (18), line twenty-two (22), of the "Advertisement to Purchase and/or Solicitation to purchase the Les Mars Hotel for $13,500,000.00".

97. Pursuant to California Civil Code § 3344(a), Plaintiff further requests that the Defendants, Atlas Hospitality Group, Hedmark VIII, L.L.C. and Westland Financial III, L.L.C., Justin B. Myers and Does 1-100, be found liable to him for any profits from the unauthorized use of his name on page eighteen (18), line twenty-two (22), of the "Advertisement to Purchase and/or Solicitation to purchase the Les Mars Hotel for $13,500,000.00" and which are attributable to the use.

98. Pursuant to California Civil Code § 3344(a), Plaintiff further requests that the Defendants, Atlas Hospitality Group, Hedmark VIII, L.L.C. and Westland Financial III, L.L.C., Justin B. Myers and Does 1-100, be found liable to him for attorney fees and costs.

99. Plaintiff, Douglas Keane, requests relief as set forth hereafter.

### SIXTH CAUSE OF ACTION
### (VIOLATION OF CALIFORNIA CIVIL CODE § 3344)

100. Plaintiff incorporates by reference paragraphs (1) through (99) as though set forth herein in full.

101. Defendant, Atlas Hospitality Group, is and was at all times pertinent to this action a California corporation, with its principal place of business located at 2500 Michelson, Suite 110, Irvine, California 92612.

22

102. Defendant, Hedmark VIII, L.L.C., is and was at all times pertinent to this action a Nevada limited liability company, with its principal place of business located in Sonoma County at the Les Mars Hotel which it owned and/or operated at 27 North Street, Healdsburg, California.

103. Defendant, Westland Financial III, L.L.C. is and was at all times pertinent to this action a Nevada limited liability company, with its principal place of business located in Sonoma County at the Les Mars Hotel which it owned and/or operated at 27 North Street, Healdsburg, California.

104. Defendant, Justin B. Myers, is and was at all times pertinent to this action a California resident, who at all times pertinent to this action worked within the course and scope of his employment for Defendant, Atlas Hospitality Group.

105. The true names and capacities of the Defendants, DOES 1 through 100, inclusive, whether individual, corporate, associate or otherwise, are unknown to Plaintiff, Douglas Keane, at the time of filing this Complaint and he, therefore, sues said Defendants by such fictitious names and will ask leave of court to amend this Complaint to show their true names or capacities when the same have been ascertained. Plaintiff, Douglas Keane, is informed and believes, and thereon alleges, that each of the DOE Defendants is, in some manner, responsible for the events and happenings herein set forth and proximately caused injury and damages to him, as herein alleged.

106. Plaintiff, Douglas Keane, is and was at all times pertinent to this action a resident of Healdsburg, California.

1    107. On May 15, 2007, and perhaps on other dates unknown to Plaintiff at this time,

2    Defendants, Atlas Hospitality Group, Hedmark VIII, L.L.C. and Westland Financial III, L.L.C.,

3    Justin B. Myers and Does 1-100, authorized, created, published and/or distributed within

4    California, and perhaps other places unknown to Plaintiff at this time, a thirty-two (32) page

5    advertisement and/or solicitation to purchase the Les Mars Hotel for $13,500,000.00, entitled

6    "Confidential Offering Memorandum for the Les Mars Hotel" (hereinafter referred to in this

7    Complaint as "Advertisement to Purchase and/or Solicitation to Purchase the Les Mars Hotel

8    for $13,500,000.00")

9

10    108. On page eighteen (18), line twenty-nine (29), the Defendants, Atlas Hospitality Group,

11    Hedmark VIII, L.L.C. and Westland Financial III, L.L.C., Justin B. Myers and Does 1-100,

12    knowingly used the name of Plaintiff, Douglas Keane, in the "Advertisement to Purchase and/or

13    Solicitation to purchase the Les Mars Hotel for $13,500,000.00" as follows:  "Keane proves that

14    great cooking is foremost tasty cooking, not just wacky experiments at the guests' expense."

15    (See attached Exhibit 1, which is pp. 1, 3, 4, 17 and 18 of the Advertisement to Purchase and/or

16    Solicitation to purchase the Les Mars Hotel for $13,500,000.00)

17

18    109. Plaintiff, Douglas Keane, never consented to the use of his name on page eighteen (18),

19    line twenty-nine (29) of the "Advertisement to Purchase and/or Solicitation to purchase the Les

20    Mars Hotel for $13,500,000.00", by anyone, including by the Defendants, Atlas Hospitality

21    Group, Hedmark VIII, L.L.C. and Westland Financial III, L.L.C., Justin B. Myers and Does 1-

22    100.

23

24    110. The knowing use of Douglas Keane's name on page eighteen (18), twenty-nine (29), of the

25    "Advertisement to Purchase and/or Solicitation to purchase the Les Mars Hotel for

26    $13,500,000.00", by the Defendants, Atlas Hospitality Group, Hedmark VIII, L.L.C. and

27    Westland Financial III, L.L.C., Justin B. Myers and Does 1-100, violates California Civil Code

28    § 3344.

