ROSS B. JONES, SBN 120593
Merrill, Arnone & Jones, LLP
3554 Round Barn Boulevard, Suite 303
Santa Rosa, California 95403
Telephone: (707) 528-2882
Facsimile:  (707) 528-6015

Attorneys for Defendants/Counterclaimants
HEDMARK VIII, LLC and
WESTLAND FINANCIAL III, LLC

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOUGLAS KEANE. | CASE NO. C 07-06074 ECF/EMC |
| Plaintiff. | **DEFENDANTS AND COUNTERCLAIMANTS' OPPOSITION TO PLAINTIFF'S MOTION TO REMAND** |
| vs. | |
| ATLAS HOSPITALITY GROUP, HEDMARK VIII, LLC and WESTLAND FINANCIAL III, LLC and JUSTIN B. MEYERS. | Date:        March 19, 2008<br>Time:        10:30 a.m.<br>Courtroom:   C |
| Defendants. | |
| _____/ | |
| AND RELATED COUNTERCLAIMS | |
| _____/ | |

## I.
## INTRODUCTION

Plaintiff cannot use right of privacy laws to prevent the reproduction and distribution of copyrighted works. Plaintiff's basic argument—that misappropriation of name and image claims are never subject to preemption because "names and images are not copyrightable," even when embedded in a copyrightable medium—is flawed.

1

Preemption is not determined solely on whether the copied elements are independently protectible under the Copyright Act.  The test is whether the subject matter is *generally* within the scope of the Act.  Because the underlying right Plaintiff seeks to enforce is stopping reproduction of copyrighted works in which his name and likeness appear, he is making a claim equivalent to an exclusive right within the general scope of copyright.

Since Plaintiff's claims arise under the Copyright Act, and under the facts of this case, are preempted by the Copyright Act, this Court has subject matter jurisdiction.  The Motion to Remand should be denied.

## II.
## FACTUAL BACKGROUND

The Les Mars Hotel is a "16-room luxury boutique hotel with leased restaurant space in Healdsburg, California."  Complaint, Exh. 1 (Prospectus, p. 4).  Complaint, ¶2-3. The Les Mars Hotel is the "home of Cyrus" restaurant; Cyrus rents its restaurant space from Hedmark/Westland, the owners of the Hotel. Plaintiff's Motion to Remand, 2:28; 3:1-2; Complaint, ¶2-3; Prospectus, p. 17 (Exh. 1 to Complaint).

The Complaint asserts seven separate claims for relief under California's right-to-privacy statute (Cal. Civil Code § 3344), although all seven statements are found in the same Prospectus (drafted for the potential sale of the Hotel). The eighth claim for relief, incorporating the same facts, is brought under California's common law right-of-publicity law.

The Complaint alleges that Plaintiff's name appears seven times in the Prospectus. Complaint, ¶161-167. Six instances consist of attributed quotes from restaurant reviews published by the *San Francisco Chronicle*, *Michelin Restaurant Guide*, *Gourmet* and *Esquire* magazines.  See Complaint, ¶162-167; Exhibit 1 (page 18 of the Prospectus). The seventh instance (¶161) contains text from the home page of www.cyrusrestaurant.com, which contains a copyright notice "© 2007-2008 Cyrus

2

Restaurant."[1]  Lastly, Plaintiff alleges that a photograph of him was included in the Prospectus. Complaint, ¶ 168. The photograph appears on the restaurant's website. Request for Judicial Notice, Exh. B; (http://www.cyrusrestaurant.com/keane_bio.htm).

Defendants removed the action to Federal Court, alleging that Plaintiff's claims arise "under the Copyright Act (17 U.S.C. § 101 et. seq.) which grants exclusive jurisdiction to federal district courts over civil actions arising under the Copyright Act. 17 U.S.C. § 301.  Plaintiff's claims under Calif. Civil Code § 3344 and common law right-to-privacy claims arise from the alleged publication of purportedly copyrighted materials (attached as Exhibit 1 to the Complaint), which copyrights are owned either by the listed publications or by Cyrus Restaurant."  Notice of Removal, ¶ 3.

### III.
### LEGAL ARGUMENT

**A.    Name and Likeness Claims are Subject to Copyright Preemption**.

Claims brought under California's right-of-publicity statute and common-law privacy actions are subject to copyright preemption.  *Laws v. Sony Music Entertainment, Inc.* (9th Cir. 2006) 448 F.3d 1134; *Fleet v. CBS, Inc.* (1996) 78 Cal.App.4[th] 362.  The question is not whether such claims are generally preempted under § 301 of the Copyright Act, but "whether they are preempted as applied to the facts of this case." *Laws*, supra, at 1139.

