1    FOLGER LEVIN & KAHN LLP
     Michael A. Kahn (CSB No. 57432, mkahn @flk.com)
2    Joel D. Smith (CSB No. 244902, jsmith@flk.com)
     Embarcadero Center West
3    275 Battery Street, 23rd Floor
     San Francisco, CA  94111
4    Telephone: (415) 986-2800
     Facsimile: (415) 986-2827
5
     Attorneys for Plaintiff
6    Douglas Keane

7    Christopher J. Keane (CSB No. 194848, ckeane@keanelaw.com)
     530 Jackson Street, Second Floor
8    San Francisco, CA 94133
     Telephone: (415) 398-2777
9    Fax: (415) 520-2282

10   Attorneys for Plaintiff
     Douglas Keane
11

12                 UNITED STATES DISTRICT COURT

13              NORTHERN DISTRICT OF CALIFORNIA

14                  SAN FRANCISCO DIVISION

15

16   DOUGLAS KEANE,                          Case No. C 07-06074 EMC

17              Plaintiff,                    **PLAINTIFF DOUGLAS KEANE'S REPLY
                                             IN SUPPORT OF MOTION TO
18        v.                                 REMAND FOR LACK OF SUBJECT
                                             MATTER JURISDICTION.**
19   ATLAS HOSPITALITY GROUP,
     HEDMARK VIII, LLC and WESTLAND          Date:   March 19, 2008
20   FINANCIAL III, LLC and JUSTIN B.        Time:  10:30 a.m.
     MYERS.                                  Place:  Courtroom C, 15th floor
21                                           Judge: Hon. Edward M. Chen
              Defendants.
22

23

24

25

26

27

28

FOLGER LEVIN &
  KAHN LLP
ATTORNEYS AT LAW

## I.    INTRODUCTION

The issue presented by Plaintiff Douglas Keane's motion to remand is straightforward: whether, in light of the "well pleaded complaint" rule and the strong presumption against federal removal jurisdiction, the Defendants can show that the Court nonetheless has jurisdiction on the grounds that the federal Copyright Act completely preempts all state right of publicity claims arising from the misappropriation of an individual's name and image. Defendants cannot meet their burden of establishing a basis for removal jurisdiction, and therefore the Court should remand the matter back to the state court from which it originated.

First, Defendants concede the existence of case law establishing that the Copyright Act does not completely preempt all state right of publicity claims, and instead wrongly shift the focus to whether, under the facts of this case, Mr. Keane's particular claims are preempted. This approach is unavailing, however, because absent complete preemption of state law by the Copyright Act, the ultimate merits of Defendants' preemption defense are irrelevant to the principal issue of whether this Court has removal jurisdiction.

Second, Defendants fail to distinguish Mr. Keane's principal authorities establishing that the Copyright Act does not preempt his state law claims, *KNB Enterprises* and *Downing*. While Defendants urge the Court to apply the same test for preemption that the courts applied in *KNB Enterprises* and *Downing*, Defendants offer no relevant grounds to conclude that the test should come out any differently in this particular case.

Third, Defendants cite no authority directly establishing complete preemption by the Copyright Act. On the contrary, the two principal authorities relied upon by the Defendants, *Laws* and *Fleet*, both ruled that the Copyright Act does <u>not</u> preempt every state right of publicity claim, and specifically stated that no preemption occurs with respect to claims arising from the misappropriation of one's name or image. Thus, Defendants own authorities compel the conclusion that remand is warranted.

