1  ROSS B. JONES, SBN 120593
   Merrill, Arnone & Jones, LLP
2  3554 Round Barn Boulevard, Suite 303
   Santa Rosa, California 95403
3  Telephone: (707) 528-2882
   Facsimile:  (707) 528-6015
4
5  Attorneys for Defendants/Counterclaimants
   HEDMARK VIII, LLC and
   WESTLAND FINANCIAL III, LLC
6

7  FOLGER LEVIN & KAHN LLP
   Michael A. Kahn  (CSB No. 57432, mkahn @flk.com)
8  Joel D. Smith (CSB No. 244902, jsmith@flk.com)
   Embarcadero Center West
9  275 Battery Street, 23rd Floor
   San Francisco, CA  94111
10 Telephone: (415) 986-2800
   Facsimile: (415) 986-2827

11 Attorneys for Plaintiff
12 Douglas Keane

13 Christopher J. Keane (CSB No. 194848, ckeane@keanelaw.com)
   530 Jackson Street, Second Floor
14 San Francisco, CA 94133
   Telephone: (415) 398-2777
15 Fax: (415) 520-2282

16 Attorneys for Plaintiff
   Douglas Keane

17
18                          **UNTIED STATE DISTRICT COURT**

19                          **NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DOUGLAS KEANE. | CASE NO. C 07-06074 EMC ECF |
| Plaintiff. | **PLAINTIFF AND DEFENDANTS' JOINT CASE MANAGEMENT STATEMENT** |
| vs. | |
| ATLAS HOSPITALITY GROUP, HEDMARK VIII, LLC and WESTLAND FINANCIAL III, LLC and JUSTIN B. MEYERS. | Date:     March 19, 2008<br>Time:     10:30 a.m.<br>Courtroom:  C |
| Defendants. | |
| _____/ | |
| AND RELATED COUNTERCLAIMS | |
| _____/ | |

1

PLAINTIFF AND DEFENDANTS' JOINT CASE MANAGEMENT STATEMENT     Case C 07-06074 EMC ECF

Pursuant to this Court's Local Rules, plaintiff and defendants/counterclaimants submit this Case Management Statement for the consideration of this Honorable Court.

## I.   JURISDICTION AND SERVICE.

The matter was originally filed in the Sonoma County Superior Court and removed to this Court on November 30, 2007. The parties dispute whether this Court has subject matter jurisdiction. Plaintiff has filed a Motion to Remand, set for hearing on March 19, 2008. Defendants assert that subject matter jurisdiction is based on the Copyright Act, 17 U.S.C. §301.

Venue is proper in the Northern District of California, San Francisco Division because it is the federal court located where the removed state action was pending. 28 U.S.C. §1441(a). Plaintiff and defendants are unaware of any issues concerning venue or personal jurisdiction.

## II.   FACTS

### A.   Statement by Plaintiff

Plaintiff Douglas Keane is the executive chef and owner of Cyrus Restaurant, located in the same building as the Les Mars Hotel in Healdsburg, California. Cyrus Restaurant rents its restaurant space from Defendants Hedmark VIII, LLC and Westland Financial III, LLC, the owners of Les Mars Hotel. In early July 2007, Mr. Keane learned that Defendants authorized and created a sales prospectus offering the Les Mars Hotel for sale, which they distributed to prospective buyers. Mr. Keane also learned that two pages of the sales prospectus featured his name and image to promote the sale of the hotel. On July 13, a representative of Mr. Keane contacted Defendant Atlas Hospitality Group to inquire about the use of his name and image, and to request a copy of the sales prospectus. Plaintiff subsequently obtained a copy of the prospectus, and, upon confirming that it contained his name and image, filed suit in the Superior Court of the State of California, County of Sonoma. Defendants Hedmark VIII, LLC and Westland Financial III, LLC countersued, alleging that the contents of the sales prospectus was a

2
PLAINTIFF AND DEFENDANTS' JOINT CASE MANAGEMENT STATEMENT       Case C 07-06074 EMC ECF

"trade secret" that Mr. Keane wrongly disclosed in his complaint, and that disclosure of the sales prospectus in the complaint constituted interference with prospective business advantage.

### B.  Statement by Defendant

Plaintiff is chef and a part-owner of Cyrus Restaurant, which is located on the first floor of the Hotel and operates under a long-term lease with Hedmark/Westland. Atlas Hospitality prepared a 31-page Confidential Offering Memorandum for the potential sale of the Hotel, which included financial information regarding the Hotel, improvements, and Cyrus Restaurant. Atlas provided the Prospectus to eight qualified prospective buyers that signed Nondisclosure Agreements. The Prospectus itself contained a Confidentiality and Disclosure Statement on its first page. Neither Plaintiff nor the entity that owns Cyrus (Hburg Restaurants, LLC) signed Nondisclosure Agreements or were approached by Atlas as prospective purchasers.

The Prospectus contains truthful information regarding Cyrus Restaurant, consisting solely of previously published restaurant reviews, excerpts from Cyrus' website, and a summary of the lease terms between Westland/Hedmark and Cyrus. Plaintiff, having somehow obtained a copy of the Prospectus, filed suit against Atlas and Hedmark/Westland, alleging that because the published reviews and website excerpts included Plaintiff's name and image, their republication and distribution violated Plaintiff's privacy and publicity rights. Defendants counterclaimed, asserting that Keane acquired the Prospectus through improper means, and intentionally disclosed its contents, despite Defendants' efforts to maintain the confidentiality of the Prospectus.

