**LAW+**
Peter Courture (Lic # 90921)    978 Highland Circle, P.O.Box 3692 Los Altos CA 94024
fon (650) 968-8855; fax (650) 968-8885

TO:    COUNSEL OF RECORD FOR CASE No. C07-06074 EMC ENE
Keane vs. Atlas Hospitality Group, et al                    21 March 08

**Folger Levin & Kahn**                          tel +1 415 986-2800
Michael A. Kahn                                  fax +1 415 986-2827
Joel D. Smith
Embarcadero Center West
275 Battery Street, 23rd Floor
San Francisco CA 94111
mkahn@flk.com, jsmith@flk.com

Christopher J. Keane                             tel +1 415 398-2777
530 Jackson Street, 2nd Floor              fax +1 415 520-2282
San Francisco CA 94133
ckeane@keanelaw.com

Brian Leroy Larson                               tel +1 415 398-5000
Law Offices of Brain L. Larsen                   fax +1 415 398-5080
530 Jackson Street 2nd Floor
San Francisco CA 94133
Blarsen5000@yahoo.com

Attorneys for Plaintiff Douglas Keane


**Merrill Armone & Jones LLP**                   tel +1 707 528-2882
Ross B. Jones                                    fax +1 707 528-6015
3554 Round Barn Blvd, Suite 303
Santa Rosa CA 95403
rossjones@majlaw.com
Attorneys for Defendants and Counterclaimants
Hedmark VIII, LLC and Westland Financial III, LLC, et al

Long & Levit LLP                                 tel +1 415 397-2222
Douglas James Melton                             fax +1 415 397-6392
465 California Street, 5th Floor
San Francisco CA 94015
dmelton@longlevit.com
Attoneys for Defendants Atlas Hospitality Group

cc: ADR Unit                                     tel +1 415 522-4100
Claudia Forehand                                 fax +1 415 522-4112
Alice M. Fiel
Alice_Fiel@cand.uscourts.gov
Claudia_Forehand@cand.uscourts.gov

These materials contain information for the sole use of the above identified individual or entity, and may be privileged, confidential, and/or exempt from disclosure under law. Any other use, dissemination, and/or copying is prohibited.  Please notify sender immediately by telephone [650 968-8855] or by fax [650 968-8885] if you are not the intended recipient, and destroy the original and all copies.  Sender will reimburse reasonable phone and fax expenses to do so.    2008 © Courture        [All rights reserved]

Confidential ENE Letter, 03/21/08
Keane vs. Atlas Hospitality, et al, page 2


Dear Parties and Counsel:

I understand from the Clerk's Office that I have been appointed by the District Court to serve as Early Neutral Evaluator in this case under the Court's ENE Program.  I am looking forward to serving you.  In preparing for successful participation, I would appreciate it if you would please review carefully again ADR L.R. 5 which governs this ENE Program.  In addition, to assist you in your considerations, I attach a brief description of my professional experience, as well as the form of confidentiality agreement that may be prudent in this case.

Pursuant to ADR L.R. 5, we need to conduct our preliminary telephone conference with responsible counsel for all parties before the formal evaluation session.  In our preliminary telephone conference, we will cover, among other topics:

(i)     the procedures to be followed;
(ii)    the nature of the case;
(iii)   appropriate dates for the evaluation and the anticipated length of the session;
(iv)    the party representatives who will be present at the session;
(v)     ideas to improve the effectiveness of the session and matters that may pose impediments;
(vi)    requirements for your written statements; and
(vii)   any questions that you may have concerning the ENE program.

I anticipate that our telephone conference will last approximately thirty to sixty minutes.  Although I would like to accommodate your competing needs in setting schedules, I have no administrative support and so must rely upon you to coordinate schedules amongst yourselves.  To complicate matters, I am currently spending most of my time overseas. I expect to be working from Europe for this week and in Asia next week. I therefore encourage you to coordinate amongst yourselves to select a day within the period April 7th to 14th when all necessary counsel can join a call starting around 09h00 PST.  I will do my best to meet your calendar needs. To the extent you can agree on an acceptable day or time, please let me know (by email) your preferences as soon as possible.