1

2   111. The knowing use of Douglas Keane's name on page eighteen (18), twenty-nine (29), of the

3   "Advertisement to Purchase and/or Solicitation to purchase the Les Mars Hotel for

4   $13,500,000.00", by the Defendants, Atlas Hospitality Group, Hedmark VIII, L.L.C. and

5   Westland Financial III, L.L.C., Justin B. Myers and Does 1-100, proximately and directly

6   caused Plaintiff, Douglas Keane, to sustain general and special damages in an amount within the

7   unlimited jurisdiction of the superior court as a result thereof, including but not limited to injury

8   to reputation, humiliation, inconvenience, mental suffering, emotional distress, loss of income,

9   attorney fees and other costs.

10

11   112. Defendants, Atlas Hospitality Group, Hedmark VIII, L.L.C. and Westland Financial III,

12   L.L.C., Justin B. Myers and Does 1-100, acted with malice, oppression and/or fraud with

13   respect to their knowing use of Douglas Keane's name without his consent and without

14   compensating him for the use of his name on page eighteen (18), twenty-nine (29), of the

15   "Advertisement to Purchase and/or Solicitation to purchase the Les Mars Hotel for

16   $13,500,000.00".

17

18   113. There was no public interest in any of the Defendants using Douglas Keane's name and/or

19   photograph in the aforementioned advertisement; rather, it was solely for their own financial

20   gain.

21

22   114. Pursuant to California Civil Code § 3344(a), Plaintiff, requests that exemplary and/or

23   punitive damages be assessed against Defendants, Atlas Hospitality Group, Hedmark VIII,

24   L.L.C. and Westland Financial III, L.L.C., Justin B. Myers and Does 1-100.

25

26   115. Pursuant to California Civil Code § 3294, Plaintiff, requests that exemplary and/or punitive

27   damages be assessed against Defendants, Atlas Hospitality Group, Hedmark VIII, L.L.C. and

28   Westland Financial III, L.L.C., Justin B. Myers and Does 1-100.

1

2   116. Pursuant to California Civil Code § 3344(a), Plaintiff further requests that the Defendants,

3   Atlas Hospitality Group, Hedmark VIII, L.L.C. and Westland Financial III, L.L.C., Justin B.

4   Myers and Does 1-100, be found liable to him for the greater of $750.00 or the actual damages

5   suffered by him as a result of the aforementioned unauthorized use of his name on page

6   eighteen (18), line twenty-nine (29), of the "Advertisement to Purchase and/or Solicitation to

7   purchase the Les Mars Hotel for $13,500,000.00".

8

9   117. Pursuant to California Civil Code § 3344(a), Plaintiff further requests that the Defendants,

10  Atlas Hospitality Group, Hedmark VIII, L.L.C. and Westland Financial III, L.L.C., Justin B.

11  Myers and Does 1-100, be found liable to him for any profits from the unauthorized use of his

12  name on page eighteen (18), line twenty-nine (29), of the "Advertisement to Purchase and/or

13  Solicitation to purchase the Les Mars Hotel for $13,500,000.00" and which are attributable to

14  the use.

15

16  118. Pursuant to California Civil Code § 3344(a), Plaintiff further requests that the Defendants,

17  Atlas Hospitality Group, Hedmark VIII, L.L.C. and Westland Financial III, L.L.C., Justin B.

18  Myers and Does 1-100, be found liable to him for attorney fees and costs.

19

20  119. Plaintiff, Douglas Keane, requests relief as set forth hereafter.

21

22                         **SEVENTH CAUSE OF ACTION**
23              **(VIOLATION OF CALIFORNIA CIVIL CODE § 3344)**

24  120. Plaintiff incorporates by reference paragraphs (1) through (119) as though set forth herein

25  in full.

26

27

28

1   121. Defendant, Atlas Hospitality Group, is and was at all times pertinent to this action a

2   California corporation, with its principal place of business located at 2500 Michelson, Suite

3   110, Irvine, California 92612.

4

5   122. Defendant, Hedmark VIII, L.L.C., is and was at all times pertinent to this action a Nevada

6   limited liability company, with its principal place of business located in Sonoma County at the

7   Les Mars Hotel which it owned and/or operated at 27 North Street, Healdsburg, California.

8

9   123. Defendant, Westland Financial III, L.L.C. is and was at all times pertinent to this action a

10  Nevada limited liability company, with its principal place of business located in Sonoma

11  County at the Les Mars Hotel which it owned and/or operated at 27 North Street, Healdsburg,

12  California.

13

14  124. Defendant, Justin B. Myers, is and was at all times pertinent to this action a California resident,

15  who at all times pertinent to this action worked within the course and scope of his employment for

16  Defendant, Atlas Hospitality Group.

17

18

19  125.  The true names and capacities of the Defendants, DOES 1 through 100, inclusive, whether

20  individual, corporate, associate or otherwise, are unknown to Plaintiff, Douglas Keane, at the time of

21  filing this Complaint and he, therefore, sues said Defendants by such fictitious names and will ask leave

22  of court to amend this Complaint to show their true names or capacities when the same have been

23  ascertained. Plaintiff, Douglas Keane, is informed and believes, and thereon alleges, that each of the

24  DOE Defendants is, in some manner, responsible for the events and happenings herein set forth and

25  proximately caused injury and damages to him, as herein alleged.