The Ninth Circuit uses a two-part test to determine whether a state law is preempted by the Copyright Act: (1) whether the subject matter of plaintiff's right of publicity claims comes within the subject matter of copyright, and (2) whether the rights plaintiff asserts under California law are equivalent to those created under the Copyright Act. *Laws,* supra, at 1139.

Plaintiff contends that because his "name and likeness" are not copyrightable, preemption can never apply, even if his name and likeness are embedded in a

---

[1]  See Request for Judicial Notice, Exh. A.

1  copyrightable medium. This is not the law.  See *Facebook, Inc. v. ConnectU, LLC* (N.D.

2  Cal. 2007) 439 F.Supp.2d 1087, 1092:  "The inquiry does not end there, however,

3  because preemption does not turn on whether the copied *elements* are protectible under

4  the Copyright Act, but on whether the subject matter is *generally* within the 'scope' of

5  the Copyright Act.  *See National Basketball Association v. Motorola, Inc.,* 105 F.3d 841,

6  849 (2nd Cir. 1997) ('Copyrightable material often contains uncopyrightable elements

7  within it, but Section 301 preemption bars state law misappropriation claims with respect

8  to uncopyrightable as well as copyrightable elements.')." Id. (*emph.* in original).

9      The cases cited by Plaintiff do not dictate a contrary result.  The court in *KNB*

10  noted that while the model's likeness is not independently copyrightable, it nevertheless

11  held that "in our view, a section 3344 claim is preempted under *Fleet* where an actor or

12  model with no copyright interest in the work seeks to prevent the exclusive copyright

13  holder from displaying the copyrighted work." *KNB*, 78 Cal.App.4th 362, 374 (*emph.*

14  *added*).  "In an action against the exclusive copyright holder, 'the state law right to

15  publicity action is preempted where the conduct alleged to violate the right consists only

16  of copying the work in which the plaintiff claims a copyright.'" *KNB*, 78 Cal.App.4th 362,

17  372.  The *KNB* case found no preemption because defendants illegally reproduced

18  copyrighted photographs of plaintiff.  ("We do not believe a section 3344 claim is

19  preempted under *Fleet* where, as here, the defendant has no legal right to publish the

20  copyrighted work."). *KNB*, at 374.[2]

21      In *Downing v. Abercrombie & Fitch*, the defendants published a copyrighted

22  photo of plaintiffs, and identified the plaintiffs by name. The Ninth Circuit, in *Laws,*

23  observed that the photograph reproduced in *Downing* was itself protected by the

24  Copyright Act, but defendants "went well beyond mere republication of the photograph."

---

[2] The Ninth Circuit has rejected the notion that the preemption analysis depends on whether defendant's use of the copyrighted works was licensed or contractually authorized. "Whether or not the two parties contracted around the actual use of a copyright does not affect our preemption analysis. To the extent that [plaintiff] has enforceable, contractual rights regarding the use of [the] copyright, her remedy may lie in a breach of contract claim . . . for licensing . . . without her authorization." *Laws*, at 1143.

4

1    *Laws*, supra, at 1141:  "We noted that the photograph itself was within the subject matter

2    protected by the Copyright Act.  But [defendant] had not merely published the

3    photograph. Rather, it published the photo in connection with a broad surf-themed

4    advertising campaign, identified the plaintiffs-surfers by name, and offered for sale the

5    same t-shirts worn by the plaintiffs in the photo. By doing so, it had suggested that the

6    surfers had endorsed [defendant's] t-shirts. Accordingly, we concluded that 'it is not the

7    publication of the photograph itself, as a creative work of authorship, that is the basis for

8    [plaintiffs']  claims, but rather, it is the use of the [plaintiffs'] likenesses and their names

9    pictured in the published photograph.'"  *Laws*, at 1141.

10          Plaintiff mischaracterizes the above-cases in an attempt to create a bright-line rule

11   that preemption is impossible because "names and likenesses are not copyrightable."

12   However, the test for preemption is not based on whether the copied elements are

13   independently copyrightable, but focuses on whether the "subject matter is *generally*

14   within the 'scope' of the Copyright Act."  *Facebook, Inc.*, supra, 439 F.Supp.2d at 1092

15   (emph. in original); *Laws*, 448 F.3d at 1139.