1

## II.     ARGUMENT

2

**A.     Defendants Cannot Establish Removal Jurisdiction On The Merits Of Their Preemption Defense Alone, But Instead Must Show Complete Preemption Of State Law Under the Copyright Act.**

3

4      Defendants misapprehend the basic jurisdictional issue before the Court when they assert

5      that the Court's jurisdiction turns on whether Mr. Keane's claims "are preempted as applied to the

6      facts of this case." (Defendant's Opposition To Motion To Remand, p. 3)(hereinafter

7      "Opposition.")  This approach is wrong because a defense of preemption will create removal

8      jurisdiction only with respect to a very limited class of federal statutes that completely preempt <u>all</u>

9      state law claims addressing the same subject matter.  *See Franchise Tax Bd. v. Constr. Laborers*

10     *Vacation Trust*, 463 U.S. 1, 8 (1983).  Absent the presence of "complete" federal preemption,

11     "the fact that preemption might ultimately be proved does not allow removal."  *Ritchey v. Upjohn*

12     *Drug Co*.  139 F.3d 1313, 1319 (9th Cir. 1998).  Thus, for the purposes of establishing removal

13     jurisdiction, Defendants burden is not simply to show that their preemption defense may have

14     some merit (which it does not), but instead to show that the Copyright Act is one of those rare

15     federal statutes that completely preempts state law.

16          Not only have the Defendants failed to meet their burden, but in framing the issue as they

17     have, Defendants contradict the very proposition that they must prove in order to show that

18     removal jurisdiction is proper.  If, as Defendants allege, preemption of state law right of publicity

19     claims is determined on the basis of the facts of the case, then it follows that the Copyright Act

20     does not "completely preempt" all such claims.  Defendants implicitly concede as much in their

21     opposition when they confirm that the court in *KNB Enterprises v. Mathews*, 78 Cal. App. 4th

22     362 (2000), held there was no preemption by the Copyright Act where, as here, the defendant is

23     not the rightful copyright holder.  (Opposition, p. 4.)  In short, under Defendant's own analysis of

24     the law, there is no complete preemption under the Copyright Act and, thus, the Court lacks

25     removal jurisdiction.

26

27

28

1

2

**B.     Defendants Fail To Distinguish *KNB Enterprises* And *Downing*, Both Of Which Establish That The Copyright Act Does <u>Not</u> Preempt State Law Claims Based On Misappropriation Of An Individual's Name And Image.**

3      Conspicuously absent from Defendants' opposition is any straightforward argument as to

4   why the two key preemption cases cited in support of Mr. Keane's motion to remand, *KNB*

5   *Enterprises* and *Downing v. Abercrombie & Fitch*, 265 F.3d 994 (9th Cir. 2001), do not control

6   resolution of the preemption issue in this case.  As here, both *KNB Enterprises* and *Downing*

7   involved state law claims arising from the unauthorized use of an individual's name and/or image,

8   both cases involved copyrighted materials, and both cases held that there was no preemption by

9   the Copyright Act.

10      Ignoring *KNB Enterprises* and *Downing*, Defendants urge the Court to apply the test for

11   preemption, which focuses on: (a) whether the "subject matter" is within the scope of the

12   Copyright Act; and (b) whether California's right to privacy laws are equivalent to those created

13   by the Copyright Act.  (Opposition, pp. 5, 7.)  While Defendants correctly state the elements of

14   the preemption test, they fail to account for the fact that both *KNB Enterprises* and *Downing*

15   expressly applied this same test when they concluded that there was no preemption by the

16   Copyright Act.  *KNB Enterprises*, 78 Cal. App. 4th at 369; *Downing*, 265 F.3d at 1003.  As the

17   court in *Downing* explained when it ruled that the first prong of the test was not satisfied:

18

19

20

21

22

23

24

> The photograph itself, as a pictorial work of authorship, is subject matter protected by the Copyright Act. *See* 17 U.S.C. § 101 . . . . However, it is not the publication of the photograph itself, as a creative work of authorship, that is the basis for Appellants' claims, but rather, it is the use of the Appellants' likenesses and their names pictured in the published photograph.  The Nimmer treatise on copyright law states: '[T]he 'work' that is the subject matter of the right of publicity is the persona, i.e., the name and likeness of a celebrity or other individual.  A persona can hardly be said to constitute a 'writing' of an 'author' within the meaning of the copyright clause of the Constitution.  *A fortiori* it is not a 'work of authorship' under the Act.  Such name or likeness does not become a work of authorship simply because it is embodied in a copyrightable work such as a photograph.'