### III.  LEGAL ISSUES

Plaintiff asserts eight causes of action alleging violations of Calif. Civil §3344 (use of another's name, photograph or likeness for advertising, selling or soliciting purchases of goods or services), and one common law claim for Appropriation of Right of Publicity for Commercial

Purposes. Plaintiff asserts that Defendant's counterclaims are retaliatory suits barred by California Code of Civil Procedure § 425.16, that disclosures made in Mr. Keane's complaint are privileged pursuant to California Civil Code § 47, and that as a matter of law and fact, the hotel sales information was not a trade secret.

Defendants assert that Plaintiff's claims are all preempted by the Copyright Act, that the publication of the prospectus is not a violation of either the statutory or common law claims asserted by Plaintiff, that publication of the prospectus gives rise to a single (rather than eight) claims, and that Plaintiff suffered no damage. Defendants have filed Counterclaims against the Plaintiff, alleging misappropriation of trade secrets and interference with prospective business advantage. Counterclaimant's claims allege that Plaintiff acquired the prospectus through improper means and disclosed the contents and existence of the prospectus.

### IV.  MOTIONS

Plaintiff's Motion to Remand is currently pending before the Court. The hearing is set for March 19, 2008. Plaintiff anticipates filing a motion to strike all counterclaims pursuant to C.C.P. § 425.16 or, in the alternative, motions for judgment on the pleadings pursuant to F.R.C.P. 12(c).

Defendants anticipate filing a Motion to Dismiss seven of the eight statutory claims arising under Civil Code §3344, on the ground that the statute allows only one cause of action arising from distribution of a single publication. Defendants also anticipate filing a Motion for Summary Judgment/Partial Summary Judgment on the grounds that Plaintiff's claims are all preempted by the Copyright Act, and that Plaintiff cannot establish facts constituting violations of the statutory or common law claims asserted in the Complaint.

### V.  AMENDMENT OF PLEADINGS

Plaintiff is conducting research to determine whether it would be appropriate to amend its complaint to reduce the number of causes of action for violations of Civil Code § 3344 from eight, down to either one or two causes of action for violations of Civil Code § 3344.

## VI.   EVIDENCE PRESERVATION

The parties and their counsel have taken affirmative steps to preserve evidence related to the issues presented by the instant action, including but not limited to, those set forth in F.R.C.P. 26(d).

## VII.   DISCLOSURES

The parties exchanged their initial disclosures pursuant to F.R.C.P. 26(a) on February 27, 2008. At this time, the parties do not contemplate seeking special orders regarding additional discovery.

## VIII.   DISCOVERY AND SCHEDULING

No discovery has been taken to date. The parties have not stipulated to any discovery limits differing from the Federal Rules of Civil Procedure at this time. The parties respectfully request that the Court withhold setting deadlines until the Early Neutral Evaluation session is complete and a further Case Management Conference is conducted.

In the event that the Early Neutral Evaluation does not lead to settlement, Plaintiff requests that a further Case Management Conference be scheduled approximately 60 days after the Initial Case Management Conference to set a discovery schedule and trial date.

## IX.   RELIEF

Plaintiff seeks attorneys fees under Civil Code § 3344, statutory damages in the amount of $6000, disgorgement of profits obtained by Defendants, at least $7500 for the fair market value of Plaintiff's services (based on his average appearance fee in 2007), general damages, and punitive damages. Plaintiff also seeks, pursuant to Cal. Civ. Code § 3426.4, all attorney fees incurred by Plaintiff in defending Defendant's bad-faith Uniform Trade Secrets Act claim. Counterclaimant seeks general damages, attorney's fees, and exemplary damages.

## X.   SETTLEMENT AND ADR

Plaintiff has executed a settlement agreement with Defendants Atlas Hospitality Group and Justin Meyers, and anticipates filing a stipulated dismissal of claims with respect to those

defendants the week of March 10, 2008. On February 5, 2008, Hedmark/Westland made a settlement demand to Plaintff/Counterdefendant. On February 12, 2008, Plaintiff extended a settlement demand to Defendants Hedmark VIII, LLC and Westland Financial III, LLC.

The parties have stipulated to Early Neutral Evaluation. No date has been set.

## XI.   CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES

The parties have consented to disposition and trial of this action by a magistrate judge.

## XII.   TRIAL

Plaintiff, Defendants and Counter defendants have demanded a jury trial.

## XIII.   DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS

Plaintiff certifies that other than the parties, the following persons, associations, firms, partnerships, corporations, or other entities other than the parties may have a financial interest in the subject matter in controversy or other interest that could be substantially affected by the outcome of the proceeding: David Mars and Sarah Mars, principals of Defendants Hedmark VIII, LLC and Westland Financial III, LLC.  Plaintiff and Defendants have filed a "Certification of Interested Entities or Persons," as required by Civil Local Rule 3-16.

Dated:  March 12, 2008                                       MERRILL, ARNONE & JONES, LLP

      /s/ ROSS B. JONES
Attorneys for Defendants/Counterclaimants

Dated:  March 12, 2008                                       KEANE LAW FIRM

/s/CHRISTOPHER JAMES KEANE
Attorneys for Plaintiff

Dated:  March 12, 2008                                       FOLGER LEVIN&KAHN, LLP

/s/JOEL D. SMITH
Attorneys for Plaintiff