Nevertheless, since it is impractical for me to assume the burden of scheduling your various calendars, absent an agreement amongst counsel to a date that is also possible for me, we will have the telephone conference on 14th April 2008, commencing at 09h00 PST.  I hope that if one of the law firms has conference abilities, they will assume the task to arrange the call-in or conference details.  Otherwise, I will set things up with a third party provider.

As you know, under the Court's recent amended order, we need to hold the evaluation session on or before May 15th.  We therefore need to set a session date in the near future.  As mentioned, I am overseas quite a bit these days.  Given the pressures I expect counsel and clients will face between family and work, and in light of the complications of my business travel, we should select our date as soon as possible.

I will try to be as flexible as necessary, subject to your agreement and the constraints we all face.  In order to start the thinking, I propose that we tentatively target 30th April, or the 1st or

Confidential ENE Letter, 03/21/08
Keane vs. Atlas Hospitality, et al, page 3

2nd of May.  I can make myself available in California in this period and encourage you to coordinate amongst yourselves to select one of these dates that the lawyers and clients commit as acceptable.  Absent an agreement beforehand our upcoming call, we will set the date for 1st May.

My conflicts have revealed no actual or potential conflicts of interest under 28 U.S.C. Section 455(a) and (b), and I am not aware of any other circumstance that would impair my impartiality or the appearance of impartiality. In the interests of full disclosure, I suggest that you all review my resume to confirm that you are not aware of facts which, if they were brought to my attention or that of another participant, might lead to a contrary conclusion. I also wish to point out that I have served on the board of two publicly traded companies, Integrated Telecom Express Inc. (delisted from Nasdaq: ITXI) and United Microelectronics Corporation (NYSE: UMC).  I am an active member of senior executive management for UMC, a semiconductor foundry company with headquarters in Taiwan.  I am not aware of any business relationship between these companies and the parties which would raise a conflict, but only mention this history out of an abundance of caution.

In addition, I would like to remind you that the parties must each submit their respective reports at least ten days prior to the in person session.  I therefore encourage you to consult the requirements of the rules, and to begin preparing your submissions. Generally, it is helpful for each party to include, in the required reports, a short description of the essence of their respective position on the disputed issues and on the evidence on those issues.  These descriptions should be in sufficient detail to enable a reasonable intellectual property lawyer to understand and come to an evaluation of your respective infringement, misappropriation and other relevant arguments, as well as of the scope of damages or other relief which might be appropriate.  I suggest that you confer as to exemplary claims or issues which might be the most beneficial to explore in the ENE session. Ultimately, I would appreciate your submission of whatever you feel may be useful in explaining your position, and in convincing me (and the other side) that you have the requisite support to prove your points.

Based on the pleadings and papers to date, this case may present a myriad of issues.  I do not mean to prejudge which, if any, of these issues may ultimately be matters for our evaluation. However, I feel it is useful to illustrate some of the factual and legal detail which you should consider in your upcoming statements.

For example, to the extent a party alleges copyright infringement, the complaining party will need to prepare exhibits showing the copyright registration, the relevant uses in commerce, the allegedly infringing work, and a systematic comparison showing points of similarity, as well as whatever evidence exists (direct and indirect) of likelihood of confusion (and/or reverse confusion).

To the extent a party alleges improper use of name/image, the complaining party will need to show the nature and extent of alleged use.

To the extent a party alleges misappropriation of trade secret, the complaining party will need to identify the secret(s) involved, the measures taken to maintain their confidentiality, the

Confidential ENE Letter, 03/21/08
Keane vs. Atlas Hospitality, et al, page 4

economic value derived from the secrecy, and the nature of the alleged misappropriation (i.e., improper acquisition, use, disclosure, etc.).

Regardless of theory, the complaining parties must also include their indication of the damages and recovery sought (together with the supporting evidence).