26

27

28


27

1   120. Plaintiff, Douglas Keane, is and was at all times pertinent to this action a resident of

2   Healdsburg, California.

3

4   121. On May 15, 2007, and perhaps on other dates unknown to Plaintiff at this time,

5   Defendants, Atlas Hospitality Group, Hedmark VIII, L.L.C. and Westland Financial III, L.L.C.,

6   Justin B. Myers and Does 1-100, authorized, created, published and/or distributed within

7   California, and perhaps other places unknown to Plaintiff at this time, a thirty-two (32) page

8   advertisement and/or solicitation to purchase the Les Mars Hotel for $13,500,000.00, entitled

9   "Confidential Offering Memorandum for the Les Mars Hotel" (hereinafter referred to in this

10   Complaint as "Advertisement to Purchase and/or Solicitation to Purchase the Les Mars Hotel

11   for $13,500,000.00")

12

13   122. On page eighteen (18), line thirty (30), the Defendants, Atlas Hospitality Group, Hedmark

14   VIII, L.L.C. and Westland Financial III, L.L.C., Justin B. Myers and Does 1-100, knowingly

15   used the name of Plaintiff, Douglas Keane, in the "Advertisement to Purchase and/or

16   Solicitation to purchase the Les Mars Hotel for $13,500,000.00" as follows:  "A great cook

17   knows the mysterious chemistry of food but, like Keane, brings it all to bear in an effort to

18   please." (See attached Exhibit 1, which is pp. 1, 3, 4, 17 and 18 of the Advertisement to

19   Purchase and/or Solicitation to purchase the Les Mars Hotel for $13,500,000.00)

20

21   123. Plaintiff, Douglas Keane, never consented to the use of his name on page eighteen (18),

22   line thirty (30) of the "Advertisement to Purchase and/or Solicitation to purchase the Les Mars

23   Hotel for $13,500,000.00", by anyone, including by the Defendants, Atlas Hospitality Group,

24   Hedmark VIII, L.L.C. and Westland Financial III, L.L.C., Justin B. Myers and Does 1-100.

25

26   124. The knowing use of Douglas Keane's name on page eighteen (18), thirty (30), of the

27   "Advertisement to Purchase and/or Solicitation to purchase the Les Mars Hotel for

28   $13,500,000.00", by the Defendants, Atlas Hospitality Group, Hedmark VIII, L.L.C. and

1  Westland Financial III, L.L.C., Justin B. Myers and Does 1-100, violates California Civil Code

2  § 3344.

3

4  125. The knowing use of Douglas Keane's name on page eighteen (18), thirty (30), of the

5  "Advertisement to Purchase and/or Solicitation to purchase the Les Mars Hotel for

6  $13,500,000.00", by the Defendants, Atlas Hospitality Group, Hedmark VIII, L.L.C. and

7  Westland Financial III, L.L.C., Justin B. Myers and Does 1-100, proximately and directly

8  caused Plaintiff, Douglas Keane, to sustain general and special damages in an amount within the

9  unlimited jurisdiction of the superior court as a result thereof, including but not limited to injury

10  to reputation, humiliation, inconvenience, mental suffering, emotional distress, loss of income,

11  attorney fees and other costs.

12

13  126. Defendants, Atlas Hospitality Group, Hedmark VIII, L.L.C. and Westland Financial III,

14  L.L.C., Justin B. Myers and Does 1-100, acted with malice, oppression and/or fraud with

15  respect to their knowing use of Douglas Keane's name without his consent and without

16  compensating him for the use of his name on page eighteen (18), thirty (30), of the

17  "Advertisement to Purchase and/or Solicitation to purchase the Les Mars Hotel for

18  $13,500,000.00".

19

20  127. There was no public interest in any of the Defendants using Douglas Keane's name and/or

21  photograph in the aforementioned advertisement; rather, it was solely for their own financial

22  gain.

23

24  128. Pursuant to California Civil Code § 3344(a), Plaintiff, requests that exemplary and/or

25  punitive damages be assessed against Defendants, Atlas Hospitality Group, Hedmark VIII,

26  L.L.C. and Westland Financial III, L.L.C., Justin B. Myers and Does 1-100.

27

28

29

129. Pursuant to California Civil Code § 3294, Plaintiff, requests that exemplary and/or punitive damages be assessed against Defendants, Atlas Hospitality Group, Hedmark VIII, L.L.C. and Westland Financial III, L.L.C., Justin B. Myers and Does 1-100.