16          **B.    The Subject Matter of Plaintiff's Claims is the Reproduction and**
              **Distribution of Copyrighted Works, Which are Within the General**
17            **Scope of Copyright**.

18          Thus, the analysis turns on the "subject matter" of Plaintiff's claims in this case.

19   For purposes of preemption, Plaintiff's characterization of his claims are not controlling;

20   the court determines whether the claims arise under federal law and are subject to

21   removal.  *Rivet v. Regions Bank of Louisiana* (1998) 522 US 470, 475, 118 S.Ct. 921,

22   925. As the *Fleet* noted, while plaintiffs might argue that "this is not a copyright

23   infringement case," it concluded that "if all they are seeking is to prevent a party from

24   exhibiting a copyrighted work they are making a claim 'equivalent to an exclusive right

25   within the general scope of copyright.'"  *Fleet,* 50 Cal. App.4[th] at 1919-1920.

26   ///

27   ///

28

1   Defendants here are accused of nothing more than reproducing and redistributing

2   excerpts from restaurant reviews and Cyrus' web pages.  Plaintiff's entire case is that

3   those copyrighted materials were published in the Hotel's sales prospectus.

4   Indeed, if Hedmark/Westland were defending Plaintiff's right to publicity claims

5   on the merits, one might ask why the Hotel, as the "home of Cyrus," and which "rents its

6   restaurant space" to Cyrus, would be liable under right to privacy laws for reproducing

7   reviews of the restaurant and excerpts from the restaurant's publicly available website.

8   The Prospectus gave prospective buyers information that was otherwise available to the

9   general public from the original sources:  Cyrus restaurant is a tenant located on the Hotel

10  premises, and has received positive reviews from newspapers and magazines. The

11  Prospectus did so by solely by reprinting attributed excerpts from those published

12  reviews, and reproducing portions of Cyrus' own website. Complaint, Exh. 1,

13  (Prospectus, pp. 17-18).

14  The real question is whether the underlying right sought to be enforced is merely

15  the plaintiff's name and likeness, or preventing reproduction of copyrighted works in

16  which his name and likeness appear.  The court in *Fleet* held that because the right

17  plaintiff sought to assert, while cloaked in right-to-publicity terms, was actually to stop

18  reproduction and distribution of a copyrighted work, the claims were pre-empted.  *Fleet*,

19  supra, at 1924:  "We concur with these authorities, and also with Professor Nimmer, in

20  holding that a right is equivalent to rights within the exclusive province of copyright

21  when it is infringed by the mere act of reproducing, performing, distributing, or

22  displaying the work at issue." Id.

23  The Ninth Circuit in *Laws* expressed its approval of *Fleet*:  "Had the court held

24  otherwise, each actor could claim that any showing of the film violated his right to

25  control his image and persona."  *Laws*, at 1143. In *Laws*, the court acknowledged that the

26  California statute gave plaintiff a privacy interest in her voice, but held that the privacy

27

28

1  claim was preempted because her vocal performance was "contained within a

2  copyrighted medium." *Laws*, supra, at 1141.

3      If Plaintiff's theory were correct, the mere reproduction of copyrighted works

4  containing his name or likeness would *per se* violate his publicity rights, regardless of

5  context. Anyone other than *Esquire* magazine republishing and redistributing the review

6  containing Plaintiff's name and likeness would face liability under California's right to

7  privacy laws, even if done under license or pursuant to fair use. A more appropriate

8  example of a case where the underlying right is truly based on the plaintiff's name and

9  likeness is to place the *Downing* facts in this case. If Defendants had reproduced Keane's

10  photo and name in connection with a "broad advertising campaign" of selling the same

11  shirts Keane wore in the photo, and doing so in a manner that suggested that Keane

12  endorsed the sale of the shirts, he could legitimately claim that the underlying rights arose

13  from use of his name and likeness.

14      Here, of course, the Prospectus did nothing more than reproduce quotes from

15  restaurant reviews and excerpts from the Cyrus restaurant website. The fact that the

16  reviews and website contain Plaintiff's name and likeness do not change the fundamental

17  nature of the rights being asserted. The subject matter of Plaintiff's claims arises from the

18  republication and redistribution of copyrighted works, which are within the subject matter

19  of the Copyright Act. The first part of the preemption test is satisfied.

20      **C.  Because California's Right to Privacy Laws Are Equivalent to Those
         Created Under the Copyright Act, the Second Element of the**
21      **Preemption Test is Satisfied**.