25   *Downing*, 265 F.3d at 1003-1004 (quoting Nimmer on Copyright § 1.01[B][1][c].)

26      In holding that the second prong of the preemption test was not met, the *Downing* court

27   explained:

28

-4-

1
2
3
4

> The second requirement for copyright preemption as noted above is that the right asserted under state law must be equivalent to the exclusive rights contained in § 106 of the Copyright Act. This requirement also is not met. Because the subject matter of the Appellants' statutory and common law right of publicity claims is their names and likenesses, which are not copyrightable, the claims are not equivalent to the exclusive rights contained in § 106.

5
> *Id*. at 1005.

6    Defendants offer no explanation as to why the preemption test would come out any

7    differently in this case than it did in *KNB Enterprises* or *Downing*. Instead, Defendants

8    vaguely—and wrongly—suggest that because this case does not involve a "broad advertising

9    campaign" like the one at issue in *Downing*, the Court can conclude as a matter of law that the

10   true purpose of Mr. Keane's complaint is to prevent reproduction of copyrighted works. (*See*

11   Opposition, p. 6-7). Yet the distinction that Defendants raise is irrelevant to the core question of

12   whether this Court has subject matter jurisdiction to adjudicate this matter. First, the merits of

13   state right of publicity claims do not turn on the existence of a commercial endorsement, and

14   neither does the preemption analysis. *See KNB Enterprises*, 78 Cal. App. 4th at 366 (no

15   preemption where "plaintiff <u>concedes</u> that defendant did not use the model's photographs in a

16   manner that implied the existence of a commercial endorsement . . . .") (emphasis added); *c.f.*

17   *Eastwood v. Super Ct.*, 149 Cal. App. 3d 409, 419 (1983) ("the appearance of an endorsement is

18   not the *sine qua non* of the claim for commercial appropriation."). Second, even if preemption

19   turned on the factual question of the scope of advertising connected with the appropriation, which

20   it does not, that would again indicate that federal Copyright Act preemption is <u>not</u> complete,

21   requiring the Court to remand the matter to state court for determination of Defendants'

22   preemption defense. *See Pena v. Downey Sav. & Loan Ass'n*, 929 F.Supp. 1308, 1312 (C.D. Cal.

23   1996).

24       C.    **Defendants Own Authorities Establish That The Copyright Act Does Not Completely Preempt State Right of Publicity Claims.**

25   Defendants' reliance on *Fleet v. CBS*, 50 Cal. App. 4th 1911 (1996) and *Laws v. Sony*

26   *Music Entm't Inc*, 448 F.3rd 1134 (9th Cir. 2006) is remarkable given that both cases held that the

27
28

1  Copyright Act does not completely preempt state law right of publicity claims.[1]  While the court

2  in *Laws* ultimately held that the plaintiff's claims were preempted under the facts of that case, the

3  court stated, "not every right of publicity claim is preempted by the Copyright Act.  Our holding

4  does not extinguish common law or statutory rights of privacy . . . ."  *Laws*, 448 F.3d at 1145.

5      Similarly, although the court in *Fleet* held that the Copyright Act bared an actor from

6  using state right of publicity claims to prevent the authorized distribution of a film in which he

7  had performed, the court made clear that it did not overrule longstanding authority that there is no

8  preemption where, as here, the claim arises from the misappropriation of one's name or likeness,

9  as opposed to the distribution of a dramatic or musical performance.  As the court explained:

> In *Eastwood v. Superior Court* [citation omitted] defendant used a
> photograph of the well-known actor Clint Eastwood, along with his
> name and likeness, to sell their newspaper.  <u>Since neither his name
> nor his likeness and image as portrayed in the photograph were
> copyrightable, no issue of preemption arose</u>. The same was true in
> *Abdul-Jabbar v. General Motors Corp.* (9th Cir. 1996) 85 F.3d 407,
> wherein defendants used the name "Lew Alcindor" in a television
> commercial without consent . . . The state law claims in these cases
> were not preempted because it was plaintiffs' image or likeness-and
> not his or her copyrightable dramatic or musical performance-
> which had been appropriated.