The accused parties should include in their written statements the essentials of their defenses, including those facts which they claim demonstrate, for example, fair use, reverse engineering/derivation, lack of protectable subject matter, etc., together with a statement of the dollar volume of sales and profits from the allegedly infringing uses made by it and any entities for which it is responsible.

Of course, if the parties have not yet exchanged some minimum information which would allow a productive session, we need to discuss such an exchange, and perhaps the parties may need to approach the court to resolve any differences ahead of time. Thus, please consider whether you are in a position to prepare for and participate in a meaningful ENE session, or if not, what additional preparation is necessary.

Thank you for your cooperation, and I hope that we will make our sessions very productive and helpful to all.

Yours sincerely,

Peter Courture

# PETER J. COURTURE

**EMPLOYMENT**

Full-time practice in intellectual property (patent, copyright, trademark, mask works, trade secret, and unfair competition) strategy, transactions and litigation. Significant preventive activities include counseling, advice, implementation, transactions and negotiation on behalf of domestic and foreign clients.

| | |
|---|---|
| 2000 -- present | **UNITED MICROELECTRONICS CORPORATION (NYSE: UMC)** |
| | Chief Strategic Officer (Jul01 to date); member of board (Jul01 - Feb04) |
| 1994 -- onward | **LAW+** |
| | General Counsel to UMC, semiconductor foundry in Taiwan |
| 1983 -- 1994 | **WILSON SONSINI GOODRICH & ROSATI** |
| | partner 1986 to 1994 |
| 1979 -- 1983 | **DONOVAN LEISURE NEWTON & IRVINE** |
| | N.Y. (1979-80);  Los Angeles  (1980-83) |

**EDUCATION**

**STANFORD LAW SCHOOL**,  J.D. 1979.
Honors:  Order of the Coif.
**YALE UNIVERSITY**, B.A. Economics, 1976.
Honors:  Phi Beta Kappa (3.9 GPA).

**EXPERIENCE**

Focus on intellectual property, business and technology-related strategy, transactions and disputes, with primary experience in Silicon Valley and Asian marketplace. Expertise includes negotiations and planning, as well as execution and documentation. Additional expertise in both jury and bench trials in patent, trade secret, unfair competition, and contract matters, as well as evidentiary hearings on preliminary injunction and other motions. I have also represented clients in multiple International Trade Commission investigations (19 U.S.C. § 1337), antidumping investigations (Tariff Act of 1930; 19 U.S.C. § 1337), and before the United States Trade Representative (Special 301, 19 U.S.C. § 2242). Past trials include product liability, real estate, family law and energy regulation matters. Since 1994, I have served as General Counsel to United Microelectronics Corp., an approximately USD $3.7B per year (FY2004 sales) semiconductor manufacturer in Taiwan.

Significant reported cases include: <u>Dr. Ing. h.c.F. Porsche A.G. v. Superior Court</u>, 123 Cal. App. 3d 755 (1981) and <u>Computerland Corp. v. Microland Computer Corp</u>., 224 U.S.P.Q. 866 (N.D. Calif. 1984). Prepared amicus brief to U.S. Supreme Court in <u>Consolidated Edison Co. v. Public Service Commission</u>, 447 U.S. 530 (1980). Wrote supplement on attempted monopolization in 1980 ABA Antitrust Law Developments and intellectual property brochure for California State Bar.

Since 1984, I have lectured at and created training programs (including clinical and interactive instruction) in intellectual property and litigation for a variety of audiences, including in industry, for universities (i.e., I am a Stanford Law instructor in their Trial Advocacy Clinical Program), law firm and bar-sponsored settings. Judge Pro Tempore Santa Clara County Superior Court (since 1989); ADR Neutral: US District Court, N.D. Calif., Evaluator (since 1994) & Mediator (since 1998).

**BAR MEMBERSHIPS**

California  (December 1979)  &  New York  (November 1981)
District of Columbia (May 1986; now inactive)