130. Pursuant to California Civil Code § 3344(a), Plaintiff further requests that the Defendants, Atlas Hospitality Group, Hedmark VIII, L.L.C. and Westland Financial III, L.L.C., Justin B. Myers and Does 1-100, be found liable to him for the greater of $750.00 or the actual damages suffered by him as a result of the aforementioned unauthorized use of his name on page eighteen (18), line thirty (30), of the "Advertisement to Purchase and/or Solicitation to purchase the Les Mars Hotel for $13,500,000.00".

131. Pursuant to California Civil Code § 3344(a), Plaintiff further requests that the Defendants, Atlas Hospitality Group, Hedmark VIII, L.L.C. and Westland Financial III, L.L.C., Justin B. Myers and Does 1-100, be found liable to him for any profits from the unauthorized use of his name on page eighteen (18), line thirty (30), of the "Advertisement to Purchase and/or Solicitation to purchase the Les Mars Hotel for $13,500,000.00" and which are attributable to the use.

132. Pursuant to California Civil Code § 3344(a), Plaintiff further requests that the Defendants, Atlas Hospitality Group, Hedmark VIII, L.L.C. and Westland Financial III, L.L.C., Justin B. Myers and Does 1-100, be found liable to him for attorney fees and costs.

133. Plaintiff, Douglas Keane, requests relief as set forth hereafter.

### EIGHTH CAUSE OF ACTION
### (VIOLATION OF CALIFORNIA CIVIL CODE § 3344)

134. Plaintiff incorporates by reference paragraphs (1) through (133) as though set forth herein in full.

1

2    135. Defendant, Atlas Hospitality Group, is and was at all times pertinent to this action a

3    California corporation, with its principal place of business located at 2500 Michelson, Suite

4    110, Irvine, California 92612.

5

6    136. Defendant, Hedmark VIII, L.L.C., is and was at all times pertinent to this action a Nevada

7    limited liability company, with its principal place of business located in Sonoma County at the

8    Les Mars Hotel which it owned and/or operated at 27 North Street, Healdsburg, California.

9

10   137. Defendant, Westland Financial III, L.L.C. is and was at all times pertinent to this action a

11   Nevada limited liability company, with its principal place of business located in Sonoma

12   County at the Les Mars Hotel which it owned and/or operated at 27 North Street, Healdsburg,

13   California.

14

15   138. Defendant, Justin B. Myers, is and was at all times pertinent to this action a California resident,

16   who at all times pertinent to this action worked within the course and scope of his employment for

17   Defendant, Atlas Hospitality Group.

18

19   139. The true names and capacities of the Defendants, DOES 1 through 100, inclusive, whether

20   individual, corporate, associate or otherwise, are unknown to Plaintiff, Douglas Keane, at the time of

21   filing this Complaint and he, therefore, sues said Defendants by such fictitious names and will ask leave

22   of court to amend this Complaint to show their true names or capacities when the same have been

23   ascertained. Plaintiff, Douglas Keane, is informed and believes, and thereon alleges, that each of the

24   DOE Defendants is, in some manner, responsible for the events and happenings herein set forth and

25   proximately caused injury and damages to him, as herein alleged.

26

27

28

Complaint and Jury Demand

1    140. Plaintiff, Douglas Keane, is and was at all times pertinent to this action a resident of

2    Healdsburg, California.

3

4    141. On May 15, 2007, and perhaps on other dates unknown to Plaintiff at this time,

5    Defendants, Atlas Hospitality Group, Hedmark VIII, L.L.C. and Westland Financial III, L.L.C.,

6    Justin B. Myers and Does 1-100, authorized, created, published and/or distributed within

7    California, and perhaps other places unknown to Plaintiff at this time, a thirty-two (32) page

8    advertisement and/or solicitation to purchase the Les Mars Hotel for $13,500,000.00, entitled

9    "Confidential Offering Memorandum for the Les Mars Hotel" (hereinafter referred to in this

10   Complaint as "Advertisement to Purchase and/or Solicitation to Purchase the Les Mars Hotel

11   for $13,500,000.00")

12

13   142. On page eighteen (18), the Defendants, Atlas Hospitality Group, Hedmark VIII, L.L.C. and

14   Westland Financial III, L.L.C., Justin B. Myers and Does 1-100, knowingly used the

15   photograph of Plaintiff, Douglas Keane, in the "Advertisement to Purchase and/or Solicitation

16   to purchase the Les Mars Hotel for $13,500,000.00". (See attached Exhibit 1, which is pp. 1, 3,

17   4, 17 and 18 of the Advertisement to Purchase and/or Solicitation to purchase the Les Mars

18   Hotel for $13,500,000.00)

19

20   143. Plaintiff, Douglas Keane, never consented to the use of his photograph on page eighteen

21   (18) of the "Advertisement to Purchase and/or Solicitation to purchase the Les Mars Hotel for