22      The second part of the preemption test, whether the rights plaintiff asserts under

23  California right-to-publicity laws are equivalent to those created under the Copyright Act,

24  was answered affirmatively by the Ninth Circuit in *Laws*: "The mere presence of an

25  additional element ("commercial use") in section 3344 is not enough to qualitatively

26  distinguish [plaintiff's] right of publicity claim from a claim in copyright. The extra

27  element must transform the nature of the action. Although the elements of [plaintiff's]

28

7

state law claims may not be identical to the elements in a copyright action, the underlying nature of [plaintiff's] state law claims is part and parcel of a copyright claim.  *See Fleet, 58 Cal. Rptr. 2d at 649*. Under the Act, a copyright owner has the exclusive right "to reproduce the copyrighted work." *17 U.S.C. § 106(1)*. [Plaintiff's] claims are based on the premise that [defendant] reproduced a sample of "Very Special" for commercial purposes without her permission. But [defendant] obtained a limited license from the copyright holder to use the copyrighted work for the album. The additional element of 'commercial purpose' does not change the underlying nature of the action." *Laws*, at 1144-1145.[3]

Here, Plaintiff claims that Defendants reproduced portions of copyrighted restaurant reviews and Cyrus' website without permission. Plaintiff's allegation that the reproduction was done for commercial purposes does not distinguish the nature of the claim from copyright. Ibid. Therefore, the second part of the preemption test is likewise satisfied.

### D. Because Plaintiff's Claims are Completely Preempted by the Copyright Action, Removal Jurisdiction Exists.

Plaintiff's final argument, citing the general rule that a preemption defense does not typically justify removal, ignores the fact that the Copyright Act completely preempts state law claims, thus authorizing removal. *Dielsi v. Falk* (CD CA 1996) 916 F.Supp. 985, 992: "[I]n certain circumstances, 'the preemptive force of [federal law] is so 'extraordinary' that it 'converts an ordinary state common-law complaint into one stating a federal claim for the purposes of the well-pleaded complaint rule. Although there is no Ninth Circuit authority on point, a common law claim preempted by federal copyright law is clearly *completely* preempted under these principles. Congress has clearly

---

[3] Plaintiff's argument that Defendants are not copyright holders (Motion, pp.6-7) is irrelevant for several reasons. First, since the Remand Motion is predicated on facts within the Complaint, Defendants are precluded from describing why their use of the works are authorized under the Copyright Act. Second, the Ninth Circuit in *Laws* stated that whether defendant's use of the works were licensed or contractually authorized is irrelevant to the preemption analysis. *Laws*, supra at 1143.

1  indicated that state-law claims which come within the subject matter of copyright law and

2  which protect rights equivalent to any of the exclusive rights within the scope of federal

3  copyright law . . . should be litigated only as federal copyright claims.; *see also* 28 U.S.C.

4  § 1338 (federal courts have exclusive jurisdiction over copyright claims). Therefore,

5  preempted copyright claims can be removed to federal court." Ibid (internal citations

6  omitted); see also, *Schwarzer, et al* Federal Civil Procedure Before Trial (TRG 2007)

7  Removal Jurisdiction, §2:776-2:776.4.

8        The Ninth Circuit stated in *Laws*:  "Congress explained what the statute made

9  obvious: "[t]he intention of *section 301* is to preempt and abolish any rights under the

10 common law or statutes of a State that are equivalent to copyright and that extend to

11 works, within the scope of the Federal copyright law." *Laws*, at 1137. Plaintiff's claims

12 for right to privacy and publicity under California law, as completely preempted under

13 the Copyright Act, authorize removal jurisdiction.

14 **IV.**

15 **CONCLUSION**

16       Plaintiff's Motion asserts that there is no federal question involved in this case. To

17 the contrary, every material allegation in the Complaint contends that Plaintiff was

18 damaged by Defendant's reproduction and distribution of copyrighted materials.  While

19 the ultimate question of preemption is typically decided on summary judgment rather

20 than a remand motion, Defendants believe preemption can be established as a matter of

21 law from the Complaint.  Thus, the Court can and should dismiss Plaintiff's claims.  In

22 the alternative, if the Court believes further evidence is required, the remand Motion

23 should be denied and the issue of preemption adjudicated on summary judgment motion.

24 Dated:  February 22, 2008           MERRILL, ARNONE & JONES, LLP

25

26            /s/ ROSS B. JONES

           Attorneys for Defendants/Counterclaimants

27

28

9