16  *Fleet*, 50 Cal. App. 4th at 1921-22 (emphasis added).

17      Despite the courts' statements quoted above, Defendants wrongly imply that *Laws* and

18  *Fleet* stand for the proposition that state law claims are "completely" preempted wherever a

19  plaintiff seeks to prevent a party from exhibiting a copyrighted work containing their name or

20  image, and that the "mere reproduction" of copyrighted works does not give rise to the violation

21  of publicity rights.  Defendants do not, nor cannot, reconcile their erroneous interpretation of

22  *Laws* and *Fleet* with the outcome in *Downing*, where the Ninth Circuit held there was no

---

[1] Despite a wealth of cases addressing the question of whether the Copyright Act preempts right of publicity claims, Defendants also rely on *Facebook Inc. v. ConnectU, LLC*, 489 F.Supp. 2d 1087 (N.D. Cal. 2007) and *National Basketball Ass'n v. Motorola, Inc*., 105 F.3d 841 (2nd Cir. 1997) neither of which involve state law right of publicity claims.  Defendants cite these cases for the proposition that the preemption test does not turn on whether copied elements are independently copyrightable, but instead on whether the "subject matter" is generally within the scope of the Copyright Act.  (Opposition, p.5).  Yet the Ninth Circuit in *Downing* already ruled that "the subject matter of the right of publicity is the persona," and that a persona does not fall within the scope of the Copyright Act.  *Downing*, 265 F.3d at 1003-1004.

1   preemption even though the claim arose from the publication of a copyrighted photograph of the

2   plaintiffs that the defendant had rightfully purchased from the photographer.  *Downing*, 265 F.3d

3   at 1000.  Defendants' interpretation is equally irreconcilable with the outcome in *KNB*

4   *Enterprises*, where the court held there was no preemption where the defendant had "merely

5   reproduced" copyrighted photographs that defendant had taken from an internet service.  *KNB*

6   *Enterprises*, 78 Cal. App. 4th at 366.

7          The reality is that *Downing*, *KNB Enterprises*, *Laws*, and *Fleet* are perfectly consistent

8   with each other.  Whereas *Downing* and *KNB Enterprises* held that there was no preemption

9   because one's name and image are not copyrightable "works of authorship," *Laws* and *Fleet* ruled

10  as they did because the subject matter at issue in those cases—a song recording and an actor's

11  performance in a film—were works of authorship within the meaning of the Copyright Act.

12  *Compare Downing*, 265 F.3d at 1003-1004 *and KNB Enterprises*, 78 Cal. App. 4th at 375 *with*

13  *Fleet*, 50 Cal. App. 4th at 1919 *and Laws*, 448 F.3d 1140-43.

14         In short, contrary to Defendants' theory, the fact that copyrights might be implicated in a

15  case is, alone, insufficient to create preemption under the Copyright Act.  The reason is simple:

16  the "'right to protect the use of [one's] own name and image <u>is separate</u> from the copyright[]

17  interest.'"  *KNB Enterprises*, 78 Cal. App. 4th at 370 (quoting *Hoffman v. Capital Cities/ABC,*

18  *Inc*., 33 F.Supp.2d 867, 871 (C.D.Cal. 1999) (emphasis in original).

19                              III.    CONCLUSION

20         Defendants have failed to provide any authority establishing that removal is proper.

21  Accordingly, Plaintiff asks this Court to remand the matter back to the Superior Court of

22  California, County of Sonoma.

23  Dated: March 5, 2008                      FOLGER LEVIN & KAHN LLP

24

25                                          /s/
                                    Joel D. Smith
26                          Attorneys for Plaintiff and Cross-Defendant
                                    Douglas Keane
27

28  52055\9001\591053.1