22   $13,500,000.00", by anyone, including by the Defendants, Atlas Hospitality Group, Hedmark

23   VIII, L.L.C. and Westland Financial III, L.L.C., Justin B. Myers and Does 1-100.

24

25   144. The knowing use of Douglas Keane's photograph on page eighteen (18) of the

26   "Advertisement to Purchase and/or Solicitation to purchase the Les Mars Hotel for

27   $13,500,000.00", by the Defendants, Atlas Hospitality Group, Hedmark VIII, L.L.C. and

28

32

1  Westland Financial III, L.L.C., Justin B. Myers and Does 1-100, violates California Civil Code
2  § 3344.

3

4  145. The knowing use of Douglas Keane's photograph on page eighteen (18) of the
5  "Advertisement to Purchase and/or Solicitation to purchase the Les Mars Hotel for
6  $13,500,000.00", by the Defendants, Atlas Hospitality Group, Hedmark VIII, L.L.C. and
7  Westland Financial III, L.L.C., Justin B. Myers and Does 1-100, proximately and directly
8  caused Plaintiff, Douglas Keane, to sustain general and special damages in an amount within the
9  unlimited jurisdiction of the superior court as a result thereof, including but not limited to injury
10  to reputation, humiliation, inconvenience, mental suffering, emotional distress, loss of income,
11  attorney fees and other costs.

12

13  146. Defendants, Atlas Hospitality Group, Hedmark VIII, L.L.C. and Westland Financial III,
14  L.L.C., Justin B. Myers and Does 1-100, acted with malice, oppression and/or fraud with
15  respect to their knowing use of Douglas Keane's photograph without his consent and without
16  compensating him for the use of his photograph on page eighteen (18), of the "Advertisement to
17  Purchase and/or Solicitation to purchase the Les Mars Hotel for $13,500,000.00".

18

19  147. There was no public interest in any of the Defendants using Douglas Keane's name and/or
20  photograph in the aforementioned advertisement; rather, it was solely for their own financial
21  gain.

22

23  148. Pursuant to California Civil Code § 3344(a), Plaintiff, requests that exemplary and/or
24  punitive damages be assessed against Defendants, Atlas Hospitality Group, Hedmark VIII,
25  L.L.C. and Westland Financial III, L.L.C., Justin B. Myers and Does 1-100.

26

27

28

33

1   149. Pursuant to California Civil Code § 3294, Plaintiff, requests that exemplary and/or punitive

2   damages be assessed against Defendants, Atlas Hospitality Group, Hedmark VIII, L.L.C. and

3   Westland Financial III, L.L.C., Justin B. Myers and Does 1-100.

4

5   150. Pursuant to California Civil Code § 3344(a), Plaintiff further requests that the Defendants,

6   Atlas Hospitality Group, Hedmark VIII, L.L.C. and Westland Financial III, L.L.C., Justin B.

7   Myers and Does 1-100, be found liable to him for the greater of $750.00 or the actual damages

8   suffered by him as a result of the aforementioned unauthorized use of his photograph on page

9   eighteen (18) of the "Advertisement to Purchase and/or Solicitation to purchase the Les Mars

10  Hotel for $13,500,000.00".

11

12  151. Pursuant to California Civil Code § 3344(a), Plaintiff further requests that the Defendants,

13  Atlas Hospitality Group, Hedmark VIII, L.L.C. and Westland Financial III, L.L.C., Justin B.

14  Myers and Does 1-100, be found liable to him for any profits from the unauthorized use of his

15  photograph on page eighteen (18), of the "Advertisement to Purchase and/or Solicitation to

16  purchase the Les Mars Hotel for $13,500,000.00" and which are attributable to the use.

17

18  152. Pursuant to California Civil Code § 3344(a), Plaintiff further requests that the Defendants,

19  Atlas Hospitality Group, Hedmark VIII, L.L.C. and Westland Financial III, L.L.C., Justin B.

20  Myers and Does 1-100, be found liable to him for attorney fees and costs.

21

22  153. Plaintiff, Douglas Keane, requests relief as set forth hereafter.

23

24              **NINTH CAUSE OF ACTION**
25  **(APPROPRIATION OF RIGHT OF PUBLICITY FOR COMMERCIAL PURPOSES)**

26  154. Plaintiff incorporates by reference paragraphs (1) through (153) as though set forth herein

27  in full.

28

34

155. Defendant, Atlas Hospitality Group, is and was at all times pertinent to this action a California corporation, with its principal place of business located at 2500 Michelson, Suite 110, Irvine, California 92612.

156. Defendant, Hedmark VIII, L.L.C., is and was at all times pertinent to this action a Nevada limited liability company, with its principal place of business located in Sonoma County at the Les Mars Hotel which it owned and/or operated at 27 North Street, Healdsburg, California.

157. Defendant, Westland Financial III, L.L.C. is and was at all times pertinent to this action a Nevada limited liability company, with its principal place of business located in Sonoma County at the Les Mars Hotel which it owned and/or operated at 27 North Street, Healdsburg, California.

158. Defendant, Justin B. Myers, is and was at all times pertinent to this action a California resident, who at all times pertinent to this action worked within the course and scope of his employment for Defendant, Atlas Hospitality Group.

159. The true names and capacities of the Defendants, DOES 1 through 100, inclusive, whether individual, corporate, associate or otherwise, are unknown to Plaintiff, Douglas Keane, at the time of filing this Complaint and he, therefore, sues said Defendants by such fictitious names and will ask leave of court to amend this Complaint to show their true names or capacities when the same have been ascertained. Plaintiff, Douglas Keane, is informed and believes, and thereon alleges, that each of the DOE Defendants is, in some manner, responsible for the events and happenings herein set forth and proximately caused injury and damages to him, as herein alleged.

35

1   160. Plaintiff, Douglas Keane, is and was at all times pertinent to this action a resident of

2   Healdsburg, California.

3

4   161. On May 15, 2007, and perhaps on other dates unknown to Plaintiff at this time,

5   Defendants, Atlas Hospitality Group, Hedmark VIII, L.L.C. and Westland Financial III, L.L.C.,

6   Justin B. Myers and Does 1-100, authorized, created, published and/or distributed within

7   California, and perhaps other places unknown to Plaintiff at this time, a thirty-two (32) page

8   advertisement and/or solicitation to purchase the Les Mars Hotel for $13,500,000.00, entitled

9   "Confidential Offering Memorandum for the Les Mars Hotel" (hereinafter referred to in this

10  Complaint as "Advertisement to Purchase and/or Solicitation to Purchase the Les Mars Hotel

11  for $13,500,000.00")

12

13  161. On page seventeen (17), line four (4), the Defendants, Atlas Hospitality Group, Hedmark

14  VIII, L.L.C. and Westland Financial III, L.L.C., Justin B. Myers and Does 1-100, knowingly

15  used the name of Plaintiff, Douglas Keane, in the "Advertisement to Purchase and/or

16  Solicitation to purchase the Les Mars Hotel for $13,500,000.00" as follows: "Chef Douglas

17  Keane (Rising Star Chef SF Chronicle 2002 and Maître d' Nick Peyton (the godfather of white

18  tablecloth dining" SF Chronicle 5/2/2003) offer their contemporary luxury cuisine in a

19  completely flexible prix fixe format of three to five dishes." (See attached Exhibit 1, which is

20  pp. 1, 3, 4, 17 and 18 of the Advertisement to Purchase and/or Solicitation to purchase the Les

21  Mars Hotel for $13,500,000.00)

22

23  162. On page eighteen (18), line five (5), the Defendants, Atlas Hospitality Group, Hedmark

24  VIII, L.L.C. and Westland Financial III, L.L.C., Justin B. Myers and Does 1-100, knowingly

25  used the name of Plaintiff, Douglas Keane, in the "Advertisement to Purchase and/or

26  Solicitation to purchase the Les Mars Hotel for $13,500,000.00" as follows: "If you want to

27  find the next superstar chef, look no farther than Douglas Keane, who is proving his mettle each

28  night at Cyrus in Healdsburg." (See attached Exhibit 1, which is pp. 1, 3, 4, 17 and 18 of the

36

1    Advertisement to Purchase and/or Solicitation to purchase the Les Mars Hotel for

2    $13,500,000.00)

3

4    163. On page eighteen (18), line ten (10), the Defendants, Atlas Hospitality Group, Hedmark

5    VIII, L.L.C. and Westland Financial III, L.L.C., Justin B. Myers and Does 1-100, knowingly

6    used the name of Plaintiff, Douglas Keane, in the "Advertisement to Purchase and/or

7    Solicitation to purchase the Les Mars Hotel for $13,500,000.00" as follows:  "When I reviewed

8    the restaurant a few months after it opened, it was evident that Keane was cooking at a level that

9    put him in an elite pantheon of chefs." (See attached Exhibit 1, which is pp. 1, 3, 4, 17 and 18 of

10    the Advertisement to Purchase and/or Solicitation to purchase the Les Mars Hotel for

11    $13,500,000.00)

12

13    164. On page eighteen (18), line twenty (20), the Defendants, Atlas Hospitality Group,

14    Hedmark VIII, L.L.C. and Westland Financial III, L.L.C., Justin B. Myers and Does 1-100,

15    knowingly used the name of Plaintiff, Douglas Keane, in the "Advertisement to Purchase and/or

16    Solicitation to purchase the Les Mars Hotel for $13,500,000.00" as follows:  "[S]urrender

17    yourself to the masterful hands of chef Douglas Keane." (See attached Exhibit 1, which is pp. 1,

18    3, 4, 17 and 18 of the Advertisement to Purchase and/or Solicitation to purchase the Les Mars

19    Hotel for $13,500,000.00)

20

21    165. On page eighteen (18), line twenty-two (22), the Defendants, Atlas Hospitality Group,

22    Hedmark VIII, L.L.C. and Westland Financial III, L.L.C., Justin B. Myers and Does 1-100,

23    knowingly used the name of Plaintiff, Douglas Keane, in the "Advertisement to Purchase and/or

24    Solicitation to purchase the Les Mars Hotel for $13,500,000.00" as follows:  "With that

25    introduction to Douglas Keane's seriously decadent cooking, you begin to understand why

26    Healdsburg has become such a wine-country destination." (See attached Exhibit 1, which is pp.

27    1, 3, 4, 17 and 18 of the Advertisement to Purchase and/or Solicitation to purchase the Les Mars

28    Hotel for $13,500,000.00)

1
2   166. On page eighteen (18), line twenty-nine (29), the Defendants, Atlas Hospitality Group,
3   Hedmark VIII, L.L.C. and Westland Financial III, L.L.C., Justin B. Myers and Does 1-100,
4   knowingly used the name of Plaintiff, Douglas Keane, in the "Advertisement to Purchase and/or
5   Solicitation to purchase the Les Mars Hotel for $13,500,000.00" as follows: "Keane proves that
6   great cooking is foremost tasty cooking, not just wacky experiments at the guests' expense."
7   (See attached Exhibit 1, which is pp. 1, 3, 4, 17 and 18 of the Advertisement to Purchase and/or
8   Solicitation to purchase the Les Mars Hotel for $13,500,000.00)
9
10  167. On page eighteen (18), line thirty (30), the Defendants, Atlas Hospitality Group, Hedmark
11  VIII, L.L.C. and Westland Financial III, L.L.C., Justin B. Myers and Does 1-100, knowingly
12  used the name of Plaintiff, Douglas Keane, in the "Advertisement to Purchase and/or
13  Solicitation to purchase the Les Mars Hotel for $13,500,000.00" as follows: "A great cook
14  knows the mysterious chemistry of food but, like Keane, brings it all to bear in an effort to
15  please." (See attached Exhibit 1, which is pp. 1, 3, 4, 17 and 18 of the Advertisement to
16  Purchase and/or Solicitation to purchase the Les Mars Hotel for $13,500,000.00)
17
18  168. On page eighteen (18), the Defendants, Atlas Hospitality Group, Hedmark VIII, L.L.C. and
19  Westland Financial III, L.L.C., Justin B. Myers and Does 1-100, knowingly used the
20  photograph of Plaintiff, Douglas Keane, in the "Advertisement to Purchase and/or Solicitation
21  to purchase the Les Mars Hotel for $13,500,000.00". (See attached Exhibit 1, which is pp. 1, 3,
22  4, 17 and 18 of the Advertisement to Purchase and/or Solicitation to purchase the Les Mars
23  Hotel for $13,500,000.00)
24
25  169. These aforementioned uses of Douglas Keane's name, image, photograph, identity and
26  likeness  constitute an appropriation of the same.
27
28

38

170. Plaintiff, Douglas Keane, was never compensated for the aforementioned appropriation of Plaintiff's name, image, photograph, identity and likeness by the Defendants.

171. Plaintiff, Douglas Keane, never consented to the aforementioned appropriation and use of his identity, name or photograph on any page of the "Advertisement to Purchase and/or Solicitation to purchase the Les Mars Hotel for $13,500,000.00", by anyone, including by the Defendants, Atlas Hospitality Group, Hedmark VIII, L.L.C. and Westland Financial III, L.L.C., Justin B. Myers and Does 1-100.

172. The aforementioned appropriation of Douglas Keane's name, image, photograph, identity and likeness was to the advantage, commercially or otherwise, of Defendants, Atlas Hospitality Group, Hedmark VIII, L.L.C. and Westland Financial III, L.L.C., Justin B. Myers and Does 1-100.

173. The aforementioned appropriation of Douglas Keane's name, image, photograph, identity by Defendants, Atlas Hospitality Group, Hedmark VIII, L.L.C. and Westland Financial III, L.L.C., Justin B. Myers and Does 1-100, proximately caused Douglas Keane to sustain general and special damages in an amount within the unlimited jurisdiction of the superior court as a result thereof, including but not limited to injury to reputation, humiliation, inconvenience, mental suffering, emotional distress, loss of income, attorney fees and other costs.

174. Defendants, Atlas Hospitality Group, Hedmark VIII, L.L.C. and Westland Financial III, L.L.C., Justin B. Myers and Does 1-100, acted with malice, oppression and/or fraud with respect to their knowing use of Douglas Keane's name, image, photograph, identity and likeness without his consent and without compensating him for the use of his name, image, photograph, identity and likeness in the "Advertisement to Purchase and/or Solicitation to purchase the Les Mars Hotel for $13,500,000.00".

1    175. There was no public interest in any of the Defendants using Douglas Keane's name and/or

2    photograph in the aforementioned advertisement; rather, it was solely for their own financial

3    gain.

4

5    176. Pursuant to California Civil Code § 3294, Plaintiff, requests that exemplary and/or punitive

6    damages be assessed against Defendants, Atlas Hospitality Group, Hedmark VIII, L.L.C. and

7    Westland Financial III, L.L.C., Justin B. Myers and Does 1-100.

8

9    177. Plaintiff, Douglas Keane, requests relief as set forth hereafter.

10

11                              **FIRST CAUSE OF ACTION**

12

13    A. General damages in a sum according to proof.

14    B. Special damages in a sum according to proof.

15    C. Attorney fees and costs in a sum according to proof.

16    D. Punitive and/or exemplary damages according to proof.

17    E. For interest provided by law including, but not limited to, California Civil Code, Section 3291; and

18    F. Costs of suit and, for such other and further relief as the court deems proper.

19

20                              **SECOND CAUSE OF ACTION**

21

22    A. General damages in a sum according to proof.

23    B. Special damages in a sum according to proof.

24    C. Attorney fees and costs in a sum according to proof.

25    D. Punitive and/or exemplary damages according to proof.

26    E. For interest provided by law including, but not limited to, California Civil Code, Section 3291; and

27    F. Costs of suit and, for such other and further relief as the court deems proper.

28

1

**THIRD CAUSE OF ACTION**

2

3   A. General damages in a sum according to proof.

4   B. Special damages in a sum according to proof.

5   C. Attorney fees and costs in a sum according to proof.

6   D. Punitive and/or exemplary damages according to proof.

7   E. For interest provided by law including, but not limited to, California Civil Code, Section 3291; and

8   F. Costs of suit and, for such other and further relief as the court deems proper.

9

10

**FOURTH CAUSE OF ACTION**

11

12   A. General damages in a sum according to proof.

13   B. Special damages in a sum according to proof.

14   C. Attorney fees and costs in a sum according to proof.

15   D. Punitive and/or exemplary damages according to proof.

16   E. For interest provided by law including, but not limited to, California Civil Code, Section 3291; and

17   F. Costs of suit and, for such other and further relief as the court deems proper.

18

19

**FIFTH CAUSE OF ACTION**

20

21

22   A. General damages in a sum according to proof.

23   B. Special damages in a sum according to proof.

24   C. Attorney fees and costs in a sum according to proof.

25   D. Punitive and/or exemplary damages according to proof.

26   E. For interest provided by law including, but not limited to, California Civil Code, Section 3291; and

27   F. Costs of suit and, for such other and further relief as the court deems proper.

28

1

2

## **SIXTH CAUSE OF ACTION**

3

A. General damages in a sum according to proof.

4

B. Special damages in a sum according to proof.

5

C. Attorney fees and costs in a sum according to proof.

6

D. Punitive and/or exemplary damages according to proof.

7

E. For interest provided by law including, but not limited to, California Civil Code, Section 3291; and

8

F. Costs of suit and, for such other and further relief as the court deems proper.

9

10

## **SEVENTH CAUSE OF ACTION**

11

12

A. General damages in a sum according to proof.

13

B. Special damages in a sum according to proof.

14

C. Attorney fees and costs in a sum according to proof.

15

D. Punitive and/or exemplary damages according to proof.

16

E. For interest provided by law including, but not limited to, California Civil Code, Section 3291; and

17

F. Costs of suit and, for such other and further relief as the court deems proper.

18

19

## **EIGHTH CAUSE OF ACTION**

20

21

22

A. General damages in a sum according to proof.

23

B. Special damages in a sum according to proof.

24

C. Attorney fees and costs in a sum according to proof.

25

D. Punitive and/or exemplary damages according to proof.

26

E. For interest provided by law including, but not limited to, California Civil Code, Section 3291; and

27

F. Costs of suit and, for such other and further relief as the court deems proper.

28

Complaint and Jury Demand

## NINTH CAUSE OF ACTION

A. General damages in a sum according to proof.

B. Special damages in a sum according to proof.

C. Attorney fees and costs in a sum according to proof.

D. Punitive and/or exemplary damages according to proof.

E. For interest provided by law including, but not limited to, California Civil Code, Section 3291; and

F. Costs of suit and, for such other and further relief as the court deems proper.

43

1

2    Dated: _10-19-2007_                    By: _____
                                                Attorney for Plaintiff
3

4    Dated: _10/19/07_                      By: _____
                                                Attorney for Plaintiff
5

6

7                        **VERIFICATION BY PLAINTIFF**

8

9    I am a party to this action, and I have read the foregoing Complaint and know its contents.  The

10   matters stated in the Complaint are true based on my own knowledge, except as to those matters

11   stated on information and belief, and as to those matters I believe them to be true.  I declare

12   under penalty of perjury under the laws of the State of California that the foregoing is true and

13   correct. Executed on October 16, 2007, at Healdsburg, California.

14

15                                    By: _____
                                          Plaintiff
16

17

18

19

20

21

22

23

24

25

26

27

28

Complaint and Jury Demand